## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| **IN RE SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC. AS OWNERS OF THE BARGE KS 5531, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **ADMIRALTY RULE 9(H)**<br><br>**CIVIL ACTION NO. 3:20-CV-05980 – RV / MJF**<br><br>**SENIOR DISTRICT JUDGE ROGER VINSON** |
| **GSDZ, LLC,**<br><br>    **CLAIMANT.** | |

**THIS PLEADING RELATES TO CIVIL ACTION NOS:**
3:20-CV-05980-RV / MJF
3:20-CV-05981-RV / MJF
3:20-CV-05982-RV / MJF
3:20-CV-05983-RV / MJF

## ANSWER TO COMPLAINT FOR EXONERATION OR LIMITATION OF LIABILITY

AND NOW, specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue its claims in state court pursuant to the Savings to Suitors Clause, 28 U.S.C. §1333, and all state law remedies, Claimant responds to the identical, individual Paragraphs of the Complaints for Exoneration

From or Limitation of Liability filed in 3:20-cv-05980, 3:20-cv-05981, 3:20-cv-05982, and 3:20-cv-05983[1], upon information and belief, as follows:

1.      Admitted only that the Petitioners claim the jurisdiction of this Court for the Limitation of Liability Complaint. It is denied that Petitioners, or any other parties responsible for Claimant's losses, are entitled to any limitation of their liability under Florida, Federal, or Maritime law. It is averred that jurisdiction and venue for the disposition of Claimant's claims against Petitioner and any other party responsible for Claimant's damages is proper in the Circuit Court of the First Judicial Circuit in and for Escambia County, Florida.

2.      Claimant lacks knowledge or information sufficient to form a belief about the truth of these allegations and so, pursuant to Fed.R.Civ.P. 8(b)(5), they are denied. Without waiver of the foregoing, Claimant denies Petitioners' characterization of KS 5531, 460007, CBR 758, AND KS 6011 as a "vessel" as that term applies to 46 USC § 30505 of the Limitation of Shipowners' Liability Act, Supplemental Rule F, or any other basis upon which Defendants' assert admiralty or maritime jurisdiction. Maritime law does not apply. The work platforms at issue in this case are not properly considered "vessels." They are not "used, or capable of

---

[1] Petitioners' Complaints filed in 3:20-cv-05980, 3:20-cv-05981, 3:20-cv-05982, and 3:20-cv-05983, are identical in all respects other than the identifying characteristics of the subject work platforms described therein, which Claimant lacks knowledge or information to challenge.

being used, as a means of transportation on water"; they have no means of self-propulsion and lack other characteristics typically associated with "vessels." These work platforms were wholly engaged in the service of construction, rather than traditional maritime activity. Any use of these work platforms that involves "traditional maritime activity," if there is any, is merely incidental to their design and purpose of serving as work platforms to facilitate bridge and roadway construction, for a company that is engaged in bridge and roadway construction, and not in traditional maritime activities. Moreover, the damage to the bridge, although extremely disruptive to land-based commerce, does not have a potentially disruptive impact on maritime commerce, nor does a substantial relationship exist between Petitioners' negligent conduct in failing to move or safely secure the work platforms and traditional maritime activity. Relatedly, none of the parties are injured seamen. Therefore, maritime law is inapplicable to this case.

3.      The allegations contained in Paragraph 3 are admitted for jurisdictional purposes only. Claimant denies all other allegations contained in this Paragraph to the extent they call for a response.

4.      The allegations contained in Paragraph 4 are admitted for jurisdictional purposes only.

5.      The allegations contained in Paragraph 5 are denied.

6.     The allegations contained in Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.     The allegations contained in Paragraph 7 are denied.

8.     The allegations contained in Paragraph 8 are denied.

9.     The allegations contained in Paragraph 9 are denied.

10.     The allegations contained in Paragraph 10 are denied.

11.     The allegations contained in Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.     The allegations contained in Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.     The allegations contained in Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

## CONCLUSION

The allegations contained in the Prayer for Relief are not statements of fact, but conclusions of law and/or prayers for relief, from which no response is necessary from Claimant. However, if responses be deemed necessary, said allegations are denied.

## DEFENSES[2]

---

[2] To the extent that any defense refers to KS 5531, 460007, CBR 758, and KS 6011 as vessels, such reference does not imply that Claimant admits that these work platforms within the meaning of 46 USC § 30505 of the Limitation of Shipowners'

**FIRST DEFENSE**

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein the KS 5531, 460007, CBR 758, and KS 6011 was operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which led to Claimant's claim herein for any damages it has, or may incur, took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessel involved.

