UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC. AS OWNERS OF THE BARGE KS 5331, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § | ADMIRALTY RULE 9(H)<br><br>CIVIL ACTION NO.<br>3:20-CV-05980 – RV/MJF<br><br>SENIOR DISTRICT JUDGE<br><br>ROGER VINSON |

**This Pleading Relates to Civil Action Nos.:**
**3:20-CV-05980-RV/MJF**
**3:20-CV-05981-RV/MJF**
**3:20-CV-05982-RV/MJF**
**3:20-CV-05983-RV/MJF**

**MEMORANDUM OF SKANSKA USA CIVIL
SOUTHEAST INC. AND SKANSKA USA, INC. IN OPPOSITION
TO ALLOWING LATE FILING OF "COMMUTE ONLY" CLAIMS**

The four matters referenced above relate to barges that allegedly damaged the Pensacola Bay Bridge. On December 14, 2020 this Court issued an order requiring that all claims in these cases be filed and served no later than May 3, 2021. Under the Court's order, anyone claiming only economic loss resulting from damage to property in which the claimant did not have a proprietary interest is thus required to file a claim in these proceedings by May 3. This would include anyone who has incurred economic loss in the form of increased commuting expenses.

1

Claimants' counsel suggest a "practical solution to preserve the rights of commute-only claimants," is either: (a) filing a class action within the limitation proceeding, or (b) modifying the Court's requirement that all claims be brought by the deadline set forth in the Court's order of December 14 to allow commute-only claimants to wait until there is a determination of whether the Court has subject matter jurisdiction and whether Skanska is entitled to limit its liability. Claimants' counsel's request is procedurally inappropriate, and neither of the two suggested approaches is permitted by the Limitation of Liability Act and Supplemental Rule F.

**1.    The request for relief via letter is procedurally inappropriate.**

First, application by letter for something of this nature is procedurally inappropriate. If claimants' counsel represent "commute only" clients who for some reason cannot file their claims by May 3, the proper procedure would be to file a motion seeking to extend the time for those named individual clients to file their claims, explaining why additional time is necessary. And if claimants' counsel are making this request on behalf of persons who have not yet retained them and are merely individuals that they hope to eventually represent as clients, they have no standing to make such a request. Moreover, seeking relief for persons that a lawyer does not represent is highly irregular.

**2.      A class action cannot be filed in a limitation of liability proceeding.**

In *Lloyd's Leasing, Ltd. v. Bates*, 902 F.2d 368 (5th Cir. 1990), the court held that a class action is incompatible with a limitation of liability proceeding:

> First, the class action interferes with the concursus contemplated by the limitation of liability proceeding. Under Rule F, all claims must be filed within the monition period or they are barred. A judgment in a limitation proceeding binds the entire world. The notice provisions of Supplemental Rule F are designed to warn potential claimants that they must file their claims within the monition period or lose them. In a class action, on the other hand, an individual may opt out of the class and not be bound by the judgment. The notice provisions of Fed.R.Civ.P. 23 are designed to warn the class members that if they wish not to be bound by the judgment, they must opt out of the class. If the litigants in a limitation proceeding were allowed to opt out and not be bound by the judgment, it would destroy the concursus. Second, the notice requirements of the limitation proceeding are more restrictive than the notice requirements of the class action. Fed.R.Civ.P. 23(c)(2) requires "individual notice to all members who can be identified" and the "best notice practicable under the circumstances" as to all others. Supplemental Rule F(4) also requires individual notice to all "persons asserting claims" but mandates notice by publication as to all others. ***Third, the entire thrust of Supplemental Rule F is that each claimant must appear individually and this is obviously inconsistent with the class action.*** Staring, *Limitation Practice and Procedure*, 53 Tul.L.Rev. 1134, 1150 (1979). In short, "the two rules are incompatible, and class representation in the sense of Rule 23 should therefore not be allowed in limitation proceedings." *Id.*

*Id.* at 370 (emphasis added). *Lloyd's Leasing* has been consistently followed, and there are no cases holding that a class action is permissible in a limitation of liability proceeding. *Gabarick v. Laurin Mar. (America), Inc.*, 2009 U.S. Dist. LEXIS 27180 (E.D. La., January 12, 2009); *In re Ingram Barge Co.*, 2006 U.S.

3

Dist. LEXIS 79403, 2006 WL 5377855, at *1 (E.D. La. Oct. 19, 2006) (striking class allegations pursuant to *Lloyd's Leasing*); *In re River City Towing Servs., Inc.*, 204 F.R.D. 94, 97 (E.D. La. 2001) (same); *Humphreys v. Antillen, N.V.*, 14, 1994 AMC 1794, 1994 WL 682811, at *3 (E.D. La. Jan. 31, 1994).

