UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC. AS OWNERS OF THE BARGE KS 5531, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | ADMIRALTY RULE 9(H) <br><br> CIVIL ACTION NO. 3:20-CV-05980 – RV / MJF |
| ANSWER AND AFFIRMATIVE DEFENSES OF CITY OF GULF BREEZE, a Florida municipal corporation <br><br> CLAIMANT, | SENIOR DISTRICT JUDGE ROGER VINSON |

THIS PLEADING RELATES TO
CIVIL ACTION NOS:
3:20-CV-05980-RV / MJF
3:20-CV-05981-RV / MJF
3:20-CV-05982-RV / MJF
3:20-CV-05983-RV / MJF

**ANSWER AND AFFIRMATIVE DEFENSES OF CITY OF GULF BREEZE TO COMPLAINT FOR EXONERATION OR LIMITATION OF LIABILITY WITH RESERVATION OF RIGHTS TO PROCEED IN STATE COURT**

**AND NOW,** specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue their claims in state court pursuant to the Savings to Suitors Clause, 28 U.S.C. §1333, and all state law remedies, Claimant, CITY OF GULF BREEZE, responds to the identical, individual Paragraphs of the Complaints for Exoneration From or Limitation of Liability filed in the Consolidated

Claims, 3:20-CV-05980, 3:20-CV-05981, 3:20-CV-05982, and 3:20-CV-05983, upon information and belief, as follows:

1. Admitted only that the Petitioner claims jurisdiction of this Court for their Limitation of Liability Complaint. It is denied that Petitioner, or any other party responsible for Claimants' losses, is entitled to any limitation of their liability under Florida, Federal, or Maritime law. It is averred that jurisdiction and venue for the disposition of Claimants' claims against Petitioner and any other party responsible for Claimants' damages is more properly suited in the Circuit Court of the First Judicial Circuit in and for Escambia County, Florida.

2. Claimants lack knowledge or information sufficient to form a belief about the truth of these allegations and so, pursuant to Fed.R.Civ.P. 8(b)(5), they are denied. Without waiver of the foregoing, Claimants deny Petitioners' characterization of the construction barges as "vessels" as that term applies to 46 USC § 30505 of the Limitation of Shipowners' Liability Act, Supplemental Rule F, or any other basis upon which Petitioners assert admiralty or maritime jurisdiction. Maritime law does not apply. The construction barges/work platforms at issue in this case are not properly considered "vessels." They are not "used, or capable of being used, as a means of transportation on water"; they have no means of self-propulsion and lack other characteristics typically associated with "vessels." These work platforms were wholly engaged in the service of construction, rather than traditional

2

maritime activity. Any use of these work platforms that involves "traditional maritime activity," if there is any, is merely incidental to their design and purpose of serving as work platforms to facilitate bridge and roadway construction, for a company that is engaged in bridge and roadway construction, and not in traditional maritime activities. Moreover, the damage to the Claimants' property and the bridge itself, although extremely disruptive to the Claimants and land-based commerce in general, does not have a potentially disruptive impact on maritime commerce, nor does a substantial relationship exist between Petitioners' negligent conduct in failing to move or safely secure the work platforms and traditional maritime activity. Relatedly, none of the parties are injured seamen. Therefore, maritime law is inapplicable to this case.

3. The allegations contained in Paragraph 3 are admitted for jurisdictional purposes only. Claimants deny all other allegations contained in this Paragraph to the extent they call for a response.

4. The allegations contained in Paragraph 4 are admitted for jurisdictional purposes only.

5. The allegations contained in Paragraph 5 are denied.

6. The allegations contained in Paragraph 6 are denied.

7. The allegations contained in Paragraph 7 are denied.

8. The allegations contained in Paragraph 8 are denied.

9. The allegations contained in Paragraph 9 are denied.

10. The allegations contained in Paragraph 10 are denied.

11. The allegations contained in Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12. The allegations contained in Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13. The allegations contained in Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

## CONCLUSION

The allegations contained in the Prayer for Relief are not statements of fact, but conclusions of law and/or prayers for relief, from which no response is necessary from Claimant. However, if responses be deemed necessary, said allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein the construction barges, KS 5531, 460007, CBR 758, and KS 6011 were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which led to Claimants' claims herein for any damages it has, or may incur, took place with the privity and knowledge of the

owners, managing owners, owners *pro hac vice*, and/or operators of the vessel involved.

