# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE SKANSKA USA CIVIL SOUTHEAST, INC. AND SKANSKA USA, INC AS OWNERS OF THE BARGE KS 5531 PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | ADMIRALTY RULE 9(H)<br><br>CIVIL ACTION NO.<br>3:20-CV-5980 – RV – MJF |
| CLAIM OF MARILYN WOODBURY, | SENIOR DISTRICT JUDGE ROGER VINSON |
| CLAIMANT _____/ | |

## MARILYN WOODBURY CLAIM AND ANSWER TO SKANSKA COMPLAINT FOR LIMITATION OF LIABILITY

Claimant MARILYN WOODBURY, by and through her undersigned counsel, hereby provides notice to this Court and to SKANSKA USA CIVIL SOUTHEAST, INC. AND SKANSKA USA, INC. ("Skanska") of her claim for damages against Skanska pursuant to the December 14, 2020 Notice to Claimants issued in Civil Action Number 3:20-CV-5984 (Barge KS 6010)[1], now consolidated with this Civil Action Number 3:20-CV-5980-RV-MJF, and pursuant to any other applicable Notice to Claimants issued by this Court.  Claimant's Answer to

---

[1] Claimant reserves the right to pursue any and all other appropriate claims against Skanska if discovery reveals that Claimant's damages were caused by any other barge owned by Skanska.

Skanska's Complaint for Limitation of Liability is included herein pursuant to the subject Notice to Claimants. Claimant states as follows in support:

## CLAIM FOR DAMAGES

1. Claimant is the owner of 585 Windrose Circle, Pensacola, Florida 32507, and resided there when Hurricane Sally made landfall on or about September 16, 2020.

2. At all relevant times Skanska owned and maintained a number of barges in Pensacola Bay.

3. Skanska was aware of the fact that Hurricane Sally would likely make landfall in proximity to Pensacola Bay and substantially affect the Pensacola Bay area prior to making landfall.

4. Skanska had the ability to control and secure its barges in Pensacola Bay and keep them from causing damage to other property, but Skanska negligence disregarded and/or consciously disregarded the risk in the days and hours leading up to Hurricane Sally's landfall.

5. On or about September 16, 2020, Skanska had a duty to secure its barges, but Skanska failed to secure numerous barges that subsequently drifted through Pensacola Bay during the Hurricane Sally event, and those barges collided with and caused damage to other property. Skanska's failure to secure its barges constitutes negligence and gross negligence within its privity and knowledge.

6. Upon information and belief, Claimant alleges that Barge KS 6010 was the likely barge that collided with Claimant's seawall at and adjacent to 585 Windrose Circle, Pensacola, Florida 32507.

7. Skanska's negligence and gross negligence in failing to secure its barges has caused damage to Claimant, including but not limited to damages constituting expenditures of funds to repair and/or replace sections of the damaged seawall

8. All conditions precedent to Claimant's claim for relief have occurred or have been waived.

9. Claimant reserves all rights to any and all available remedies in state court pursuant to 28 U.S.C. §1333, and further reserves the right to a trial by jury in any state court action.

WHEREFORE, Claimant seeks an Order from this Court that would:

a) Allow Claimant to intervene and join in this action;

b) Dismiss Skanska's Complaint for Exoneration and Limitation of Liability;

c) Grant judgment in favor of Claimant, and award damages, costs, pre-judgment interest, and attorney's fees; and

d) Grant any other further relief that this Court deems just and appropriate under the circumstances.

# ANSWER TO SKANSKA'S COMPLAINT FOR EXONERATION AND <u>LIMITATION OF LIABILITY</u>

Claimant, by and through its undersigned counsel, and pursuant to the December 14, 2020 Notice to Claimants and in Civil Action Number 3:20-CV-5984, now consolidated with this Civil Action Number 3:20-CV-5980-RV-MJF, and pursuant to any other applicable Notice to Claimants issued by this Court, hereby submits her Answer to the Skanska Complaint for Exoneration and Limitation of Liability filed in Civil Action Number 3:20-CV-5984, and states as follows:

1. Admitted that Skanska has stated in its Complaint that it is filing pursuant to 28 U.S.C. §1333 and 9(H) of the Supplemental Rules. Claimant reserves all rights to pursue any appropriate future state court action.

2. Admitted that Skanska is the owner of the subject barge. Denied that Skanska is entitled to relief under the Limitation of Liability Act. Claimant is without knowledge of the truth of the remaining allegations in Paragraph 2, and those allegations are therefore denied at this time.

3. Claimant is without knowledge of the truth of the allegations in Paragraph 3, and those allegations are therefore denied at this time.

4. Admitted.

5. Claimant specifically denies that Skanska acted with due diligence. Claimant is without knowledge of the truth of the remaining allegations in Paragraph 5, and those allegations are therefore denied at this time.

6. Admitted.

7. Denied that Skanska acted reasonably. Admitted that Skanska lost control of a number of barges.

8. Admitted.

9. Denied.

10. Denied that Skanska is entitled to the requested exoneration. Claimant is without knowledge of the truth of the remaining allegations in Paragraph 10, and those allegations are therefore denied at this time.

11. Claimant is without knowledge of the truth of the allegations in Paragraph 11, and those allegations are therefore denied at this time.

12. Claimant is without knowledge of the truth of the allegations in Paragraph 12, and those allegations are therefore denied at this time.

13. Claimant is without knowledge of the truth of the allegations in Paragraph 13, and those allegations are therefore denied at this time.

14. Claimant is without knowledge of the truth of the allegations in Paragraph 14, and those allegations are therefore denied at this time.

15. Denied that Skanska is entitled to the requested relief.

16. All allegations not expressly admitted herein are hereby denied.

WHEREFORE, Claimant seeks an Order from this Court that would:

a) Allow Claimant to intervene and join in this action;

b) Dismiss Skanska's Complaint for Exoneration and Limitation of Liability;

c) Grant judgment in favor of Claimant, and award damages, costs, pre-judgment interest, and attorney's fees; and

d) Grant any other further relief that this Court deems just and appropriate under the circumstances.

>/s/ Daniel M. Ewert
>DANIEL M. EWERT
>Florida Bar Number 0658146
>**MOORE, HILL & WESTMORELAND, P.A.**
>Maritime Place | Suite 100
>350 West Cedar Street (32502)
>Post Office Box 13290
>Pensacola, Florida 32591-3290
>Telephone: (850) 434-3541
>dewert@mhw-law.com
>kgraham@mhw-law.com
>*Attorney for Marilyn Woodbury*

## CERTIFICATE OF SERVICE

I, Daniel M. Ewert, hereby certify that on May 3, 2021, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record, specifically:

Kenneth H. Tribuch
Chaffe McCall LLP
801 Travis, Suite 1910
Houston, Texas 77002
tribuch@chaffe.com

>/s/ Daniel M. Ewert
>Daniel M. Ewert