UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN THE MATTER OF IN RE SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC. AS OWNERS OF THE BARGE KS 5531 PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § § | ADMIRALTY RULE 9(H)<br><br><br>CIVIL ACTION NO.<br>3:20-CV-05980 – RV / MJF |

**DIRECT FILING SHORT FORM**

CLAIM IN LIMITATION
JOINDER IN CLAIM AND MASTER ANSWER INTERVENTION AND JOINDER IN
MASTER COMPLAINTS CLAIMANT PROFILE FORM

**Authorized by Order of the Court, Civil Action No. 3:20-cv-05980-RV-MJF, Dkt. No. 7.**

By submitting this document, I am asserting a claim in *In re Skanska USA Civil Southeast Inc. and Skanska USA, Inc., as Owners of the Barge KS 5531 Praying for Exoneration From or Limitation of Liability,* Case No. 3:20-cv-05980-RV-MJF;[1] adopt and incorporate the Master Answer [Dkt. 66      ] and/or intervene into, join, and otherwise adopt the Master Claim [Dkt. # 60 ] for damages arising from barges 460007, CBR 758, KS 6011, and KS 5531, which impacted the Pensacola Bay Bridge.

---

[1] *See* Dkt. No. 7, Notice to Claimants, filed 12/14/2020. To note: all Limitations proceedings were consolidated before Judge Rodger Vinson on February 15, 2021 [Dkt. No. 9]. **This form should be filed with the U.S. District Court for the Northern District of Florida, 100 N. Palafox Street, Pensacola, Florida 32502**, in Civil Action No. 3:20-cv-05980 and with Defense Counsel at the following address: Kenneth H. Tribuch, Chaffe McCall LLP, 801 Travis, Suite 1910 Houston, Texas 77002.

# Short Form Joinder

**IN RE: SKANSKA USA CIVIL SOUTHEAST, INC. AND SKANSKA USA, INC. EXONERATION FROM OR LIMITATION OF LIABILITY**

**DIRECT FILING SHORT FORM**

**Authorized by Order of the Court, Civil Action No. 3:20-cv-05980-RV-MJF, Dkt. No. 7.**

## Claimant Information

Name

Last Name
Thiengtrong

First Name
Anek

Middle Name/Maiden

Suffix

Phone Number
562 499 9150

E-Mail Address
Vince2534@gmail.com

Address
4301 Creighton Rd # 139

City / State / Zip
Pensacola, FL 32504

Is this an Individual Claim or a Business Claim?

    Individual claim

**If this is an individual claim, complete the following:**

Name
Anek Theingtrong

Occupation
Works at Flounders on Pensacola Beach

1

Address
4301 Creighton Rd #139

City / State / Zip
Pensacola, FL 32504

Last 4 digits of your Social Security Number

**If this is a business claim, complete the following:**

Business Name

Type of Business

Address

City / State / Zip

Last 4 digits of your Tax ID Number

## Attorney Information

| | |
|---|---|
| **Attorney Name:** | Joseph A. Zarzaur, Jr. |
| **Firm Name:** | Zarzaur Law, P.A. |
| **Address:** | 100 Palafox Place |
| **City / State / Zip:** | Pensacola, FL 32502 |
| **Phone Number:** | 850 444 9299 |
| **E-Mail Address:** | service@zarzaurlaw.com |

## Claim Type

Claim Type– Other

## Brief Description

2

**1.** Whether you are an individual or business, for earnings/profit loss claims, please include either your annual salary / hourly wage or your annual profit(s) in the two years before Hurricane Sally struck the Gulf Coast on September 16, 2020.

**n/a**

During the March, 18 2021 status and scheduling conference, the Court expressed a preference to complete discovery in complete discovery in two separate phases. Specifically, the first phase of discovery would focus on issues relevant to jurisdiction and the limitation of liability actions. Thereafter, following a trial on these limited issues, the parties would turn to discovery relating to claimaints' damages. To the extent that claimants are still calculating their damages, the calculations and underlying documentation will be the subject of the damages phase of this litigation.

**2.** If you claim lost earnings/profits/income, please state the approximate amount of loss you have experienced since the Pensacola Bay Bridge closed on September 16, 2020.

**Claimant's economic and non economic damages are still growing.**

Claimant claims damages for past and future economic losses as a result of Skanska's negligence. Because the Pensacola Bay Bridge has not yet been repaired, Claimant's economic losses are continuing and will continue in the future beyond the claim deadline until such time as the bridge is repaired and fully operational at the pre-Hurrican Sally level of traffic flow. The aggregate value of claims arising from the bridge outage necessarily exceeds the aggregate value of all barges that Skanska alleges struck the bridge. During the March, 18 2021 status and scheduling conference, the Court expressed a preference to complete discovery in complete discovery in two separate phases. Specifically, the first phase of discovery would focus on issues relevant to jurisdiction and the limitation of liability actions. Thereafter, following a trial on these limited issues, the parties would turn to discovery relating to claimaints' damages. To the extent that claimants are still calculating their damages, the calculations and underlying documentation will be the subject of the damages phase of this litigation. The past economic losses sustained by Claimant are approximate and quantified from September 16, 2020 until the date of the claim deadline.

**3.** If you claim commuting expenses, please state the approximate increase in commuting expenses that you attribute to the Pensacola Bay Bridge Outage.

**n/a**

**4.** If you checked "other" as your claim type, please describe the injury, as well as how and when it was sustained.

On 2/28/2021, at approximately 10:30 PM, Mr. Thiengtrong was driving from Pensacola to his place of work on Pensacola Beach. Because the bridge had collapsed, he had to take the Garcon Bridge route, much like many other drivers. As a result of the massive amount of drivers being diverted to the Garcon Point bridge, traffic was more dense than it ever was before the bridge collapse. Skanska's negligence was the proximate cause of the bridge collapse and was as such the proximate cause of the dense traffic on Garcon Point bridge. Due in part to the density of traffic caused by Skanska's negligence, another car veered into Mr. Thiengtrong's lane and smashed into his car head on. Because the traffic density was so great and because Mr. Thiengtrong never would have been on Garcon Point bridge at the time of the wreck if not for Skanska's negligence, Skanska is responsible for the injuries he suffered.

By signing this form, Claimant agrees to share the information provided above and any accompanying documents with the Defendants in Case No. 3:20-cv-05980-RV-MJF.

/s/ Joseph A. Zarzaur, Jr.
   Claimant or Attorney Signature

Joseph A. Zarzaur, Jr.
   Print Name

May 3, 2021
   Date