UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN THE MATTER OF IN RE SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC. AS OWNERS OF THE BARGE KS 5531 PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § ADMIRALTY RULE 9(H)<br><br>CIVIL ACTION NO.<br>3:20-CV-05980 – LC / HTC |

**AMENDED STATUS REPORT REGARDING LIMITATION TRIAL**
(Amending only Footnote 1 regarding briefing schedule)

Pursuant to the Final Scheduling Order, ECF No. 58, entered by the Honorable Judge Vinson, the limitation trial for these consolidated actions is presently set for September 13, 2021.[1]  Judge Vinson recently recused himself and the case was assigned to the Honorable Judge Walker who ordered the parties to meet and confer and submit a status report on the length of time the trial might take.  *See* ECF No. 944 & 1111.  The cases were then transferred to the Honorable Judge Lacey Collier. *See* ECF No. 1136.

---

[1] Skanska has filed a motion to dismiss claimant claims of economic loss as not cognizable under the Supreme Court case of *Robins Dry Dock*.  Claimants oppose the motion.  Skanska filed its Amended Motion to Dismiss and for Summary Judgment on May 11, 2021, the claimants' deadline to respond is May 26, 2021, and the Amended Motion is set for an oral argument on June 21, 2021 pursuant to the Final Scheduling Order.  (Doc. 58).

1

After a meet and confer, the parties agree that the limitation trial will take between two and three weeks, although the length could change. The parties also discussed whether a September trial date was realistic. Prior to the March 18, 2021 conference with Judge Vinson, Claimants had suggested January 2022 and Skanska had suggested March 2022 as potential trial dates. A September trial date was set as a compromise to Judge Vinson's suggestion of a June 2021 trial. The parties agree now that even a September 2021 trial is unrealistic and impossible to meet in light of the following, *inter alia*: (1) Claimants have only recently propounded requests for production of documents and interrogatories; responses are not due for more than a week; (2) Skanska has not yet propounded written discovery; (3) Skanska has gathered more than 2.0 terabytes of documentation potentially responsive to Claimants' broad discovery; (4) Skanska has identified over 100 potential deposition witnesses if Claimants' discovery requests are taken "verbatim;" and (5) the parties have not been able to reach a final agreement on an ESI order or on Claimants' limitation of the breadth, scope and time frame of Claimants' requests.

A complete production of documents responsive to Claimants' document requests would result in a production of over 2.0 terabytes of data. One terabyte is generally estimated to be the equivalent of 75 million pages of documents. Accordingly, Claimants' current document requests would involve the review and

production of hundreds of millions of pages of documents. This far exceeds what the parties anticipated and would take months to review and produce.

The parties continue to cooperate and meet and confer on solutions to these issues in order to accomplish a timely and more narrowly focused production. However, as the parties work through these issues, trial is approaching without discovery having been started. Given these concerns, the parties **jointly** request that the trial date be continued. Skanska suggests that the setting of a trial date be deferred until the parties have the opportunity to negotiate the scope of production and then determine the amount of time that will be required to obtain and review the document production and to conduct further discovery, including taking depositions.[2] Once this has occurred, the parties will request a scheduling conference to set a trial date and other deadlines.

---

[2] The parties could not agree on the wording of a joint motion but agree that a trial continuance is necessary.

Respectfully submitted,

*/s/ Derek A. Walker*
**DEREK A. WALKER**
**Admitted Pro Hac Vice**
**KENNETH H. TRIBUCH**
Florida Bar No. 986887
Harold. K. Watson, Esq.
Derek A. Walker, Esq.
Charles P. Blanchard, Esq.
Jon W. Wise, Esq.
**CHAFFE MCCALL, LLP**
801 Travis, Suite 1910
Houston, Texas 77002
Telephone:  (713) 546-9800
Facsimile:   (713) 546-9806

and

**SCOTT A. REMINGTON**
Florida Bar No. 122483
**JEREMY C. BRANNING**
Florida Bar No. 507016
**CLARK PARTINGTON**
P.O. Box 13010
Pensacola, FL  32591-3010
Telephone: (850) 434-9200
Facsimile: (850) 432-7340

*Attorneys for Skanska USA Civil Southeast Inc. and Skanska USA, Inc.*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the following through the Court's CM/ECF electronic filing system on this 14th day of May, 2021:

Brian Barr, Esq.
Christopher Paulos, Esq.
Levin, Papantonio, Thomas, Mitchell,
Rafferty & Proctor, P.A.
316 South Baylen Street
Pensacola, FL 32502

Bryan F. Aylstock, Esq.
Justin G. Witkin, Esq.
Douglass A. Kreis, Esq.
Neil D. Overholtz, Esq.
Nathan C. Bess, Esq.
Bobby J. Bradford, Esq.
Stephen H. Echsner, Esq.
E. Samuel Geisler, Esq.
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Second Floor
Pensacola, FL 32502
Service E-Mail: Sgeisler@awkolaw.com
nbess@awkolaw.com
sallyteam@awkolaw.com

Thomas F. Gonzalez, Esq.
J. Nixon Daniel, III, Esq. Beggs & Lane, RLLP
501 Commendencia Street
Pensacola, Florida 32502
Service Email: jnd@beggslane.com
tfg@beggslane.com

*Attorneys for Claimants*

                                                */s/Jeremy C. Branning*
                                                **JEREMY C. BRANNING**