# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

IN RE SKANSKA USA CIVIL
SOUTHEAST INC. AND
SKANSKA USA, INC. AS
OWNERS OF THE BARGE KS 5531, PRAYING FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY

ADMIRALTY RULE 9(H)

CIVIL ACTION NO.
3:20-CV-05980 – RV / MJF

MASTER ANSWER AND
AFFIRMATIVE DEFENSES OF
DIRECT PROPERTY DAMAGE
CLAIMANTS

SENIOR DISTRICT JUDGE
LACEY COLLIER

CLAIMANTS.

## FIRST AMENDED MASTER ANSWER OF DIRECT PROPERTY DAMAGE CLAIMANTS TO COMPLAINTS FOR EXONERATION OR LIMITATION OF LIABILITY

This pleading relates to the Direct Damages Cases consolidated in 3:20-cv-5980, [Doc. 9] and those Complaints subsequently filed. All cases consolidated in 3:20-cv-5980 and filed subsequently are listed below for completeness with a distinction made between limitation actions based on construction barge impact with public or private property and other construction barge impact with the Pensacola Bay Bridge.

This Amended Master Answer incorporates those additional claimants who have previously filed short form joinders and those who may subsequently file short form joinders.

| Type of Claim | Barge # | Case |
|---|---|---|
| Bridge | KS 5531 | 3:20-cv-5980 |
| Bridge | 460007 | 3:20-CV-5981 |
| Bridge | CBR 758 | 3:20-RV-5982 |
| Bridge | KS 6011 | 3:20-CV-5983 |
| Unknown[1] | 450020 | 3:21-CV-00526 |
| Direct | KS 6010 | 3:20-CV-5984 |
| Direct | 470037 | 3:21-CV-0044 |
| Direct | M 8026 | 3:21-CV-0045 |
| Direct | KS 1453 | 3:21-CV-0047 |
| Direct | KS 4004 | 3:21-CV-0048 |
| Direct | KS 4015 | 3:21-CV-0050 |
| Direct | KS 5533 | 3:21-CV-0051 |
| Direct | 460005 | 3:21-CV-0052 |
| Direct | 470027 | 3:21-CV-0053 |
| Direct | KS 6013 | 3:21-CV-0054 |
| Direct | 471205 | 3:21-CV-0055 |
| Direct | M8002 | 3:21-CV-0056[2] |
| Direct | M 8021 | 3:21-CV-0057[3] |
| Direct | U 1511 | 3:21-CV-0058 |
| Direct | U 1506 | 3:21-CV-0060 |
| Direct | U 1505 | 3:21-CV-0061 |

---

[1] The March 26, 2021 Exoneration and Limitation Complaints by Skanska [Cases 521-527] were not originally consolidated under the lead case, 3:21-CV-5980, pursuant to this Court's Order consolidating all claims. This First Amended Master Answer of Direct Property Damage Claimants is filed, in part, to incorporate the Answers of any claimants who may assert a claim based on damage arising from those barges listed in those subsequently filed complaints. Upon information and belief these barges are believed to have caused damage to the fishing pier and the bridge. However, Skanska has not identified any specific point of impact, notice or claimants.

[2] The Skanska Exoneration and Limitation Complaint at 3:21-CV-00056 [Doc. 1] lists Barge KS 6013, however, the three attachments [Doc. 1-1, 1-2 and 1-3] concern Barge M 8002.

[3] The Skanska Exoneration and Limitation Complaint at 3:21-CV-00057 omits Brown and Adams as potential claimants impacted by Barge M 8021, however, it is believed the Brown and Adams claimants were impacted by Barge M8021.

| Direct | M 8033 | 3:21-CV-0062[4] |
| Direct[5] | MCD 360 | 3:21-CV-0063 |
| Unknown[6] | M8030 | 3:21-CV-0521 |
| Unknown | M8015 | 3:21-CV-0523 |
| Unknown | KS 1451 | 3:21-CV-0524 |
| Unknown | M8034 | 3:21-CV-0525 |
| Unknown | 471206 | 3:21-CV-0527 |

