UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC. AS OWNERS OF THE BARGE KS 5531, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | ADMIRALTY RULE 9(H)<br><br>CIVIL ACTION NO. 3:20-CV-05980<br><br>SENIOR DISTRICT JUDGE LACEY A. COLLIER<br><br>MAG. JUDGE HOPE THAI CANNON |

**CLAIMANTS' OPPOSITION TO SKANSKA'S MOTION FOR LEAVE TO FILE OR ASSERT SUR-SUR REPLY**

Come now, Claimants, represented by the undersigned counsel, to respond in opposition to Plaintiffs Skanska USA Civil Southeast Inc. and Skanska USA, Inc.'s (collectively, "Skanska") Motion for Leave to File or Assert Sur-Sur Reply in Response to Claimants' Request to Amend the Pleadings to Assert a Claim for Intentional Tort. For the foregoing reasons, Claimants respectfully request that the Court deny Skanska's Motion.

1. In the Motion for Leave, Skanska represents that Claimants requested, for the first time, leave to amend their Master Claims in Claimants' Sur-Reply. ECF No. 1190 at para. 6.

2. In actuality, however, Claimants sought leave to Amend their Master Claims, in the alternative, within Claimants' Opposition to Skanska's Amended

1

Motion to Dismiss for Failure to State a Claim that was filed on May 26, 2021. ECF No. 1171 at p. 33.

3. Skanska also mischaracterizes Claimants' position as set forth both in Claimants' Opposition and Claimants' Sur-Reply by implying that Claimants did not state an intentional tort claim. In both instances, however, Claimants sought only leave to amend, **in the alternative,** should the Court be inclined to find that an intentional tort has not been set forth. *See* ECF No. 1184 at p. 4. ("However, should the Court find that an intentional tort cannot be stated without setting it forth as a labeled count separate from the gross negligence count, Claimants respectfully request the opportunity to amend their master claims accordingly.") **Claimants maintain their position that they have adequately pled an intentional tort claim**.

4. To the extent that Skanska seeks to oppose Claimants' request, in the alternative, for leave to amend, Skanska was afforded ample opportunity to do so in their June 2, 2021 Reply. ECF. No. 1179.

5. This morning, Skanska's counsel asked the undersigned counsel for the first time whether Claimants would object if Skanska were to file leave to file a sur-sur reply.

6. Claimants' counsel responded in short order and advised Skanska Counsel that Claimants **do** object to Skanska's Motion for Leave based on several

reasons beyond the fact that Skanska's Motion for Leave mischaracterizes Claimants' repeated requests, in the alternative, for leave to amend.

7. Skanska's Motion for Leave was made on the evening of the Friday before the parties are set to argue the underlying Motions before the Court next Monday morning. Granting Skanska's request for leave to file its sur-sur reply would leave virtually no time for the Court or Claimants to review and prepare for whatever Skanska intends to raise. This would amount to significant prejudice to Claimants' ability to prepare for Monday morning's oral arguments.

8. Amplifying that prejudice would be the fact that Claimants would have to wait for, and then prepare for, whatever Skanska intends to raise in their sur-sur reply, which distracts the Court and Claimants from ongoing efforts to prepare for Monday morning's oral arguments.

9. Given that Claimants' Sur-Reply was filed a week before on June 11, 2021, Skanska provides the Court no explanation for its decision to wait until the night of June 18, 2021 to seek leave to file a sur-sur reply.

10. Finally, Claimants disagree that any new issues were raised in their Sur-Reply, as shown above.

WHEREFORE, Claimants represented by the undersigned law firms, respectfully request that this Court deny Skanska's request for leave to file a sur-sur reply in relation to Skanska's Motion to Dismiss.

*/s/ Brian H. Barr*
BRIAN H. BARR, FL Bar 493041
EMMANUELLA J. PAULOS, FL Bar 99010
Levin Papantonio Rafferty Proctor
Buchanan O'Brien Barr & Mougey, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Office: (850) 435-7000
bbarr@levinlaw.com
epaulos@levinlaw.com

and

*/s/ E. Samuel Geisler*
E. SAMUEL GEISLER, FL Bar # 83817
BRYAN F. AYLSTOCK, FL Bar # 78263
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Second floor
Pensacola, Florida 32502
Office: (850) 202-1010
Fax: (850) 916-7449
sgeisler@awkolaw.com
baylstock@awkolaw.com
sallyteam@awkolaw.com

and

*/s/ Thomas F. Gonzalez*
THOMAS F. GONZALEZ, FL Bar #173878
J. NIXON DANIEL, III, FL Bar # 228761
Beggs & Lane, RLLP
501 Commendencia Street
Pensacola, Florida 32502
Office: (850) 432-2451
tfg@beggslane.com
jnd@beggslane.com

Attorneys for Claimants

4

## **CERTIFICATE OF SERVICE**

**I HEREBY** CERTIFY that on this 18th day of June, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record.

*/s/ Brian H. Barr*