UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC., AS OWNERS OF THE BARGE KS 6013, | : : : : | In Admiralty  Cases all consolidated with |
| PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | : : | 3:20-cv-5890-RV-MJF |

**THE UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO SKANSKA'S OBJECTION TO DISCOVERY ORDER NO. 2**

**INTRODUCTION**

The United States of America submits this Response in Opposition to Skanska's Objection to Magistrate Judge Cannon's Discovery Order No. 2. *See* ECF 1201. On June 19, 2021, after receiving numerous briefs and hearing oral argument on the issues, Magistrate Judge Cannon denied Skanska's Motion to Compel which sought to force the United States and the other claimants to substantively respond to parts of Skanska's voluminous discovery requests. *See* ECF 1192. In the Order, Magistrate Judge Cannon found Skanska's discovery requests were both irrelevant to the claims and issues in the case, and also unreasonably burdensome as they were not proportionate to the needs of the case. Skanska has filed an Objection to the Magistrate Judge's Order attacking only the finding of irrelevancy. Skanska's failure to timely object to the other independent ground for denial of its Motion means that the Objection is moot and should be denied. In addition, Skanska has failed to demonstrate that the Court's Order was clearly erroneous or contrary to the law, and should be denied.

**ARGUMENT**

1. THE STANDARD OF REVIEW.

Skanska's Objection is devoid of a standard of review for the Court. The Objection is made pursuant to Fed. R. Civ. P. 72(a) which states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

As a non-dispositive order on discovery, the District Court's review of a Magistrate Judge's Order is to determine if that Order is not clearly erroneous or contrary to the law. *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1259–60 (M.D. Fla. 2013). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id*. at 1260 (*citing United States v. United States Gypsum Co*., 333 U.S. 364, 395 (1948)). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Id.* (citing *S.E.C. v. Kramer*, 778 F.Supp.2d 1320, 1326–27 (M.D. Fla. 2011)).

The standard to be applied by the District Court to the Magistrate Judge's ruling on a non-dispositive motion is highly deferential. *Wentz v. Veritas*, No. 6:17-cv-1164 ORL-18-GJK, 2019 WL 11504451, at *2 (M.D. Fla. Apr. 29, 2019). And, therefore, the burden on Skanska to overturn the Order is exceptionally challenging to meet. *See Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs*., 122 F. Supp. 2d

1335, 1337 (M.D. Fla. 2000). Skanska's Objection does not come close to meeting that standard.

In its Objection, Skanska argues that the Order regarding discovery is dispositive of the question of liability, stating the Order "precludes Skanska from ever obtaining evidence necessary to present the defense that it was reasonable in its anticipation of the severity of Hurricane Sally, this order is essentially a ruling on the merits of Skanska's defense." *See* ECF 1201 at 5.  Of course, it is no such thing. At trial Skanska is to be judged by whether its actions as a maritime construction contractor were reasonable given what it knew from available sources about the path of Hurricane Sally in the days leading up to it making landfall. Nothing about this Order deprives it from presenting that evidence and making that argument.

2. SKANSKA FAILED TO OJBECT TO THE ORDER ON THE GROUNDS OF PROPORTIONALITY.

Magistrate Judge Cannon's Order ruled that Skanska's discovery was improper for two independent reasons—1) relevancy; and 2) proportionality. In evaluating the latter point, Magistrate Judge Cannon cited the appropriate standard under Rule 26, and found that "(g)iven "the minimal potential relevance of the requested [discovery]," the Court finds it "is not proportional to the needs of this case." *See* ECF 1192 (internal citations omitted). Skanska does not challenge that independent basis for denying its Motion to Compel. *See Rhiner v. Sec'y Fla. Dept. of Transp.*, 817 Fed. Appx. 769, 779-80 (11th Cir. 2020) (failure to timely raise means waiver of right to challenge). Therefore, even if the Court finds that the Order is clearly erroneous or contrary to law as to the issue of relevancy, this other basis for denying the discovery remains, making the Objection moot.

