IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC. AS OWNERS OF THE BARGE KS 5531, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY. | ADMIRALTY RULE 9(H)<br><br>CIVIL ACTION NO. 3:20-CV-05980 – LC / HTC<br><br>SENIOR DISTRICT JUDGE LACEY COLLIER<br><br>MAG. JUDGE HOPE THAI CANNON |

NON-USA CLAIMANTS' RESPONSE IN OPPOSITION TO SKANSKA'S OBJECTION TO DISCOVERY ORDER NO. 2

INTRODUCTION

Skanska waited until the last minute to file its objection to Judge Cannon's June 19, 2021 Discovery Order, despite Judge Cannon's efforts to expedite discovery in order to ensure the parties were prepared for a fast-approaching September trial. Within its objection, Skanska mischaracterized both discovery to date as a "one-way street" and the Order as "essentially a ruling on the merits of Skanska's defense." ECF N. 1201 at 5 and 10.[1] Skanska also inaccurately criticizes the Court for having been "extremely liberal in the breadth and scope of the discovery allowed to Claimants." *Id*. at 5. Skanska next claims, without supporting

---

[1] Skanska has received responses to the remaining discovery requests that it served upon nearly 1,000 claimants—regardless of their proximity to the waterfront.

authority, that its conduct "must be viewed in light of what the community expects the weather to be." Skanska's Objection, ECF N. 1201 at 5. Most illuminating, however, is Skanska's demand for a *tit-for-tat* treatment of discovery, *id*. at 10, which finds no support in either case law, the Federal Rules of Civil Procedure or the District Court's Local Rules.

In sum, Skanska has twice failed to demonstrate the relevance or proportionality of its expansive, burdensome requests directed at Claimants' conduct in relation to activities leading up to Hurricane Sally and hurricanes past.[2] More importantly, Skanska has failed to show that Judge Cannon's Order is clearly erroneous or contrary to the law, under Fed. R. Civ. P. 72(a).

## ARGUMENT

**I.   Skanska Mischaracterizes the Scope of Discovery for Its Limitation of Liability Act Petitions**.

As Judge Cannon confirmed, Fed. R. Civ. Proc. 26(c) defines the scope of discovery as "any nonpriviledged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Order, ECF. N. 1192 at 2. Skanska leaves no doubt that *The Louisiana* presumption applies, ECF. N. 1201 at 2, which operates to hold Skanska "presumptively liable for damages 'unless it can

---

[2] In the interest of efficiency, Claimants represented by the undersigned counsel adopt the Standard of Review section set forth in the USA's Response in Opposition to Skanska's Objection to Discovery Order No. 2. ECF N. 1203 at p. 2-3.

show affirmatively that the drifting was the result of an inevitable accident, or a *vis major*, which human skill and precaution and a proper display of nautical skill could not have prevented.'" Order, ECF. N. 1192 at 3 (citing *Petition of U.S.*, 425 F.2d 991, 995 (5th Cir. 1970); *The Louisiana*, 70 U.S. 164, 173 (1865)). Relevance, then—and therefore the scope of discovery—relates to Skanska's ability to meet its heavy burden of "proving an inevitable accident or Act of God." *Id*. (citing *Boudin v. J. Ray McDermott & Company*, 281 F.2d 81, 88 (5th Cir. 1960); *The Lackawanna*, 210 F. 262 (2d Cir. 1913); *Massman-Drake v. Towboat M/V Hugh G. Blaske*, 289 F.Supp. 700 (E.D. La., 1968)). Skanska concedes that the "standard of reasonableness is that of prudent men familiar with the ways and vagaries of the sea," ECF. N. 1201 at 2. As established by this Court in *Bunge v. Freeport*, Skanska demonstrates that a collision was an inevitable accident upon a showing that "every prudent measure, consistent with ordinary seamanship, has been adopted, and carried into effect by the vessel proceeded against." Order, ECF. N. 1192 at 4 (citing 3:97-cv-240-LC (N.D. Fla. Sept. 14, 1999)). Claimants' activities leading up to Hurricane Sally and hurricanes past have no bearing on Skanska's ability to overcome its heavy burden.

