UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN THE MATTER OF IN RE SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC. AS OWNERS OF THE BARGE KS 5531 PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § ADMIRALTY RULE 9(H)<br><br>CIVIL ACTION NO.<br>3:20-CV-05980-LC/HTC |

## ORDER TO SHOW CAUSE

This matter is before the Court on two (2) issues raised during the July 21, 2021, weekly discovery conference, which are discussed further below. The first is the United States' opposition to Skanska's request and notice of depositions of Navy witnesses and the second is the Claimant's oral motion for sanctions relating to allegedly missing cell phone data.

### I.   DEPOSITIONS OF UNITED STATES NAVY WITNESSES

On July 20, 2021, prior to the Court's regularly scheduled discovery conference, counsel for the United States advised the Court that it had received a request from Skanska for fifteen (15) witnesses who are under the control of the Navy. *See* July 19, 2021, R. Hyde letter (attached). The United States advised

Skanska that it objected to these depositions and any areas of inquiry which would contravene the Court's Discovery Order #2 (ECF Doc. 1192), regarding the relevancy of the conduct taken by the Navy in preparation for Hurricane Sally. *Id.* The United States, however, was willing to make available two (2) Navy witnesses and three (3) United States Coast Guard witnesses, to testify about matters not addressed in Discovery Order #2 (ECF Doc. 1192).

In response, Skanska's counsel asked for an opportunity to "preserve a record," and sought for the Court to order the United States to file a "formal motion to quash the subpoenas or a motion for protective order." *See* S. Remington email (attached). At the time of Mr. Remington's email, however, no subpoenas had been issued. Regardless, since that time, Skanska has served notices of deposition on the United States for the disputed witnesses.

At the discovery conference held on July 21, 2021, the United States raised this issue once again, but because lead counsel on this matter for Skanska was not in attendance, did not address the merits of the dispute other than that the United States feels the depositions are contrary to the Court's prior ruling. Also, the morning of the status conference, Skanska's counsel sent a letter to the Court, stating that "it is entitled to depose the Navy's witnesses regarding their evaluation of whether and to what extent Hurricane Sally would impact Pensacola." *See* July 21, 2021, D. Walker letter (attached).

Given the upcoming trial date and the Court's need to manage discovery in this case on an expedited basis, the Court accepts the United States' letter and its statements on the record as an oral motion for protective order as well as a motion for compliance with the Court's Discovery Order #2 (ECF Doc. 1192). Skanska is, thus, ordered to show cause why the depositions sought do not contravene either the letter or the spirit of the Court's Discovery Order #2 (ECF Doc. 1192).

The parties are also reminded, as the Court stated in open court, that pursuant to the Federal Rules, the Court shall, after an opportunity to be heard, require the losing party, counsel, or both to pay the winning party's reasonable expenses, including attorneys' fees, unless the motion or opposition was substantially justified. Fed. R. Civ. P. 37(a)(5)(A), (B).

## II. CLAIMANT'S ORAL MOTION TO SHOW CAUSE AND FOR SANCTIONS

At the weekly discovery conference, Claimants raised an issue relating, to what they believe was Skanska's lack of candor with the Court with regard to certain cell phone data. According to Skanska, some of the custodians' cell phones are no longer available or the data is no longer available because the cell phones were either "wiped" upon the custodian's termination, went overboard, or the custodian deleted text messages from the phone. While Skanska has taken the position that text messages for these custodians were produced from other custodian cell phones, based on Claimants' calculations, those numbers are minimal. Specifically, other than

McGlynn and Rubio, for which over 300 text messages were produced from other custodian cell phones, just over 20 messages were produced for the other four (4) custodians.

Additionally, Claimants argue Skanska misrepresented to the Court that one of those custodians, Rob Hill, a tug boat operator, did not have a cell phone. To the contrary, Claimants argue they have identified a cell phone for Hill in the Skanska's Hurricane Preparedness Plan and also found at least one message sent from Hill on a cell phone. Claimants, thus, seek an order to show cause against Skanska, including seeking as relief, that Skanska produce cell phone data for five (5) additional custodians and provide Hill's phone.

While the Claimants have previously made known their concern over missing data, because Claimants' findings were not previously provided to Skanska, the Court will afford Skanska an opportunity to meet and confer with Claimants and to submit a written response to Claimants' oral motion.

