UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF IN RE SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC. AS OWNERS OF THE BARGE  KS 5531 PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § | ADMIRALTY RULE 9(H)

CIVIL ACTION NO. 3:20-CV-05980-LC/HTC |

---

## ORDER ON UNITED STATES'
## ORAL MOTION FOR PROTECTIVE ORDER

This matter is before the Court on the United States' oral motion for protective order as to Skanska's notices of depositions served on fifteen (15) Navy witnesses and six (6) United States Coast Guard witnesses.  Upon consideration, the motion for protective order is GRANTED.

The United States argues the notices of deposition violate this Court's Discovery Order #2, ECF Doc. 1192.  In Discovery Order # 2, this Court determined Skanska was not entitled to discovery on what the Claimants, including the United States Navy, knew or did to prepare for Hurricane Sally because such information is not relevant to the limitations trial.  ECF Doc. 1192.  Skanska filed an objection to

that order, ECF Doc. 1201, and Senior District Judge Collier overruled the objection, finding the order was neither contrary to law nor clearly erroneous, ECF Doc. 1205.

As an initial matter, and contrary to the intimation Skanska makes in its response, ECF Doc. 1215, this Court *did not* invite Skanska to file a motion to reconsider Discovery Order #2.  Instead, what the Court stated to Skanska at the July 21, 2021 status conference, in no uncertain terms, was that Skanska should not "issue discovery in contravention of an order before getting that order vacated."  ECF Doc. 1215-1 at 95.  Consistent therewith, the Court ordered Skanska to "show cause why the depositions sought do not contravene either the letter or the spirit of the Court's Discovery Order #2."  ECF Doc. 1192.

Skanska has not done that.  Rather, in its response to the show cause order, Skanska seeks to have the Court reconsider Discovery Order #2, arguing the Court's order was "contrary to established law," an argument already rejected by Judge Collier.  ECF Doc. 1215 at 2.  Regardless, the grant or denial of a motion to reconsider is left to the discretion of the trial court.  *Chapman v. AI Transport*, 229 F.3d 1012, 1023–24 (11th Cir.2000) (en banc).  Such a motion may not be used as a vehicle to inject new arguments into the underlying motion, or to submit evidence previously available but not properly presented on the underlying motion.  *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997).  Nor may it be used to "relitigate old matters."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009)

(internal quotes omitted).  Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."  *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted).

As the United States argues in its reply, ECF Doc. 1218, Skanska's motion to reconsider simply rehashes the same arguments it previously raised as well as those raised in the objection.  Skanska has not presented any new evidence or a change in controlling law.  Moreover, the fact that Skanska is now willing to limit its initial request for twenty-one (21) witnesses to two (2) Navy witnesses does not alter the Court's analysis.  Rather, it only highlights the unreasonableness and breadth of Skanska's initial request.

Accordingly, it is ORDERED:

1. The Navy's oral motion for protective order is GRANTED.

2. Skanska's motion to reconsider (ECF Doc. 1215) is DENIED.

DONE and ORDERED this 30th day of July, 2021.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:20-cv-05980-LC/HTC