# EXHIBIT 1-N

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION – IN ADMIRALTY**

| | | |
|---|---|---|
| IN RE SKANSKA USA CIVIL | * | ADMIRALTY RULE 9(H) |
| SOUTHEAST INC. AND SKANSKA | * | |
| USA, INC. AS OWNERS OF THE CIVIL | | ACTION NO. |
| USA, INC. AS OWNERS OF THE | * | 3:20-CV-05980-MW-MJF |
| BARGE KC 5531, PRAYING FOR | * | |
| EXONERATION FROM OR | * | CHIEF JUDGE MARK E. WALKER |
| LIMITATION OF LIABILITY | * | |
| | * | MAG. JUDGE MICHAEL J. FRANK |
| | * | |

**************************************

**SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA INC.**
**SUPPLEMENTAL AND AMENDED ANSWER TO FIRST MASTER SET OF**
**INTERROGATORIES, NO. 23**

**INTERROGATORY NO. 23:**

Describe Skanska Southeast's document retention or preservation policies as applied to documents and communications created and utilized from September 11, 2020 to present. In describing, provide the dates document retention policies were set in place, such as a "legal hold" to ensure the retention and preservation of documents and communications that relate to the movement of construction barges from their intended location during Hurricane Sally on the Pensacola Bay Bridge Replacement Project as described in the Master Claims of the Bridge Impact Claimants between September 13-18, 2020. (Dkt. No. 60) and whether any related documents were known to have been lost or deleted.

**ANSWER TO INTERROGATORY NO. 23:**

The interrogatory is objectionable as it seeks information beyond the facts relevant to the limitation action, plaintiffs' master complaint, the facts and liability at issue, and the Rule 26(f) order. Defendants object to this interrogatory as overbroad, vague, not directed to any fact issues relevant to this case or likely to lead to the discovery of relevant evidence, requesting attorney work product, and material prepared in anticipation of litigation. "Utilized and related documents" are undefined, without context, and vague. However, no "documents or communications that relate to the movement of construction barges from their intended location during Hurricane Sally" are known to have been deleted or destroyed and Skanska has complied, and will continue to comply, with its discovery and evidentiary obligations including "legal hold" and preservation of evidence.

In the normal course of operations on the PBB project, Skanska maintained and preserved project records, as required pursuant to its contract with FDOT regarding audit rights and document preservation per clause # 3-8 (Audit of Contractors records). Clause # 3-9 Public

4231585-1

Records, "requires retention of all documents, papers, letters, or other material ....made or received...in conjunction with this contract." As such, there was pre-existing document retention as part of contractual standard operating procedure.

In addition to the foregoing, on September 17, while determining what actions to take to assess the safety and whereabouts of all personnel, the salvage and recovery of barges and equipment, damages to the bridge and facilities, a plan for restarting the project and effecting repairs of affected structures, Skanska also reminded its personnel of the standard operating procedure and protocol in the aftermath of such an event- to preserve all documents/data and not to discard or destroy any documents/ data. These reminders took place over several days, within the conversations of how to deal with restarting the operation and the effects of the storm, and in light of subcontractor property claims and the possibility of other claims or litigation, including in telephone calls on September 17 and 18, among, Tom DeMarco, Tom Fulton, and Rob Rodgers.

The project holds daily 6 a.m meetings. On September 17, in keeping with that standing protocol and procedure, Messrs. Fulton, DeMarco and Rodgers held a post casualty meeting, at the Hilton Garden Inn because the Skanska office was without power and the area was flooded. At the meeting they reiterated to, and reminded employees, not to destroy or discard any documents.

Skanska is unaware of any document intentionally discarded or destroyed.

                Respectfully submitted:

*/s/ Derek A. Walker*
**DEREK A. WALKER**
**Admitted Pro Hac Vice**
**KENNETH H. TRIBUCH**
Florida Bar No. 986887
Harold. K. Watson, Esq.
Charles P. Blanchard, Esq.
Jon W. Wise, Esq.
**CHAFFE MCCALL, LLP**
801 Travis, Suite 1910
Houston, Texas 77002
Telephone: (713) 546-9800
Facsimile: (713) 546-9806

and

**SCOTT A. REMINGTON**
Florida Bar No. 122483
**JEREMY C. BRANNING**
Florida Bar No. 507016
**CLARK PARTINGTON**
P.O. Box 13010
Pensacola, FL 32591-3010

4231585-1

                Telephone: (850) 434-9200
                Facsimile: (850) 432-7340

***Attorneys for Skanska USA Civil Southeast Inc. and Skanska USA, Inc***.

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by **emai**l, facsimile, and/or U.S. Mail, postage prepaid and properly addressed, this 18th day of June, 2021.

                */s/ Derek A. Walker*
                Derek A. Walker

4231585-1