Page **1** of **2**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN THE MATTER OF IN RE SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC. AS OWNERS OF THE BARGE KS 5531 PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § ADMIRALTY RULE 9(H)<br><br>CIVIL ACTION NO.<br>3:20-CV-05980-LC/HTC |

### DISCOVERY ORDER No. 7
### Re: PRIVILEGED MATERIALS

This matter is before the Court on the Court's *in camera* inspection of 99 documents withheld by Skanska from discovery based on the work product doctrine or the attorney-client privilege. In Discovery Order No. 4 (ECF Doc. 1212), the Court discussed at length the contours of the work product doctrine and, therefore, will not repeat that discussion here.

For the attorney-client privilege to apply, the following elements must be met: "(1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection may be

waived." *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 690 (M.D. Fla. 2005). Like the work product doctrine, the party asserting the privilege has the burden of proving the existence of the privilege. *See United States v. Schaltenbrand,* 930 F.2d 1554, 1562 (11th Cir.1991).

Having reviewed each document, the Court finds that the documents are privileged and thus properly withheld. Specifically, the documents reviewed by the Court consists of communications among inside or outside counsel and Skanska employees regarding the subject of this litigation, the claims asserted against Skanska, or insurance coverage for the claims. The Court finds that those documents were made in confidence, include the rendition of legal advice, and were drafted for the purpose of obtaining legal advice or in anticipation of litigation.

Accordingly, it is ORDERED that the documents reviewed *in camera* and provided to the Court on July 29, 2021 are protected by the attorney client or work product privileges and do not have to be disclosed.

DONE and ORDERED this 10th day of August 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**