UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC. AS OWNERS OF THE BARGE KS 5331, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § |
| | ADMIRALTY RULE 9(H) |
| | CIVIL ACTION NO. 3:20-CV-05980 – RV/MJF |
| | SENIOR DISTRICT JUDGE |
| | LACEY A. COLLIER |

### SKANSKA'S MOTION AND MEMORANDUM TO STRIKE DECLARATION AND ARGUMENTS RELATED THERETO OR ALTERNATIVELY, MOTION FOR LEAVE TO FILE A SUR-REPLY TO CLAIMANTS' SPOLIATION AND RULE 37 MOTION FOR SANCTIONS

COMES NOW, Skanska USA Civil Southeast Inc. and Skanska USA, Inc. (collectively "Skanska"), by and through undersigned counsel, and moves to strike the Declaration of Michael Claramitaro attached to Claimants' Reply and arguments related thereto raised for the first time on reply. In the event the Court denies Skanska's motion to strike, Skanska moves for leave to file a Sur-Reply to Claimants' Spoliation and Rule 37 Motion for Sanctions ("Motion for Rule 37 Sanctions") and in support states as follows:

Claimants had weeks to prepare its Motion for Rule 37 Sanctions, which was 38 pages long and attached almost 2,100 pages of exhibits. Skanska had four (4) days to respond to the Motion for Rule 37 Sanctions and filed its Opposition on

Page **1** of **8**

August 6, 2021. Before Skanska's Opposition was filed, Claimants moved for leave to file a Reply, which was granted. Importantly, Claimants did not inform the Court or Skanska that it intended to attach new alleged evidence to its Reply and make arguments related to that new evidence. Claimants had given three (3) days to prepare its Reply.

Claimants' Reply improperly attaches new purported evidence in support of its Motion for Rule 37 Sanctions in the form of the Declaration of Michael Claramitaro (the "Declaration"), who works for Claimants' ESI vendor. Claimants could have and should have submitted the Declaration with its original Motion for Rule 37 Sanctions but decided instead to submit with its Reply, presumably to foreclose Skanska from rebutting any of the allegations in the Declaration.

"As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court." *Herring v. Secretary, Dep't of Corrections,* 397 F.3d 1338, 1342 (11th Cir. 2005)) citing *United States v. Coy*, 19 F.3d 629, 632 n. 7 (11th Cir. 1994) (citation omitted); *see also United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002) (Court need not address issue raised for first time in reply brief), cert. denied, 539 U.S. 951, 123 S.Ct. 2628, 156 L.Ed.2d 643 (2003); *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999) (emphasis added) (issue raised **for first time in reply brief waived**); *United States v. Martinez*, 83 F.3d 371, 377 n. 6 (11th Cir. 1996) (declining to consider arguments raised for

the first time in a reply brief); *Zern v. Inch,* No. 3:18CV731-RV-HTC, 2020 WL 609295, at *5 (N.D. Fla. Jan. 3, 2020), report and recommendation adopted, No. 3:18CV731-RV-HTC, 2020 WL 608280 (N.D. Fla. Feb. 7, 2020) ("The Court cannot consider that argument, however, because Zern cannot amend his petition through arguments made in a reply."). Claimants should not be permitted to gain a tactical advantage by submitting a Declaration that Skanska cannot rebut. *See e.g. Hardy v. Jim Walter Homes, Inc.,* 2008 WL 906455, *8 (S.D. Ala. Apr. 1, 2008) ("In order to avoid a scenario in which endless sur-reply briefs are filed, . . . or a movant is incentivized to save his best arguments for his reply brief so as to secure a tactical advantage based on the nonmovant's lack of opportunity to rebut them, this Court does not consider arguments raised for the first time in a reply brief."). *See also Tortorigi Transp., LLC v. Burkhalter Rigging, Inc.,* No. 2:18-CV-00939-KOB, 2018 WL 11210034, at *1 (N.D. Ala. Dec. 20, 2018) ("Plaintiff attempted to supplement its reply brief . . . with 800 pages of evidence, (doc. 25), but the court struck the brief and supplemental evidence because the law does not allow sandbagging.") citing *Mitchael v. Intracorp, Inc.*, 179 F.3d 847, 855 (10th Cir. 1999) (finding that a district court did not abuse its discretion for striking affidavits offered by the plaintiffs in an attempt to sandbag the defendants); *Klayman v. City Pages*, No. 5:13-cv-143-Oc-22PRL, 2015 WL 1546173, at *8 n.6 (M.D. Fla. Apr. 3, 2015) (noting that

sandbagging may have been "intended as some kind of gamesmanship, but it stings of poor judgment at best, negligence at worst").