**SECOND DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all relevant times the KS 5531, 460007, CBR 758, and KS 6011 was known by the owner, operator, and/or owner *pro hac vice* to be unseaworthy for, among things, failing to train its operators to follow a proper adverse weather protocol, failing to implement procedures for shutting down and securing its property during strong weather conditions, failing to follow safe work and operational procedures, failing to conduct adequate adverse weather forecasting, failing to properly supervise the work with competent employees, failing to make a proper docking and/or security plan, and failing to provide a competent crew and safe equipment.

**THIRD DEFENSE**

---

Liability Act, Supplemental Rule F, or any other basis upon which Defendants' assert admiralty or maritime jurisdiction. Claimant denies that the work platforms are vessels.

The allegations of the Complaint fail to state a claim upon which relief may be granted.

## FOURTH DEFENSE

The Limitation Fund is inadequate, and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in its Complaint for Exoneration from or Limitation of Liability.

## FIFTH DEFENSE

To the extent Petitioner's insurers attempt to avail themselves of the Limitation/Exoneration defense, Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing that they are entitled to avail themselves of the Limitation of Liability Act.

## SIXTH DEFENSE

The events culminating in Claimant's damages were a result of the negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, all of which was within the privity and knowledge of Petitioners, for which the Complaint in Limitation should be denied.

**SEVENTH DEFENSE**

The events culminating in Claimant's damages were not the result of any negligence, fault or want of due care on Claimant's part or those for whom it may be responsible.

**EIGHTH DEFENSE**

Upon information and belief, there was insurance coverage on the KS 5531, 460007, CBR 758, and KS 6011 insuring Petitioners in the event of an occurrence such as that which is the subject of Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding in the event the Court determines these limitation proceedings are appropriate.

**NINTH DEFENSE**

Claimant reserves the right to contest the appraisal value of the KS 5531, 460007, CBR 758, and KS 6011, including the working platform's structure, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

**TENTH DEFENSE**

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of appurtenances, attachments, equipment, freight and/or cargo aboard KS 5531, 460007, CBR 758, and KS 6011, subject to the control of and/or owned by the Petitioners.

### ELEVENTH DEFENSE

The Complaint should be dismissed as KS 5531, 460007, CBR 758, and KS 6011 was not a "seagoing vessel" within the definition of maritime and/or admiralty law because they were working platforms.

### TWELFTH DEFENSE

The Complaint should be dismissed as KS 5531, 460007, CBR 758, and KS 6011 were engaged in the construction of a bridge or roadway, not in maritime activity.

### THIRTEENTH DEFENSE

Petitioners are barred from seeking the relief sought by the doctrine of judicial estoppel. Petitioners have denied in prior proceedings that maritime law applies to suits by injured employees incident to its construction of the Bridge, and have further invoked the jurisdiction of the of the Circuit Court for Escambia County as a, "court of competent jurisdiction" for determination of contractual claims with subcontractors. Petitioners cannot now take the inconsistent position that this Court has exclusive admiralty jurisdiction over its claims herein.

### FOURTEENTH DEFENSE

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the

allegations, regardless of the nature, manner and extent of its Claim and Answer herein.

## FIFTEENTH DEFENSE

Claimant states that the proceeds of any judgment, award, or settlement which may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

## SIXTEENTH DEFENSE

In filing this Claim and Answer, Claimant specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the Savings to Suitors Clause, 28 U.S.C. § 1333, and all state law remedies. The filing of this Claim and Answer is in no way a waiver of this right and defense and Claimant is not agreeing to join all issues in this proceeding by filing this Claim and Answer.

## SEVENTEENTH DEFENSE

Claimant specifically reserves all rights to pursue all available claims in the forum of its choice for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the Savings to Suitors Clause, 28 U.S.C. §1333, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights.

## EIGHTEENTH DEFENSE

Claimant specifically reserves all rights under the "Personal Contract Doctrine" against Petitioners to defeat its attempt to limit its liability for a failure within its personal control that violated any contract, whether actual or implied, that governs its performance.

## <u>RESERVATION OF RIGHT TO JURY TRIAL</u>

Claimant hereby expressly reserves its right to proceed to a trial before a jury in state court.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on <u>April 20, 2021</u>, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record. I further certify that, on the same day, I mailed, faxed or e-mailed the foregoing document and notice of electronic filing to all attorney(s) of record who are non-CM/ECF participants.

**Respectfully submitted** this 20th day of April, 2021.

**WHIBBS STONE BARNETT, P.A.**
801 W. Romana St., Unit C
Pensacola, FL 32502
Phone: 850.434.5395
Attorneys for Plaintiff

By:_____
☐Ryan M. Barnett, Esq.
FBN: 693707
Primary e-mail:  ryan@whibbslaw.com
Secondary email: darla@whibbslaw.com
☒Charles M. Caldwell, II, Esq.
FBN: 83528
Primary e-mail: chase@whibbslaw.com
Secondary e-mail: sadie@whibbslaw.com