**3.   "Commute-only" claimants, like all other claimants, are required to file their claims within the time allowed by the Court's order.**

The notion that a certain class of claimants can be exempted from complying with the Court's order is substantively incompatible with the procedure that has been established by Congress in passing the Limitation Act and by the Supreme Court in promulgating the Supplemental Admiralty Rules.

Supplemental Rule F(4) requires a vessel owner seeking limitation of liability to issue a "notice to all persons asserting claims," and to publish that notice "once a week for four weeks prior to the deadline for filing of claims." On December 14, 2020, the Court entered an order requiring Skanska to publish a copy of the notice in the Pensacola News-Journal once a week until the expiration of the time for submission of claims. As per the Court's order, the News-Journal has published the Notice once a week since that time, thus providing notice greatly in excess of what is required by Supplemental Rule F(4).

The notice that has been published once a week for the last four months admonishes "*[a]ny person* having a claim . . . is hereby given notice that all such claims must be filed with the Clerk of this Court no later than . . . May 3, 2021."

(Emphasis added). It further warns that "*[a]ny person* failing to file a claim as set forth above *will be forever barred and permanently enjoined from making and filing any such claims*." (Emphasis added). The order could scarcely be clearer—anyone that has a claim has to file that claim by May 3 or be forever barred from asserting it. As the court stated in *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444, 449 (4th Cir. 1999),

> Under the procedures established both by statute and rule, when the shipowner files a complaint in admiralty to limit its liability for claims arising in connection with its ship and deposits with the court an amount equal to its "interest in the vessel and freight," all claims, except the limitation action, shall "cease," and claimants are required to file their claims in the limitation action.

The Supreme Court addressed the purpose of the notice provisions in *Maryland Casualty Co. v. Cushing*, 347 U.S. 409, 417 (1954):

> Moreover, it is important to bear in mind that the *concursus* is not solely for the benefit of the shipowner. The elaborate notice provisions of the Admiralty Rules are designed to protect injured claimants. They ensure that all claimants, not just a favored few, will come in on an equal footing to obtain a pro rata share of their damages.

Not only have potential claimants been given more than ample formal notice that there was a deadline for filing claims, but only a modern day Rip Van Winkle who has been asleep since Hurricane Sally would not be aware that other people were making claims against Skanska for damage to the Pensacola Bay Bridge, and that there were lawyers actively soliciting representation of anyone

5

who had a similar claim. There have been airplanes flying attorney's advertising banners over beaches and the community. There have been town hall meetings promoted or sponsored by claimant's lawyers. There have been lawyer's ads on social media, television, and print. Furthermore, the alternate route along State Highway 98 and Interstate I-10 has been populated with billboards advertising legal services for people allegedly damaged as a result of the Bay Bridge outage. Accordingly, it is inconceivable that anyone in the greater Pensacola area could not be aware of the right to assert a claim against Skanska.

This is especially true for the "commute only" potential claimants, since the alternate route from Gulf Breeze to Pensacola taken by these individuals passes lawyer billboard ads reminding people that they need to file claims and offering their services to assist in this process, some of which highlight the filing deadline. Supplemental Rule F(4) provides that the time to file may be enlarged "for cause shown," but it is impossible to imagine a group of claimants less able to show cause why they should be allowed to file a belated claim in a limitation proceeding and less deserving of the Court's sympathy than a group of commuters who for months have twice a day driven by billboards reminding them that they needed to file their claims by the submissions date set by this Court.

Indeed, as of the date of the filing of this Opposition, at least 47 claims have been filed for increased commuting expenses.[1] These claimants obviously knew that they needed to make a claim to preserve their rights. Potential claimants who do not file a timely claim have no basis for arguing that they were unaware of what was required of them.

Supplemental Rule F(5) provides that "[i]f a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer." The plain language of this rule requires a claimant who opposes the vessel owner's exoneration to file an answer. Accordingly, if a claimant files a claim in the limitation proceeding but does not file an answer, the vessel owner is entitled to a default judgment against that claimant, and that default judgment would not be subject to attack *ex post facto* if the court later finds that the vessel owner was liable to other claimants. Someone who flouted the court's order and never even filed a claim (such as the putative commute-only claimants proposed by counsel) should not be able to claim greater rights than a claimant who at least filed a claim.

Claimants' counsel attempt to rely on *Moore-McCormack Lines, Inc. v. Richardson*, 295 F.2d 583 (2d Cir. 1961) for the proposition that claimants who

---

[1] Since the spreadsheet attached as Exhibit "A" was prepared, additional "commute-only" claims have been filed.