## SECOND DEFENSE

The Limitation of Liability Act is not applicable in the instant case because at all relevant times the construction barges KS 5531, 460007, CBR 758, and KS 6011 were known by the owner, operator, and/or owner *pro hac vice* to be unseaworthy for, among things, failing to train its operators to follow a proper adverse weather protocol, failing to implement procedures for shutting down and securing its property during strong weather conditions, failing to follow safe work and operational procedures, failing to conduct adequate adverse weather forecasting, failing to properly supervise the work with competent employees, failing to make a proper docking and/or security plan, and failing to provide a competent crew and safe equipment.

## THIRD DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted.

## FOURTH DEFENSE

The Limitation Fund is inadequate, and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in its Complaint for Exoneration from or Limitation of Liability.

## FIFTH DEFENSE

To the extent Petitioner's insurers attempt to avail themselves of the Limitation/Exoneration defense, Claimants assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing that they are entitled to avail themselves of the Limitation of Liability Act.

## SIXTH DEFENSE

The events culminating in Claimants' damages were a result of the negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, all of which was within the privity and knowledge of Petitioners, for which the Complaint in Limitation should be denied.

## SEVENTH DEFENSE

The events culminating in Claimants' damages were not the result of any negligence, fault or want of due care on Claimants' part or those for whom it may be responsible.

## EIGHTH DEFENSE

Upon information and belief, there was insurance coverage on the construction barges KS 5531, 460007, CBR 758, and KS 6011 insuring Petitioners in the event of an occurrence such as that which is the subject of Claimants' claims, and the proceeds of said insurance policy should be included in this limitation proceeding in the event the Court determines these limitation proceedings are appropriate.

## NINTH DEFENSE

Claimants reserve the right to contest the appraisal value of the construction barges, KS 5531, 460007, CBR 758, and KS 6011 including the working platforms' structure, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

## TENTH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of appurtenances, attachments, equipment, freight and/or cargo aboard KS 5531, 460007, CBR 758, and KS 6011 the construction barges, subject to the control of and/or owned by the Petitioners.

## ELEVENTH DEFENSE

The Complaint should be dismissed as the construction barges KS 5531, 460007, CBR 758, and KS 6011 were not "seagoing vessels" within the definition of maritime and/or admiralty law because it was a working platform.

## TWELFTH DEFENSE

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of its Claim and Answer herein.

## THIRTEENTH DEFENSE

Claimants state that the proceeds of any judgment, award, or settlement which may be received by Petitioners from any third party in recompense of any losses or

damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

### FOURTEENTH DEFENSE

In filing this Claim and Answer, Claimants specifically reserve all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the Savings to Suitors Clause, 28 U.S.C. § 1333, and all state law remedies. The filing of this Claim and Answer is in no way a waiver of this right and defense and Claimants are not agreeing to join all issues in this proceeding by filing this Claim and Answer.

### FIFTHTEENTH DEFENSE

Claimants specifically reserve all rights to pursue all available claims in the forum of its choice for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the Savings to Suitors Clause, 28 U.S.C. §1333, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights.

### SIXTEENTH DEFENSE

Claimants specifically reserve all rights under the "Personal Contract Doctrine" against Petitioners to defeat its attempt to limit its liability for a failure

within its personal control that violated any contract, whether actual or implied, that governs its performance.

## **RESERVATION OF RIGHT TO JURY TRIAL**

Claimant hereby expressly reserves its right to proceed to a trial before a jury whether in this Court or State Court action.

Respectfully submitted,

*/s/ Thomas F. Gonzalez*
THOMAS F. GONZALEZ
FL Bar #173878
tfg@beggslane.com
J. NIXON DANIEL, III
FL Bar # 228761
jnd@beggslane.com
MARY JANE BASS
FL Bar # 0064858
mjb@beggslane.com
Beggs & Lane, RLLP
501 Commendencia Street
Pensacola, Florida 32502
Office: (850) 432-2451

and

*/s/ E. Samuel Geisler*
BRYAN F. AYLSTOCK, FL Bar # 78263
E. SAMUEL GEISLER, FL Bar # 83817
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Second floor
Pensacola, Florida 32502
Office: (850) 202-1010
Fax: (850) 916-7449

Email Service: sgeisler@awkolaw.com
baylstock@awkolaw.com
sallyteam@awkolaw.com

and

*/s/ Brian H. Barr*
Brian H. Barr FL Bar 493041
Emmanuella J. Paulos FL Bar 99010
Levin Papantonio Rafferty Proctor
Buchanan O'Brien Barr & Mougey, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Tel.: (850) 435-7000
bbarr@levinlaw.com
epaulos@levinlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY** CERTIFY that on this 29th day of April 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record.

/s/ Thomas F. Gonzalez