**AND NOW,** specifically reserving all defenses asserted herein, including, without limitation, Claimants' right to pursue their claims in state court pursuant to the Savings to Suitors Clause, 28 U.S.C. §1333, and all state law remedies, Claimants respond to the identical, individual Paragraphs of the Complaints for Exoneration From or Limitation of Liability filed in the Consolidated Claims as set

---

[4] The Skanska Exoneration and Limitation Complaint at 3:21-CV-00062 includes Brown and Adams as potential claimants impacted by Barge M 8033, however, it is believed the Brown and Adams claimants were impacted by Barge M8021.

[5] The original Master Answer contained a scrivener's error resulting in the inadvertent omission of MCD 360 from the table of cases and barges consolidated under 3:20-CV-5980, the Lead Case. However, the Short Form Joinder for Direct Damage claimants, included as an Exhibit to the Master Claim for Direct Damages [Doc. 59], did include that barge and case.  This Amended Master Answer is filed, in part, to remedy that omission.

[6] The March 26, 2021 Complaints are unique in that they lack paragraph 8 included in previous exoneration and limitation complaints related to Direct Property Damage.  Paragraph 8 identified the potential claimants, if any, from whom Skanska had received a notice of claim. For that reason, this Amended Master Answer has a superfluous paragraph as to these last 6 Complaints.  To address this numbering discrepancy, the paragraph to which the Claimants are propounding an Answer is identified in each paragraph following number 7 herein.

forth above with respect to direct damage claims, upon information and belief, as follows:

1.     Admitted only that the Petitioner claims jurisdiction of this Court for their Limitation of Liability Complaint. It is denied that Petitioner, or any other party responsible for Claimants' losses, is entitled to any limitation of their liability under Florida, Federal, or Maritime law. It is averred that jurisdiction and venue for the disposition of Claimants' claims against Petitioner and any other party responsible for Claimants' damages is more properly suited in the Circuit Court of the First Judicial Circuit in and for Escambia County, Florida.

2.     Claimants lack knowledge or information sufficient to form a belief about the truth of these allegations and so, pursuant to Fed.R.Civ.P. 8(b)(5), they are denied. Without waiver of the foregoing, Claimants deny Petitioners' characterization of the construction barges as "vessels" as that term applies to 46 USC § 30505 of the Limitation of Shipowners' Liability Act, Supplemental Rule F, or any other basis upon which Petitioners assert admiralty or maritime jurisdiction. Maritime law does not apply. The construction barges/work platforms at issue in this case are not properly considered "vessels." They are not "used, or capable of being used, as a means of transportation on water"; they have no means of self-propulsion and lack other characteristics typically associated with "vessels." These work platforms were wholly engaged in the service of construction, rather than traditional

maritime activity. Any use of these work platforms that involves "traditional maritime activity," if there is any, is merely incidental to their design and purpose of serving as work platforms to facilitate bridge and roadway construction, for a company that is engaged in bridge and roadway construction, and not in traditional maritime activities. Moreover, the damage to the Claimants' property and the bridge itself, although extremely disruptive to the Claimants and land-based commerce in general, does not have a potentially disruptive impact on maritime commerce, nor does a substantial relationship exist between Petitioners' negligent conduct in failing to move or safely secure the work platforms and traditional maritime activity. Relatedly, none of the parties are injured seamen. Therefore, maritime law is inapplicable to this case.

3. The allegations contained in Paragraph 3 are admitted for jurisdictional purposes only. Claimants deny all other allegations contained in this Paragraph to the extent they call for a response.