3. SKANSA HAS FAILED TO MEET ITS BURDEN OF SHOWING THAT THE MAGISTRATE JUDGE'S ORDER WAS CLEARLY ERRONEOUS OR CONTRARY TO LAW.

As noted, nowhere does Skanska specifically state that it is challenging Magistrate Judge Cannon's Order on either the "clearly erroneous" or "contrary to law" basis. However, based on the text of the Objection, including the sentence "Magistrate Judge Cannon erroneously concluded that this information was not relevant to Skanska's defenses in this matter" one can assume that it was the former. *See* ECF 1201 at 1. Skanska has not proven that the Order was clearly erroneous, all that it has done has demonstrated that Skanska disagrees with Magistrate Judge Cannon's otherwise well-reasoned articulation of the law and its application to the facts of this discovery dispute. Skanska made the same arguments already before the Court and they were deemed insufficient. Nothing has changed.

Essentially, as to the government, Skanska is attempting through this discovery to compare its behavior as a maritime construction contractor with 55 barges located in the middle of Pensacola Bay to the Navy's actions in boarding up windows at the Navy Exchange miles inland. Equally inapposite, it is seeking voluminous information about the sortieing of Navy aircraft inland from Naval Air Station Pensacola.

As pointed out in the United States' letter brief to Magistrate Judge Cannon and cited in the Court's Order, the Navy lacks any barges or afloat assets located at Naval Air Station Pensacola. *See* ECF 1192 at 5. Further, the United States did not lose control of any of its afloat (or ashore) assets leading to damage on private property. The only afloat assets located at Naval Air Station Pensacola belong to the United States Coast Guard, and they are self-propelled, manned, and mission-ready at all times. *Id*. The condition of

4

these USCG vessels is obviously categorically different than Skanska's unmanned and unprepared construction barges. Any comparisons are completely inappropriate.

Skanska had access to the same publically available weather information from the National Oceanic and Atmospheric Administration and commercial weather providers that everyone in Pensacola had. It is the reasonableness of Skanska's decisions as a construction company, based on such available information that is at question. The United States' decisions about preparations are not at issue here and should not serve as a benchmark for Skanska.. The United States' analogy in its letter brief remains apt: You are stopped at a traffic light waiting for it to change and a Skanska truck rear ends you because its brakes failed due to apparent poor maintenance practices. You sue Skanska and in discovery it sends you requests asking for information on how you maintained your brakes saying it is relevant to Skanska's duty of care in maintaining its brakes.

It is akin to using discovery to blame the victim. Skanska will be well able to prove a defense of the reasonableness of delay, if meritorious, with reference to generally available weather information. Its present "over-the-top" discovery is an effort to derail the claimants from preparing for the rapidly approaching trial and completely unnecessary. Nothing, in Skanska's Objection changes the soundness of Magistrate Judge Cannon's decision.

**CONCLUSION**

For the above-stated reasons the United States requests the Court deny Skanska's Objection.

DATED: July 9, 2021

        Respectfully submitted,

        VARU CHILAKAMARRI
        Assistant Attorney General
        U.S. Department of Justice, Civil Division

        JASON R. COODY
        Acting United States Attorney
        Northern District of Florida

        /s/ ROBERT KELLY
        THOMAS BRIGHT
        ROBB HYDE
        ROBERT KELLY
        Trial Attorneys
        Torts Branch, Civil Division
        U. S. Department of Justice
        P.O. Box 14271
        Washington, D.C. 20044-4271
        (202) 616-4046
        thomas.j.bright@usdoj.gov
        robb.hyde@usdoj.gov
        Robert.Kelly@usdoj.gov

        Attorneys for Claimant
        UNITED STATES OF AMERICA

## CERTIFICATION

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. Notice has been sent using that system to all counsel of record.

        /s/ Robert Kelly