> II. **Skanska Still Cannot Demonstrate the Proportionality—Much Less the Relevance—of Its Objected-to Discovery Requests Subject to Discovery Order No. 2**.

First, as the USA demonstrated, Skanska failed to object to Discovery Order No. 2 on the grounds of proportionality, leaving the Court's Ruling on this ground unchallenged and making any future response from Skanska on this ground untimely.  *See* ECF N. 1203, p. 3.  Nevertheless, Skanska wholly fails to establish the relevance of its discovery requests that are subject to Judge Cannon's ruling.  As Judge Cannon rightly recognized, "[t]he fact that some of the Claimants may have owned one or more personal use watercrafts or lived on waterfront property does not necessarily make any of the Claimants "prudent men [or women] familiar with the ways and vagaries of the sea" or "other persons of nautical skill".  Order, ECF. N. 1192 at 4 (citing *Fischer v. S/Y NERAIDA*, 508 F.3d 586, 594 (11th Cir. 2007).  Skanska, as the sole design-build firm with responsibility for the more than $400 million dollar Pensacola Bay Bridge rebuilding project, comprised the sole entity with responsibility to control the fifty-five barges that filled Pensacola Bay leading up to Hurricane Sally.  Skanska puts forth no evidence that even a single claimant had control over even <u>one</u> barge in the lead up to the storm.  Claimants' pre-Sally hurricane preparedness activities do not have any relation to the reasonableness of Skanska's conduct.

Moreover, Skanska takes great liberties with the "under the same circumstances" language in *The Louisiana*.  Order, ECF. N. 1192 at p. 5 (citing language from *The Louisiana*, 70 U.S. at 74 in which negligence was found based,

in part, on "other persons of nautical skill-disinterested witnesses in this case-found no difficulty in securing their vessels at the same place, and under similar circumstances"). While the non-USA Claimants defer to the USA's response to Skanska's Objection as it applies to the USA's position, ECF. N. 1203, it is hard to imagine how the non-USA Claimants represented by the undersigned counsel could have been in more different circumstances in relation to Hurricane Sally than a self-described "world leading project development and construction group." Order, ECF. 1192 at 4 and n. 4. What a claimant did, or did not do, in relation to Hurricane Sally and hurricanes past bears on no issue to be determined through the Limitation of Liability Act trial. The only reasonable conclusion, then, is these requests are burdensome for the sake of being burdensome.

### III. The Authority Put Forth by Skanska Strongly Supports Upholding Discovery Order No. 2.

As Judge Cannon correctly observed of the case law put forth by Skanska: "Indeed, in *Petition of U.S.*, *Fischer*, and *Bungee*, the courts determined whether the vessel owner was exonerated from liability based on a vis major **by considering expert testimony** about whether the vessel owners' conduct was reasonable." Order, ECF N. 1192 at 5 (emphasis added). Skanska's objection provides still more support to uphold Judge Cannon's Discovery Order No. 2.

Contrary to Skanska's position, District Judge Casey Rodgers' opinion in *Hatt 65, LLC v. Kreitzberg*, 2009 WL 3163220 (N.D. Fla. Sept. 30, 2009) does not stand

for the proposition that a vessel owner's actions in securing a vessel "must be viewed in light of what the community expects the weather to be." Skanska's Objection, ECF N. 1201 at 5. This baseless claim represents a giant, unsupported leap taken by Skanska in the stark absence of any such discussion. Moreover, Judge Rodgers specifically relied on the uncontroverted expert testimony on "standards of prudent seamanship" and meteorology. *Kreitzberg*, 2009 WL 3163220 at *8 ("Applying the Louisiana rule, after **Kreitzberg demonstrated the reasonableness of his conduct through uncontradicted expert testimony**, successfully rebutting the presumption, Hatt 65 had to do more than assert res ipsa loquitur to prevail.") (emphasis added). *Kreitzberg* also involved two similarly-sized, closely moored pleasure crafts, *Id*. at *2. The Eleventh Circuit affirmed Judge Rodgers' ruling, noting in particular the lower court's reliance on uncontroverted expert testimony in combination with fact witness testimony. *Hatt 65, LLC v. Kreitzberg*, 658 F.3d 1243 (11th 2011).