Accordingly, it is ORDERED:

1. Skanska shall show cause why a protective order should not be issued and why the depositions at issue do not contravene the Court's Discovery Order #2 (ECF Doc. 1192) by submitting a written response to the United States' letter and oral motion. The response shall be filed by close of business **Monday, July 26, 2021**.

In its response, Skanska shall also address why fifteen (15) Navy witnesses are necessary.

2. The United States may file a reply to Skanska's response by close of business, **Tuesday, July 27, 2021**.

3. Skanska and Claimants are directed to meet and confer *prior* to **Monday July 26, 2021**, and if the Claimants' motion has been resolved, Claimants shall notify the Court of same. If the motion has not been resolved, Skanska shall, by close of business **Monday, July 26, 2021**, file a written response to the Claimants' oral motion to show cause and for sanctions.

4. Claimants may file a reply to Skanska's response to their motion, also by close of business, **Tuesday, July 27, 2021**.

5. The parties shall be ready to address both motions at the **Wednesday, July 28, 2021**, status conference.

DONE and ORDERED this 21st day of July 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**



**U.S. Department of Justice**
Aviation, Space &
　　Admiralty Litigation
P.O. Box 14271
Washington, D.C. 20044-4271

(202) 616-4106
(202) 616-4159 Fax
robb.hyde@usdoj.gov

Overnight Delivery:
175 N. St. NE, 8th Floor
Washington, D.C. 20002

## UNITED STATES' WITNESS PRODUCTION

July 19, 2021

**By Email:** WalkerD@chaffe.com
Derek Walker
Chaffe McCall LLP
1100 Poydras St., Suite 2300
New Orleans, LA 70163

Re:　　*In re the Matter of Skanska Petition for Limitation of Liability*
　　　　3:20-cv-5980
　　　　61-17-85

Dear Mr. Walker:

　　On July 14, 2021, the United States received an email from you indicating your intention to depose the following individuals that are under the control of the United States Navy, and for the purposes of this litigation, the Department of Justice:

1. CAPT Timothy Kinsella, USN;
2. Mr. Burt Fenters, (USN civilian);
3. MA3 Russ Aguda, USN;
4. MA1 Anthony Vasquez, USN;
5. LCDR Stephen Pakola, USN;
6. Mr. Brandon Davis (USN civilian);
7. Mr. John Baxter (USN civilian);
8. Ms. Sarah Murtagh (USN civilian);
9. Ms. Sue Brink (USN civilian);
10. LT Allison Denning, USCG;
11. CAPT Landon Allen USCG; and
12. A USCG Lieutenant with the last name of Bunting.

　　On July 15, 2021, we received another letter from you requesting the depositions of Coast Guard personnel CAPT LaDonn Allen (we assume this is the "CAPT Landon Allen" of your July

14, 2021 request), Chief Warrant Officer Brandon Burke, and Lieutenant Allison Denning.  On July 16, 2021, you sent a formal request to Rob Kelly requesting to depose CAPT Landon Allen, LT Allison Denning, LT Megan Falco, and Chief Warrant Officer Brandon Burke.  You further added Mr. Keith Raisch and Ms. Kimberly Tessier to your list of United States Navy witnesses you wish to depose.

In total, Skanska has requested the depositions of 15 Navy and Coast Guard personnel.  As this is the liability phase of the trial, we assume that Skanska intends to uses these deponents to prove it has no liability for the Skanska barge that the Navy had to remove from its property and the barge that struck the Navy's bridge.

I understand and agree with your July 14 assertion that we do not want the United States or Skanska to be criticized for holding up necessary depositions.  To that end, please consider this letter as an effort to reduce the workload of all parties.

Considering Judge Collier's July 14, 2021, ruling regarding the relevancy of certain Skanska written discovery, the United States believes that several witnesses requested are irrelevant to the liability issues.  Similarly, none of the above witnesses could contribute to laying the groundwork for any liability expert opinion. Specifically, Navy witnesses that could testify about actions taken or not taken by Naval Air Station Pensacola ("NASP") to prepare for the storm are not relevant.  As stated in the order, "Skanska's attempt to use what the United States Navy knew or did during Hurricane Sally to establish the reasonableness of its actions fares no better.  The Navy did not own any barges and the Navy did not have any barges located near the Pensacola Bay Bridge."  See Dkt. 1192 at 5.