Although Claimants may claim that the re-production of the cell phone data was only completed on August 3, 2021, Claimants had all the same data in the prior cell phone data productions, and Claimants' ESI vendor could have conducted the very same analysis on the earlier cell phone data production. By way of example, Claimants were able to affirmatively utilize text messages from the prior cell phone data production in support of its Motion for Partial Summary Judgment, which was filed before the re-production of cell phone data. Moreover, the issues related to OBJ characters appearing in cell phone data were discussed at various status conferences. In addition, if the evidence was not fully available, Claimants could have waited to file its Motion for Rule 37 Sanctions until the Declaration or depositions were complete.

Accordingly, because Claimants failed to include the Declaration and arguments related thereto in its Motion for Rule 37 Sanctions and Claimants are not permitted to supplement the record with purported new evidence for the first time in its Reply, Skanska moves to strike the Declaration and arguments related thereto contained in Claimants' Reply.

If the Court does not strike the Declaration and arguments related thereto from Claimants' Reply, Skanska seeks leave to file a Sur-Reply to address the allegations

contained in the Declaration and arguments related thereto.  In particular, Skanska, if leave is granted, will submit its own ESI Declaration that will oppose the Declaration submitted by Claimants.  Skanska will be prejudiced by not having an opportunity to refute and respond to the new allegations and arguments contained in the Declaration and Reply, which Claimants could have submitted sooner to allow Skanska an opportunity to respond in its Opposition.  The prejudice to Skanska is heightened by the fact that Claimants' Motion for Rule 37 Sanctions seeks the ultimate sanction of complete dismissal of Skanska's action for limitation of liability, which relief is tantamount to that sought in a summary judgment motion.

Skanska respectfully requests that the Court strike the Declaration attached to Claimants Reply and arguments related thereto or if not stricken, grant leave for Skanska to file a Surreply, with supporting Declaration, within three (3) days of the Court's Order – the same amount of time this Court provided to Claimants to prepare their Reply.

*[SIGNATURE FOLLOWS ON NEXT PAGE]*

*/s/ Scott A. Remington*
**SCOTT A. REMINGTON**
Florida Bar No. 122483
**JEREMY C. BRANNING**
Florida Bar No. 507016
**ELIZABETH C. BILLHIMER**
Florida Bar No. 0028519
**CLARK PARTINGTON**
P.O. Box 13010
Pensacola, FL  32591-3010
Telephone: (850) 434-9200
Facsimile: (850) 432-7340

and

**DEREK A. WALKER**
**Admitted Pro Hac Vice**
**KENNETH H. TRIBUCH**
Florida Bar No. 986887
Harold. K. Watson, Esq.
Derek A. Walker, Esq.
Charles P. Blanchard, Esq.
Jon W. Wise, Esq.
**CHAFFE MCCALL, LLP**
801 Travis, Suite 1910
Houston, Texas 77002
Telephone:  (713) 546-9800
Facsimile:    (713) 546-9806

*Attorneys for Skanska USA Civil Southeast Inc. and Skanska USA, Inc.*

## CERTIFICATE OF COMPLIANCE AS TO WORD COUNT

I hereby certify that, as required by Local Rule 7.1(F), this Motion for Extension of Time contains 1,074 words, counted as provided in Local Rule 7.1(F).

*/s/ Elizabeth C. Billhimer*
**ELIZABETH C. BILLHIMER**

## CERTIFICATE OF COMPLIANCE AS TO ATTORNEY CONFERENCE

Skanska conferred with Claimants' counsel. Claimants oppose Skanska's motion to strike but offered to not object to the filing of a surreply if Skanska agreed to withdraw its motion to strike. Skanska does not agree because Claimants are not allowed to submit new evidence/argument on reply.

*/s/ Elizabeth C. Billhimer*
**ELIZABETH C. BILLHIMER**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the following through the Court's CM/ECF electronic filing system on this 10th day of August, 2021:

Brian Barr, Esq.
Christopher Paulos, Esq.
Levin, Papantonio, Thomas, Mitchell,
Rafferty & Proctor, P.A.
316 South Baylen Street
Pensacola, Florida 32502

Bryan F. Aylstock, Esq.
Justin G. Witkin, Esq.
Douglass A. Kreis, Esq.
Neil D. Overholtz, Esq.
Nathan C. Bess, Esq.
Bobby J. Bradford, Esq.
Stephen H. Echsner, Esq.
E. Samuel Geisler, Esq.
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Second Floor
Pensacola, Florida 32502
Service E-Mail: sgeisler@awkolaw.com
nbess@awkolaw.com
sallyteam@awkolaw.com

Thomas F. Gonzalez, Esq.
J. Nixon Daniel, III, Esq. Beggs & Lane, RLLP
501 Commendencia Street
Pensacola, Florida 32502
Service Email: jnd@beggslane.com
tfg@beggslane.com

*Attorneys for Claimants*

                                         */s/ Elizabeth C. Billhimer*
                                         **ELIZABETH C. BILLHIMER**