7

disregard this Court's order and do not file claims in these limitation proceedings will not be precluded from filing claims in the future if limitation is denied. This reliance is misplaced, since *Moore-McCormack Lines* was incorrectly decided.

In *Lloyd's Leasing,* in distinguishing a limitation proceeding from a class action, the Fifth Circuit pointed out that

> A judgment in a limitation proceeding binds the entire world. The notice provisions of Supplemental Rule F are designed to warn potential claimants that they must file their claims within the monition period or lose them.

902 F.2d at 370. The court did not distinguish between claimants who had filed claims and those who had not, or between instances where limitation was granted and where limitation was denied. The traditional view that all potential claimants are bound by the judgment in a limitation proceeding, whatever the result of that proceeding, is supported by the scholarly literature. *See, e.g.,* Staring, *Limitation Practice and Procedure*, 53 Tul. L. Rev. 1134, 1182 (1979) ("[T]he final judgment should, in any event, contain a perpetual injunction against the assertion of claims in relation to the incident or voyage . . . by any person who did not file his claim in the proceeding and consequently did not have it expressly adjudicated in the judgment."); Bender, Matthew, *Benedict on Admiralty*, § 8.01(3) (7th ed. 2007) ("After the deadline established by the court . . . has passed, it is customary for the plaintiff to enter a default, and then judgement on the default, as to all parties who may have claims which have not been asserted in the limitation

8

action. This procedure will protect the vessel owner from additional, late filed claims . . ..).

Any other rule would be inequitable. Claimants' counsel suggest that "commute-only" claimants should be allowed to stay on the sidelines and wait and see if limitation is granted, and then argue that the limitation petitioner is bound by an adverse judgment if the court denies the right to limit. In short, they are asking that they be given even greater rights than a class action plaintiff who has opted out of the class. *Lloyd's Leasing* makes it clear that the judgment in a limitation proceeding "binds the entire world," including potential claimants that have not filed claims. Having been given abundant notice, these potential claimants should be treated like all other claimants, and be required to file their claims or be forever barred, whatever the outcome.

*/s/ Derek A. Walker*
**DEREK A. WALKER**
**Admitted Pro Hac Vice**
**KENNETH H. TRIBUCH**
Florida Bar No. 986887
Harold. K. Watson, Esq.
Derek A. Walker, Esq.
Charles P. Blanchard, Esq.
Jon W. Wise, Esq.
**CHAFFE MCCALL, LLP**
801 Travis, Suite 1910
Houston, Texas 77002
Telephone:  (713) 546-9800
Facsimile:   (713) 546-9806

and

**SCOTT A. REMINGTON**
Florida Bar No. 122483
**JEREMY C. BRANNING**
Florida Bar No. 507016
**CLARK PARTINGTON**
P.O. Box 13010
Pensacola, FL  32591-3010
Telephone: (850) 434-9200
Facsimile: (850) 432-7340

*Attorneys for Skanska USA Civil Southeast Inc. and Skanska USA, Inc.*

10

## **CERTIFICATE OF COMPLIANCE AS TO WORD COUNT**

I hereby certify that, as required by Local Rule 7.1(F), this Memorandum contains 2,151 words, counted as provided in Local Rule 7.1(F).

*/s/Jeremy C. Branning*
**JEREMY C. BRANNING**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the following through the Court's CM/ECF electronic filing system on this 28th day of April, 2021:

Brian Barr, Esq.
Christopher Paulos, Esq.
Levin, Papantonio, Thomas, Mitchell,
Rafferty & Proctor, P.A.
316 South Baylen Street
Pensacola, FL 32502

Bryan F. Aylstock, Esq.
Justin G. Witkin, Esq.
Douglass A. Kreis, Esq.
Neil D. Overholtz, Esq.
Nathan C. Bess, Esq.
Bobby J. Bradford, Esq.
Stephen H. Echsner, Esq.
E. Samuel Geisler, Esq.
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Second Floor
Pensacola, FL 32502
Service E-Mail: Sgeisler@awkolaw.com
nbess@awkolaw.com
sallyteam@awkolaw.com

Thomas F. Gonzalez, Esq.
J. Nixon Daniel, III, Esq. Beggs & Lane, RLLP
501 Commendencia Street
Pensacola, Florida 32502
Service Email: jnd@beggslane.com
tfg@beggslane.com

*Attorneys for Claimants*

　　　　　　　　　　　　　　　　　　　　*/s/Jeremy C. Branning*
　　　　　　　　　　　　　　　　　　　　**JEREMY C. BRANNING**