4. The allegations contained in Paragraph 4 are admitted for jurisdictional purposes only.

5. The allegations contained in Paragraph 5 are denied.

6. The allegations contained in Paragraph 6 are denied.

7. The allegations contained in Paragraph 7 are denied.

8. Claimants admit that Skanska has been sent and has received notices of

claims related to some construction barges and that other claims, including state court complaints, may have been previously filed. All other allegations contained in this paragraph are denied. This paragraph responds to Paragraph 8 of the Complaints asserted in 3:20-CV-5984, 3:21-CV-0044; 3:21-CV-0045, 3:21-CV-0047, 3:21-CV-0048, 3:21-CV-0050, 3:21-CV-0051, 3:21-CV-0052, 3:21-CV-0053, 3:21-CV-0054, 3:21-CV-0055, 3:21-CV-0056, 3:21-CV-0057, 3:21-CV-0058, 3:21-CV-0060, 3:21-CV-0061, 3:21-CV-0062, and 3:21-CV-0063. The Complaints asserted by Skanska in 3:21-CV-0521, 3:21-CV-0523, 3:21-CV-0524, 3:21-CV-0525, 3:21-CV-0526 and 3:21-CV-0527 did not contain this allegation and no answer is necessary.

9. The allegations contained in this paragraph are denied. This paragraph responds to Paragraph 9 of the Complaints asserted in 3:20-CV-5984, 3:21-CV-0044; 3:21-CV-0045, 3:21-CV-0047, 3:21-CV-0048, 3:21-CV-0050, 3:21-CV-0051, 3:21-CV-0052, 3:21-CV-0053, 3:21-CV-0054, 3:21-CV-0055, 3:21-CV-0056, 3:21-CV-0057, 3:21-CV-0058, 3:21-CV-0060, 3:21-CV-0061, 3:21-CV-0062, and 3:21-CV-0063. This paragraph responds to paragraph 8 of the Complaints asserted by Skanska in 3:21-CV-0521, 3:21-CV-0523, 3:21-CV-0524, 3:21-CV-0525, 3:21-CV-0526 and 3:21-CV-0527.

10. The allegations contained in this paragraph are denied. This paragraph responds to Paragraph 10 of the Complaints asserted in 3:20-CV-5984, 3:21-CV-

0044; 3:21-CV-0045, 3:21-CV-0047, 3:21-CV-0048, 3:21-CV-0050, 3:21-CV-0051, 3:21-CV-0052, 3:21-CV-0053, 3:21-CV-0054, 3:21-CV-0055, 3:21-CV-0056, 3:21-CV-0057, 3:21-CV-0058, 3:21-CV-0060, 3:21-CV-0061, 3:21-CV-0062, and 3:21-CV-0063.  This paragraph responds to paragraph 9 of the Complaints asserted by Skanska in 3:21-CV-0521, 3:21-CV-0523, 3:21-CV-0524, 3:21-CV-0525, 3:21-CV-0526 and 3:21-CV-0527.

11.    The allegations contained in this paragraph are denied for lack of sufficient information to justify a belief therein.  This paragraph responds to Paragraph 11 of the Complaints asserted in 3:20-CV-5984, 3:21-CV-0044; 3:21-CV-0045, 3:21-CV-0047, 3:21-CV-0048, 3:21-CV-0050, 3:21-CV-0051, 3:21-CV-0052, 3:21-CV-0053, 3:21-CV-0054, 3:21-CV-0055, 3:21-CV-0056, 3:21-CV-0057, 3:21-CV-0058, 3:21-CV-0060, 3:21-CV-0061, 3:21-CV-0062, and 3:21-CV-0063.  This paragraph responds to paragraph 10 of the Complaints asserted by Skanska in 3:21-CV-0521, 3:21-CV-0523, 3:21-CV-0524, 3:21-CV-0525, 3:21-CV-0526 and 3:21-CV-0527.

12.    The allegations contained in this paragraph are denied for lack of sufficient information to justify a belief therein. This paragraph responds to Paragraph 12 of the Complaints asserted in 3:20-CV-5984, 3:21-CV-0044; 3:21-CV-0045, 3:21-CV-0047, 3:21-CV-0048, 3:21-CV-0050, 3:21-CV-0051, 3:21-CV-0052, 3:21-CV-0053, 3:21-CV-0054, 3:21-CV-0055, 3:21-CV-0056, 3:21-CV-

0057, 3:21-CV-0058, 3:21-CV-0060, 3:21-CV-0061, 3:21-CV-0062, and 3:21-CV-0063.  This paragraph responds to paragraph 11 of the Complaints asserted by Skanska in 3:21-CV-0521, 3:21-CV-0523, 3:21-CV-0524, 3:21-CV-0525, 3:21-CV-0526 and 3:21-CV-0527.