*Kreitzberg*, then, provides no support for Skanska's position that it—as the world's 5th largest construction firm—is entitled to closely canvass the hurricane preparedness plans and experience for nearly 1,000 claimants in order to extract some abstract "community" expectation in relation to the reasonableness of Skanska's conduct in relation to its 55 construction barges leading up to Hurricane Sally. If Skanska plans to advance a position that Hurricane Sally made a last-minute, rushed reversal of course, it certainly may attempt to do so as Kreitzberg

did—through the testimony of a meteorological expert. Judge Cannon's Discovery Order No. 2 creates no impediment to Skanska's ability to do so.

Skanska next turns to <u>publically available</u> media reports and press reports to imply that the weather reports relied upon by the NASP and Escambia County were inaccurate. Left unexplained is 1) how or why this information helps Skanska to meet its heavy burden of "proving an inevitable accident or Act of God," and 2) how or why the non-NASP claimants' knowledge and actions advance the "standard of reasonableness is that of prudent men familiar with the ways and vagaries of the sea." While Skanska at first refuses to submit that "the securing of a small boat is analogous to one of Skanska's barges," it nevertheless demands information for vessels of all shapes, sizes, and functions, **to preserve for itself its own determination of whether the vessels are comparable**. ECF N. 1202 at p. 9. Rest assured, no claimant took on the obligation to control 55 separate construction barges. That distinction lies with Skanska and Skanska alone.

## IV.   The Conduct at Issue is Skanska's, Not that of Claimants.

"It is not the Claimants' or the US Navy's conduct that are at issue; it is Skanska's, and nothing in the cases relied upon by Skanska changes that fact." Order, ECF N. 1192 at 5. Judge Cannon's statement remains accurate even after Skanska took two weeks to find supportive case law. After all, Skanska has only been able to muster authority that bolsters the Court's Order, such as *Kreitzberg*. As

Judge Cannon emphasized, the Eleventh Circuit, in *Fischer v. S/Y NERAIDA*, makes clear that the conduct at issue in a matter involving the *Louisiana* presumption is the conduct of the moving vessel subject to the presumption.  Order, ECF N. 1192 at p. 6 (508 F.3d 586, (11th Cir. 2007)).[3]  In this matter, then, the conduct at issue is that of Skanska.

## CONCLUSION

For the reasons set forth herein, Claimants represented by the Undersigned Counsel respectfully request this Honorable Court Deny Skanska's Objection to Discovery Order No. 2.  Skanska has completely failed to show Judge Cannon's Order was clearly erroneous or contrary to the law.

> */s/ E. Samuel Geisler*
> E. SAMUEL GEISLER, FL Bar # 83817
> BRYAN F. AYLSTOCK, FL Bar # 78263
> D. NICOLE GUNTNER, FL Bar # 1028925
> Aylstock, Witkin, Kreis & Overholtz, PLLC
> 17 East Main Street, Second floor
> Pensacola, Florida 32502
> Office: (850) 202-1010
> Fax: (850) 916-7449
> sgeisler@awkolaw.com
> baylstock@awkolaw.com
> nguntner@awkolaw.com
> sallyteam@awkolaw.com
>
> and

---

[3] It bears emphasis that the testimony in *Fischer*, like *Kreitzberg*, "consistent predominately of the opinions of both sides' expert witnesses."

/s/ *Thomas F. Gonzalez*
THOMAS F. GONZALEZ, FL Bar #173878
J. NIXON DANIEL, III, FL Bar # 228761
Beggs & Lane, RLLP
501 Commendencia Street
Pensacola, Florida 32502
Office: (850) 432-2451
tfg@beggslane.com
jnd@beggslane.com

and

/s/ *Brian H. Barr*
BRIAN H. BARR, FL Bar 493041
EMMANUELLA J. PAULOS, FL Bar 99010
Levin Papantonio Rafferty Proctor
Buchanan O'Brien Barr & Mougey, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Office: (850) 435-7000
bbarr@levinlaw.com
epaulos@levinlaw.com
Attorneys for Claimants

## CERTIFICATE OF SERVICE

**I HEREBY** CERTIFY that on this 12th day of July, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record.

/s/ E. Samuel Geisler