Addressing the requested witnesses, Captain Kinsella, as Commanding Officer of NASP, is not familiar with barge operations and has not worked with construction barges. Any questions directed to him regarding the preparations of NASP for the hurricane or what the Navy "knew or did" would be impermissible.  He only has second hand supervisory-type knowledge of the damage caused by the barges and damages are not in issue at this stage of the trial. The United States fears that Skanska may still be attempting to initiate discovery regarding the hurricane preparations of NASP in order to prove the reasonableness of Skanska's actions or Skanska's knowledge of the weather.

Mr. Burt Fenters is the retired former Emergency Operations Center Director for NASP.  He does have familiarity with Navy weather preparations before the storm but that raises the same problem.

MA3 Russ Aguda, MA1 Anthony Vasquez, and LCDR Stephen Pakula are percipient witnesses that can attest to Skanska barges striking areas of NAS Pensacola.  However, photographic and video evidence provided by these same individuals would relegate their depositions to mere authentication formalities.  Given the shortness of time, we object to spending effort now on these depositions.  If you choose, we can work with you to create a stipulation as to what each person saw and when and how they took the photographic and video evidence you have received.

Mr. Brandon Davis can speak to Navy damages, which as described above are not important for this phase of the trial. He was not an eyewitnesses to the events and has no information with regard to securing vessels in preparation for inclement weather.

Mr. Keith Raisch and Ms. Kimberly Tessier are both employees of NASP's Morale, Welfare, and Recreation (MWR) Marinas. Both would be able to speak to Marina preparations for the storm and damages to NASP from Hurricane Sally. Again, Judge Cannon has declared NASP's preparations for the hurricane beyond the scope of current discovery.

Mr. John Baxter, Ms. Sarah Murtaugh, and Ms. Sue Brink can speak to the removal of Skanska's barges from NASP and Navy Damages. While that may not be relevant to this phase of the trial, Mr. Baxter and Ms. Murtagh spoke to Skanska's employee, Mr. Mason Ford, during the recovery of Skanska's two barges from NASP. In these conversations, Mr. Ford stated to Mr. Baxter and Ms. Murtagh that Skanska or Skanska's insurance company would reimburse the U.S. Government for the costs associated with recovering Skanska's barges. In the interest of time, we are willing to agree to limited stipulations of Mr. Baxter and Ms. Murtagh's testimony on their conversation with Mr. Ford. In the alternative, we will agree to limited depositions on the same topic. After the phase I trial, we agree to make Mr. Baxter and Ms. Murtagh available for full depositions covering damages.

Additionally you have indicated that there are four members of the United States Coast Guard that you wish to depose. We are we in the process of getting deposition dates for these personnel. Apparently, you have also tried to contact the Coast Guard. We have been informed that Tom Forbes of your office has been personally attempting to contact Coast Guard personnel to schedule depositions. Please desist. Before your attempted improper contact with government witnesses our office had already asked the Coast Guard Office of Maritime Litigation to relax the Touhy requirements in order to expedite production of Coast Guard witnesses. The Coast Guard has agreed and you need to merely work with DOJ to procure relevant witnesses for litigation. I ask that you refrain from contacting any further United States government agency or employer to produce witness unless you do so through Rob Kelly or myself. I will get you deposition dates for these Coast Guard personnel as soon as possible, but as Rob Kelly is out of the office on family business through July 26, 2021, we cannot begin double tracking deposition until after that date.

As to the Coast Guard personnel, the United States objects to only LT Megan Falco. LT Falco was a Marine Casualty Investigator who collected information post-Sally. She has no specific knowledge of Skanska barges pre-Sally. She has no direct experience with barges. Her only connection here is that she was a collection point for information/investigation materials after the storm. She did not personally see any of Skanska barges after the storm.

In summary, the United States objects to the production of the following Navy witnesses:

1. CAPT Timothy Kinsella, USN;
2. Mr. Burt Fenters, (USN civilian);
3. MA3 Russ Aguda, USN;
4. MA1 Anthony Vasquez, USN;
5. LCDR Stephen Pakola, USN;

3

6. Mr. Brandon Davis (USN civilian);
7. Mr. John Baxter (USN civilian);
8. Ms. Sarah Murtagh (USN civilian);
9. Ms. Sue Brink (USN civilian);
10. Mr. Keith Raisch (USN civilian);
11. Kimberly Tessier (USN civilian), and
12. LT Megan Falco (USCG).

If questioning is limited by the scope of Magistrate Judge Cannon's relevancy rulings we are willing to waive our objection and produce for limited testimony, the following Navy witnesses after July 26, 2021;

1. Mr. John Baxter (USN civilian) and
2. Ms. Sarah Murtagh (USN civilian),

The following United States Coast Guard witnesses are available for deposition beginning July 27, 2021:

3. CAPT LaDonn Allen (again, we assume this is the "CAPT Landon Allen" of your July 14, 2021 request)
4. Chief Warrant Officer Brandon Burke,
5. Lieutenant Allison Denning.