13.    The allegations contained in this paragraph are denied for lack of sufficient information to justify a belief therein.  This paragraph responds to Paragraph 13 of the Complaints asserted in 3:20-CV-5984, 3:21-CV-0044; 3:21-CV-0045, 3:21-CV-0047, 3:21-CV-0048, 3:21-CV-0050, 3:21-CV-0051, 3:21-CV-0052, 3:21-CV-0053, 3:21-CV-0054, 3:21-CV-0055, 3:21-CV-0056, 3:21-CV-0057, 3:21-CV-0058, 3:21-CV-0060, 3:21-CV-0061, 3:21-CV-0062, and 3:21-CV-0063.  This paragraph responds to paragraph 12 of the Complaints asserted by Skanska in 3:21-CV-0521, 3:21-CV-0523, 3:21-CV-0524, 3:21-CV-0525, 3:21-CV-0526 and 3:21-CV-0527.

14.    The allegations contained in this paragraph are denied for lack of sufficient information to justify a belief therein.  This paragraph responds to Paragraph 14 of the Complaints asserted in 3:20-CV-5984, 3:21-CV-0044; 3:21-CV-0045, 3:21-CV-0047, 3:21-CV-0048, 3:21-CV-0050, 3:21-CV-0051, 3:21-CV-0052, 3:21-CV-0053, 3:21-CV-0054, 3:21-CV-0055, 3:21-CV-0056, 3:21-CV-0057, 3:21-CV-0058, 3:21-CV-0060, 3:21-CV-0061, 3:21-CV-0062, and 3:21-CV-0063.  This paragraph responds to paragraph 13 of the Complaints asserted by

Skanska in 3:21-CV-0521, 3:21-CV-0523, 3:21-CV-0524, 3:21-CV-0525, 3:21-CV-0526 and 3:21-CV-0527.

15. The allegations contained in this paragraph are denied for lack of sufficient information to justify a belief therein. This paragraph responds to Paragraph 15 of the Complaints asserted in 3:20-CV-5984, 3:21-CV-0044; 3:21-CV-0045, 3:21-CV-0047, 3:21-CV-0048, 3:21-CV-0050, 3:21-CV-0051, 3:21-CV-0052, 3:21-CV-0053, 3:21-CV-0054, 3:21-CV-0055, 3:21-CV-0056, 3:21-CV-0057, 3:21-CV-0058, 3:21-CV-0060, 3:21-CV-0061, 3:21-CV-0062, and 3:21-CV-0063. This paragraph responds to paragraph 14 of the Complaints asserted by Skanska in 3:21-CV-0521, 3:21-CV-0523, 3:21-CV-0524, 3:21-CV-0525, 3:21-CV-0526 and 3:21-CV-0527.

## CONCLUSION

The allegations contained in the Prayer for Relief are not statements of fact, but conclusions of law and/or prayers for relief, from which no response is necessary from Claimant. However, if responses be deemed necessary, said allegations are denied.

# **AFFIRMATIVE DEFENSES**

## **FIRST DEFENSE**

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein the construction barges were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which led to Claimants' claims herein for any damages it has, or may incur, took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessel involved.

## **SECOND DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all relevant times the construction barges were known by the owner, operator, and/or owner *pro hac vice* to be unseaworthy for, among things, failing to train its operators to follow a proper adverse weather protocol, failing to implement procedures for shutting down and securing its property during strong weather conditions, failing to follow safe work and operational procedures, failing to conduct adequate adverse weather forecasting, failing to properly supervise the work with competent employees, failing to make a proper docking and/or security plan, and failing to provide a competent crew and safe equipment.