As stated above, we are working to obtain the earliest available deposition dates for all five personnel. I hope we can agree that your other requested depositions are not appropriate or necessary in the current litigation posture.

/s/ Robb Hyde
Robb Hyde
Trial Attorney

4

| | |
|---|---|
| **From:** | Scott Remington |
| **To:** | Hope Cannon; Hyde, Robb (CIV) |
| **Cc:** | Ashley Ross; Sam Geisler; Stephen Echsner; Brian Barr (External); Thomas Gonzalez (External); Kelly, Robert (CIV); Blanchard, Charles; Walker, Derek; Elizabeth C. Billhimer; Jeremy Branning; Christine Bracken Moore; Nikki Guntner; Flynn, Stephen (CIV); SkanskaLitGroup (External); "Watson, Harold" |
| **Subject:** | RE: In re Skanska 3:20-CV-05980-LC-HTC - Letter re Skanska"s Privilege Log Prod 006 |
| **Date:** | Tuesday, July 20, 2021 2:41:17 PM |
| **Attachments:** | Facebook_55598884-7995-4d93-92d3-5101d580d70c.png<br>LinkedIn_57c89113-2875-479d-9fdd-fd3a2a809f98.png<br>Twitter_216c94ca-a91c-458c-ad76-295500e4747c.png<br>Instagram_c437b822-13ce-4d58-87bc-212014b134fa.png |

**CAUTION - EXTERNAL:**

Judge Cannon,

In order to preserve a record on this issue we would request the U.S. Navy-- at its discretion file a formal motion to quash the subpoenas or a motion for a protective order. This issue is not one we believe can be handled informally.

Once this is done, we can respond in writing ensure our record is clear, clean, and correct before we come before the court. If the Navy's motion and our response can be expedited, Skanska can make itself available between 1:00 and 3:00 next Monday.

Respectfully submitted


Scott Remington


**Scott Remington | Shareholder - President**
sremington@clarkpartington.com | (850) 432-2399

**CLARK PARTINGTON**
Office: (850) 434-9200 | Fax: (850) 432-7340
125 East Intendencia Street, 4th Floor
Pensacola, Florida 32502

clarkpartington.com






**From:** Hope Cannon <Hope_Cannon@flnd.uscourts.gov>
**Sent:** Tuesday, July 20, 2021 2:37 PM
**To:** Hyde, Robb (CIV) <Robb.Hyde@usdoj.gov>
**Cc:** Ashley Ross <Ashley_Ross@flnd.uscourts.gov>; Sam Geisler <SGeisler@awkolaw.com>; Stephen Echsner <SEchsner@awkolaw.com>; Brian Barr (External) <bbarr@levinlaw.com>; Thomas Gonzalez (External) <TFG@beggslane.com>; Kelly, Robert (CIV) <Robert.Kelly@usdoj.gov>; Blanchard, Charles <Blanchard@chaffe.com>; Scott Remington <sremington@clarkpartington.com>; Walker, Derek

<WalkerD@chaffe.com>; Elizabeth C. Billhimer <ebillhimer@clarkpartington.com>; Jeremy Branning <jbranning@clarkpartington.com>; Christine Bracken Moore <cbmoore@clarkpartington.com>; Nikki Guntner <NGuntner@awkolaw.com>; Flynn, Stephen (CIV) <Stephen.Flynn@usdoj.gov>; SkanskaLitGroup (External) <SkanskaLitGroup@awkolaw.com>
**Subject:** Re: In re Skanska 3:20-CV-05980-LC-HTC - Letter re Skanska's Privilege Log Prod 006

Mr. Hyde - I am not available on Friday, but we can do the hearing on Thursday at 10 cst. We can also hold the hearing on Monday as well, anytime between 1-3. Please coordinate with other counsel and email chambers with the agreed upon date/time.

Thanks.

Hope Thai Cannon
Magistrate Judge
United States District Court Northern District of Florida


On Jul 20, 2021, at 2:00 PM, Hyde, Robb (CIV) <Robb.Hyde@usdoj.gov> wrote:


 CAUTION - EXTERNAL:

Dear Judge Cannon,

Attached is a letter the United States sent to Skanska attorney Derek Walker this morning objecting to the depositions of various Navy personnel.  We intended to bring this issue before you tomorrow but Skanska's lead attorneys will be traveling and it would not be fair to them.  We understand that you intended tomorrow to be the last discovery hearing and apologize for the inconvenience to the Court.  We request a special discovery session before you later in the week if possible.  The United States can make itself available for any time or date later this week.