## THIRD DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted.

## FOURTH DEFENSE

The Limitation Fund is inadequate, and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in its Complaint for Exoneration from or Limitation of Liability.

## FIFTH DEFENSE

To the extent Petitioner's insurers attempt to avail themselves of the Limitation/Exoneration defense, Claimants assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing that they are entitled to avail themselves of the Limitation of Liability Act.

## SIXTH DEFENSE

The events culminating in Claimants' damages were a result of the negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, all of which was within the privity and knowledge of Petitioners, for which the Complaint in Limitation should be denied.

## SEVENTH DEFENSE

The events culminating in Claimants' damages were not the result of any negligence, fault or want of due care on Claimants' part or those for whom it may be responsible.

## EIGHTH DEFENSE

Upon information and belief, there was insurance coverage on the construction barges insuring Petitioners in the event of an occurrence such as that which is the subject of Claimants' claims, and the proceeds of said insurance policy should be included in this limitation proceeding in the event the Court determines these limitation proceedings are appropriate.

## NINTH DEFENSE

Claimants reserve the right to contest the appraisal value of the construction barges, including the working platform's structure, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

## TENTH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the

value of appurtenances, attachments, equipment, freight and/or cargo aboard the construction barges, subject to the control of and/or owned by the Petitioners.

### ELEVENTH DEFENSE

The Complaint should be dismissed as the construction barges were not "seagoing vessels" within the definition of maritime and/or admiralty law because it was a working platform.

### TWELFTH DEFENSE

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of its Claim and Answer herein.

### THIRTEENTH DEFENSE

Claimants state that the proceeds of any judgment, award, or settlement which may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

## FOURTEENTH DEFENSE

In filing this Claim and Answer, Claimants specifically reserve all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the Savings to Suitors Clause, 28 U.S.C. § 1333, and all state law remedies.  The filing of this Claim and Answer is in no way a waiver of this right and defense and Claimants are not agreeing to join all issues in this proceeding by filing this Claim and Answer.

## FIFTHTEENTH DEFENSE

Claimants specifically reserve all rights to pursue all available claims in the forum of its choice for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the Savings to Suitors Clause, 28 U.S.C. §1333, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights.

## SIXTEENTH DEFENSE

Claimants specifically reserve all rights under the "Personal Contract Doctrine" against Petitioners to defeat its attempt to limit its liability for a failure within its personal control that violated any contract, whether actual or implied, that governs its performance.

## RESERVATION OF RIGHT TO JURY TRIAL

Claimant hereby expressly reserves its right to proceed to a trial before a jury whether in this Court or State Court action.

    Respectfully submitted,

    */s/ Thomas F. Gonzalez*
    THOMAS F. GONZALEZ
    FL Bar #173878
    tfg@beggslane.com
    J. NIXON DANIEL, III
    FL Bar # 228761
    jnd@beggslane.com
    Beggs & Lane, RLLP
    501 Commendencia Street
    Pensacola, Florida 32502
    Office: (850) 432-2451

    and

    */s/ E. Samuel Geisler*
    BRYAN F. AYLSTOCK, FL Bar # 78263
    E. SAMUEL GEISLER, FL Bar # 83817
    Aylstock, Witkin, Kreis & Overholtz, PLLC
    17 East Main Street, Second floor
    Pensacola, Florida 32502
    Office: (850) 202-1010
    Fax: (850) 916-7449
    Email Service: sgeisler@awkolaw.com
                    baylstock@awkolaw.com
                    sallyteam@awkolaw.com

    and

    */s/ Brian H. Barr*
    Brian H. Barr FL Bar 493041
    Emmanuella J. Paulos FL Bar 99010
    Levin Papantonio Rafferty Proctor

Buchanan O'Brien Barr & Mougey, P.A.<br>
316 S. Baylen Street, Suite 600<br>
Pensacola, FL 32502<br>
Tel.: (850) 435-7000<br>
bbarr@levinlaw.com<br>
epaulos@levinlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY** CERTIFY that on this 18th day of May 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record.

/s/ Thomas F. Gonzalez