Very Respectfully,

Robb Hyde
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Aviation, Space and Admiralty Litigation
175 N St. NE
Washington, DC 20002
P.O. Box 14271
Washington, DC 20044-4271

(202) 616-4106
Cell: (301) 537-0640
robb.hyde@usdoj.gov

---

**From:** Nikki Guntner <NGuntner@awkolaw.com>
**Sent:** Monday, July 19, 2021 9:42 AM
**To:** 'Hope Cannon' <Hope_Cannon@flnd.uscourts.gov>; Ashley Ross <Ashley_Ross@flnd.uscourts.gov>
**Cc:** Sam Geisler <SGeisler@awkolaw.com>; Stephen Echsner <SEchsner@awkolaw.com>; Brian Barr (External) <bbarr@levinlaw.com>; Thomas Gonzalez (External) <tfg@beggslane.com>; Kelly, Robert (CIV) <Robert.Kelly@usdoj.gov>; Hyde, Robb (CIV) <Robb.Hyde@usdoj.gov>; Blanchard, Charles <Blanchard@chaffe.com>; Scott Remington <sremington@clarkpartington.com>; Walker, Derek <WalkerD@chaffe.com>; Elizabeth C. Billhimer <ebillhimer@clarkpartington.com>; Jeremy Branning <jbranning@clarkpartington.com>; Christine Bracken Moore <cbmoore@clarkpartington.com>
**Subject:** In re Skanska 3:20-CV-05980-LC-HTC - Letter re Skanska's Privilege Log Prod 006

Dear Judge Cannon,

Attached please find a letter and corresponding spreadsheet regarding Skanska's privilege log for Production 006.

Thank you,
Nikki Guntner

**D. Nicole Guntner**

AYLSTOCK, WITKIN, KREIS & OVERHOLTZ PLLC
17 East Main Street, Suite 200
Pensacola, Florida 32502
Phone:   (850) 202-1010
Fax:        (850) 916-7449
https://link.edgepilot.com/s/5ca5f49a/7tdJHBxBkU_xfl6kFg9osQ?u=http://www.awkolaw.com/

This electronic message and/or its attachments contain legally privileged and confidential information intended only for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, disclosure, distribution, or copying of this transmission or

its attachments is strictly prohibited. If you receive this communication in error, please immediately notify the sender by electronic mail, and delete this message, its attachments and all copies and backups.

**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.**

<Objection to Navy Witnesses - Final.pdf>

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.



**HAROLD K. WATSON**
Partner
Licensed in Texas and Louisiana

Direct Dial No: (713) 343-2952
Direct Fax No:  (713) 546-9806
E-mail: watson@chaffe.com

July 21, 2021

<u>Via email:  Hope_Cannon@flnd.uscourts.gov</u>
Hope Thai Cannon
United States Magistrate Judge
Northern District of Florida
One North Palafox St.
Pensacola, FL  32502

        Re:    In Re: Skanska USA Civil Southeast, Inc. et al
                  USDC FLND C. A. No. 3:20-CV-05980-MW-MJF

Dear Judge Cannon:

      We have been discussing the depositions of DOJ controlled witnesses for nearly two weeks with Messrs. Hyde and Kelly. Once discovery responses identified additional witnesses who may have relevant information to Skanska's defense, we promptly requested their depositions and then noticed them. We were informed today that the DOJ has made the unilateral determination that the witnesses do not have relevant information and will apparently not be produced for their depositions.

      Skanska believes that the question of whether it is entitled to depose the Navy's witnesses regarding their evaluation of whether and to what extent Hurricane Sally would impact Pensacola is a matter that needs to be handled formally so as to preserve the record.  We believe that if the DOJ objects to these depositions, they should file a motion for a protective order setting forth the reasons they do not believe these depositions should go forward, thus giving Skanska the opportunity to file a formal response.   We have requested the DOJ to do this, but they have refused to do so.

      You had suggested this matter be addressed at a hearing on Monday, July 26 between 1:00 and 3:00.  In keeping with this proposed schedule, we would ask that the DOJ be ordered to file a motion for a protective order by Thursday, July 22, with Skanska's response due at your opening on Monday, July 26.  We are of course willing to work with the Court and opposing counsel if these dates and times are inconvenient.

**New Orleans:**  2300 Energy Centre • 1100 Poydras Street • New Orleans, LA 70163-2300 • Tel: (504) 585-7000 • Fax: (504) 585-7075
**Baton Rouge:**  103 Two United Plaza • 8550 United Plaza Blvd. • Baton Rouge, LA 70809 • Tel: (225) 922-4300 • Fax: (225) 922-4304
**Houston:**  801 Travis Street, Suite 1910 • Houston, TX 77002 • Tel: (713) 546-9800 • Fax: (713) 546-9806
**Lake Charles:**  One Lakeshore Drive, Suite 1640A • Lake Charles, LA 70629 • Tel: (337) 419-1825 Fax: (504) 585-7075

www.chaffe.com

3379011-1

July 21, 2021
Page 2 of 3

    Respectfully submitted:

    */s/ Derek A. Walker*
    **DEREK A. WALKER**
    **Admitted Pro Hac Vice**
    **KENNETH H. TRIBUCH**
    Florida Bar No. 986887
    Harold. K. Watson, Esq.
    Charles P. Blanchard, Esq.
    Jon W. Wise, Esq.
    **CHAFFE MCCALL, LLP**
    801 Travis, Suite 1910
    Houston, Texas 77002
    Telephone: (713) 546-9800
    Facsimile: (713) 546-9806

    And

    **SCOTT A. REMINGTON**
    Florida Bar No. 122483
    **JEREMY C. BRANNING**
    Florida Bar No. 507016
    **CLARK PARTINGTON**
    P.O. Box 13010
    Pensacola, FL 32591-3010
    Telephone: (850) 434-9200
    Facsimile: (850) 432-7340
    *Attorneys for Skanska USA Civil Southeast Inc. and Skanska USA, Inc.*

cc:

**VIA EMAIL ONLY:**
Robb.Hyde@usdoj.gov
Robert.Kelly@usdoj.gov
Robb Hyde
Robert Kelly

**VIA EMAIL ONLY:**
baylstock@awkolaw.com
sgeisler@awkolaw.com
sallyteam@awkolaw.com

**New Orleans:** 2300 Energy Centre • 1100 Poydras Street • New Orleans, LA 70163-2300 • Tel: (504) 585-7000 • Fax: (504) 585-7075
**Baton Rouge:** 103 Two United Plaza • 8550 United Plaza Blvd. • Baton Rouge, LA 70809 • Tel: (225) 922-4300 • Fax: (225) 922-4304
**Houston:** 801 Travis Street, Suite 1910 • Houston, TX 77002 • Tel: (713) 546-9800 • Fax: (713) 546-9806
**Lake Charles:** One Lakeshore Drive, Suite 1640A • Lake Charles, LA 70629 • Tel: (337) 419-1825 Fax: (504) 585-7075

www.chaffe.com

3379011-1

July 21, 2021
Page 3 of 3


Bryan F. Aylstock
E. Samuel Geisler
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street
Second Floor
Pensacola, Florida 32502

**VIA EMAIL ONLY:**
**tfg@beggslane.com**
**jnd@beggslane.com**
Thomas F. Gonzalez
J. Nixon Daniel, III
Beggs & Lane, RLLP
501 Commendencia Street
Pensacola, Florida 32502

**VIA EMAIL ONLY:**
**bbarr@levinlaw.com**
**epaulos@levinlaw.com**
Brian H. Barr
Emmanuella J. Paulos
Levin Papantonio Rafferty Proctor Buchanan O'Brien Barr & Mougey, P.A.
316 S. Baylen Street
Suite 600
Pensacola, Florida 32502

**New Orleans:**  2300 Energy Centre • 1100 Poydras Street • New Orleans, LA 70163-2300 • Tel: (504) 585-7000 • Fax: (504) 585-7075
**Baton Rouge:**  103 Two United Plaza • 8550 United Plaza Blvd. • Baton Rouge, LA 70809 • Tel: (225) 922-4300 • Fax: (225) 922-4304
**Houston:** 801 Travis Street, Suite 1910 • Houston, TX 77002 • Tel: (713) 546-9800 • Fax: (713) 546-9806
**Lake Charles:** One Lakeshore Drive, Suite 1640A • Lake Charles, LA 70629 • Tel: (337) 419-1825 Fax: (504) 585-7075

www.chaffe.com

3379011-1