**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION – IN ADMIRALTY**

| | | |
|---|---|---|
| **IN RE SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC., AS OWNERS OF THE BARGE M8030 PRAYING FOR EXONERATION FROM OR FOR LIMITATION OF LIABILITY** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **ADMIRALTY RULE 9(H)**<br><br>**CIVIL ACTION NO. 3:20-CV-05980 – RV/MJF**<br><br>**SENIOR DISTRICT JUDGE LACEY A. COLLIER**<br><br>**MAGISTRATE JUDGE HOPE THAI CANNON** |

# JOINT PRETRIAL STIPULATION

Undersigned counsel for Claimants and counsel for Skanska USA Civil Southeast, Inc., and Skanska USA, Inc., met on August 19, 2021, pursuant to the Order Setting Trial and Pretrial Matters (ECF No. 1234). The parties conferred on items A through K in the order and submit this pretrial stipulation to the court. The following lettered paragraphs A. through K. correspond to the lettered paragraphs A. through K. of the order.

## A. The Parties' concise statement of the nature of the action is as follows:

This case involves 28 consolidated limitation of liability proceedings. Skanska USA Civil Southeast Inc. and Skanska USA, Inc. ("Skanska") was the design-build firm hired by the Florida Department of Transportation to construct a

replacement for the existing Pensacola Bay Bridge, and are the owners of 27 or 28 barges that broke loose from their moorings during Hurricane Sally. Some of those barges struck the Pensacola Bay Bridge; other barges allegedly damaged other property. Skanska filed limitation proceedings pursuant to the Limitation of Shipowner's Liability Act, 46 U.S.C.A. § 30501 et seq., seeking exoneration from or limitation of liability for each of the barges that may have allided with the Pensacola Bay Bridge or other property.

The Court has bifurcated the issues liability and limitation of liability from the issues of causation and damages. The trial set for September 13, 2001, will only involve the questions of liability and limitation of liability.

**B. Brief Statement of Each Party's Case:**

1. **Claimants**

This is an action brought by Skanska under the provisions of the Limitation of Liability Act, 46 U.S.C. sections 30505(a) as well as Supplemental Rule F of the Supplemental Rules for Admiralty and Maritime Claims, for exoneration or limitation of liability in 28 separate petitions for the damage caused by Skanska's failure to properly secure the Pensacola Bay Bridge project site in advance of Hurricane Sally. At the time of the events in question, Skanska was the design-build firm hired by the Florida Department of Transportation to construct a replacement for the existing Pensacola Bay Bridge. Skanska's failure to

reasonably secure and protect the project site in advance of Hurricane Sally resulted in 27 or 28 of its barges escaping their moorings and being blown in the direction of all compass points on Pensacola Bay. Skanska's barges allided with and damaged various public and private properties, including the Escambia County Fishing Pier and portions of the newly-constructed bridge itself. Other of its barges, four according to Skanska (Barge No. 5531, 46007, CBR 758, and KS 6011) allided with and destroyed portions of the newly-constructed bridge itself. Destruction of portions of the Pensacola Bay Bridge resulted in its closure for 254 days.

Skanska cannot show that it acted reasonably, as the forecasts available to Skanska placed the Pensacola Bay Bridge site within the path of Sally as early as Friday, September 11 at 4:00. While Claimants anticipate that Skanska will argue that the Hurricane Plan was not triggered at this point in time, if ever, Skanska's argument is inconsistent with the decisions Skanska made to demobilize for storms prior to Hurricane Sally. Rather than initiate its Hurricane Preparedness Plan and demobilize to safe harbor, Skanska delayed its decision and waited until Sunday, September 13 to make the decision to demobilize and begin those efforts. Still, Skanska did not follow it Hurricane Preparedness Plan and move to safe harbor. Instead, Skanska moved most of its barge fleet to mooring piles on the east and west side of the Bridge. These decisions were not reasonable decisions with the

known conditions at the time.

Under the *Louisiana* rule, Skanska is presumptively at fault and liable for the damages caused by the allisions of its drifting or moving barges. Skanska cannot show that the allisions of its barges with bridges and other public and private property was non-negligent or the result of an inevitable accident or a *vis major* which human skill and precaution and a proper display of nautical skills could not have prevented. Skanska cannot rebut the *Louisiana* presumption. In addition, Skanska had privity and knowledge of the acts of negligence and so limitation of liability is not permitted. Thus, Skanska is not able to obtain limitation and limit the amount of Claimants' recovery.

2. **Skanska**

Skanska barges broke away from their moorings due to the effect of the winds and seas in Pensacola Bay brought by Hurricane Sally. Some of the barges struck and damaged the Pensacola Bay Bridge and other property. With respect to barges that struck and damaged property, under the rule of *The Louisiana*, 70 U.S. (3 Wall.) 164 (1865), when a vessel breaks her moorings and strikes a fixed object or stationary vessel, the moving vessel is presumed to be at fault.[1]

[1] The only parties claiming damages arising out of the damage to the Pensacola Bay Bridge are the economic loss claimants, and Skanska denies that it owed a duty to these parties since they did not have a proprietary interest in the bridge. If there were any such duty, however, Skanska stipulates that these claimants have established a prima facie case of breach of that duty. Parties who are making a claim with respect

However, the moving vessel can overcome this presumption by proving either that "[1] that the allision was the fault of the stationary object[;] [2] that the moving vessel acted with reasonable care[;] or [3] that the allision was an unavoidable accident." *Bunge Corp. v. Freeport Marine Repair, Inc.*, 240 F.3d 919, 923 (11th Cir. 2001). These three ways of rebutting the *Louisiana* rule are separate, and the moving vessel need only satisfy one of them to be entitled to exoneration. *Fischer v. S/Y Neraida*, 508 F.3d 586, 593 (11th Cir. 2007). Skanska submits that it can satisfy both the second and third bases for overcoming the *Louisiana* presumption.

In cases where a vessel breaks loose from her moorings in severe weather, if the vessel owner is reasonable in its anticipation of the severity of the impending storm and undertakes reasonable preparations in light of such anticipation, the vessel owner is entitled to exoneration. *Petition of United States*, 425 F.2d 991, 995 (5th Cir. 1970). Here, the evidence will show that based upon the weather reports, Skanska reasonably anticipated, at worst, tropical storm force winds and two foot waves, and prepared accordingly, and that if the wind and waves

---

to property other than the Pensacola Bay Bridge will have to prove at the subsequent trial on causation and damages that a Skanska barge in fact allided with property owned by that claimant before the presumption of the *Louisiana* rule will apply. Since the presumption applies to some of the claimants in this case, and will apply in favor of any claimant that subsequently proves that a Skanska barge caused damage, Skanska concedes that the presumption applies to the liability issues in this case.

generated by Sally had been as forecast, the barges would not have broken away.

Skanska anticipates that Claimants will attempt to show that on prior occasions Skanska had taken different steps in anticipation of storms. Assuming *arguendo* this to be the case, it is irrelevant. All that is required is reasonable care under the circumstances; the vessel owner need not prove that it did everything that might have been done. *Fischer v. S/Y Neraida*, 508 F.3d at 594; *The Grace Guilder*, 74 U.S. 196, 203 (1869) ("[W]here a vessel is pursuing a lawful avocation in a lawful manner . . . the highest degree of caution is not required"). If Skanska's appreciation of the pending weather was reasonable and its preparations in light of that appreciation were reasonable, it is irrelevant that it did not take steps that it may have taken on other occasions.

Skanska also submits that the evidence will show that even if it had taken all possible precautions, the barges would have broken away, and that it is thus entitled to exoneration on this basis as well.

Skanska also believes that even if held liable, it is entitled to limit its liability. The decisions of managerial personnel were based on a reasonable interpretation of the weather forecasts. While Skanska believes that the evidence will show that the barges were adequately secured, any negligence in the securing of the barges by lower level personnel would not be attributable to Skanska.

**C. The Parties intend to offer the following exhibits at the trial, and the Parties have agreed they will not object to any authenticity or admissibility:[2]**

1. All exhibits attached to or used during the depositions of any witnesses;
2. Any documents relied upon by experts;
3. Answers to Interrogatories by Petitioners and Claimants;
4. Response to Requests for Admissions by Petitioners; and
5. Any exhibits disclosed by Petitioners and Claimants.

A list of The Parties' above-referenced exhibits will be provided in a separate document.

**D. The Parties' list of names and addresses of all witnesses, including rebuttal and expert, intended to be called at the trial is as follows:**

**<u>Claimants</u>**

1. Richard Henning (expert witness – meteorology)

   703 Apache Lane

   Seffner, FL 33584

2. Richard D. DiNapoli (expert witness – management of maritime assets and storm preparation)

   651 Old Mount Pleasant Avenue

   Suite 110A

   Livingston, NJ 07039

[2] The parties agree not to object to the authenticity or admissibility of an exhibit if the relevance of the exhibit has already been established. The parties may object to the admissibility of exhibits on the basis of relevance.

3. William Bender

   Chocowinity, North Carolina

4. Ronnie Benton

   Barrancas Avenue

   Skanska, Pensacola, FL

5. Eduardo Rubio

   Skanska, Maryland, resides in Fredericksburg, Virginia

6. Thomas J. DeMarco

   Barrancas Avenue

   Skanska, Pensacola, FL

7. Brad Thatch

   Barrancas Avenue

   Skanska, Pensacola, FL

8. Tom Fulton

   Barrancas Avenue

   Skanska, Pensacola, FL

9. Robert Rodgers

   Barrancas Avenue

   Skanska, Pensacola, FL

10. Sarah Stephens

    1514 Ennis Joslin Road Apt 414

    Corpus Christi, TX 78412

11. Daniel Francis

Harry Nice Bridge Project, Fredericksburg, Virginia, Skanska

12. Patrick McGlynn

Gulf Breeze, FL

13. Nick Johnson

Caton Construction, Troy, Virginia

14. Jim Rogier

Barrancas Avenue

Skanska, Pensacola, FL

15. Rob Hill

Barrancas Avenue

Skanska, Pensacola, FL

16. Grant Walker

Barrancas Avenue

Skanska, Pensacola, FL

17. Tyler Beddow

Harry Nice Bridge Project, Fredericksburg, Virginia, Skanska

18. Catherine Burgess

Harry Nice Bridge Project, Fredericksburg, Virginia, Skanska

19. Ricardo Gonzalez

Barrancas Avenue

Skanska, Pensacola, FL

20. Captain LaDonn A. Allen, Commanding Officer of USCG Sector

Mobile, AL

21. Nick Bishop

    Barrancas Avenue

    Skanska, Pensacola, FL

22. Rick Barberi

    Pensacola, FL

23. Matt Dearing

    Pensacola, FL

24. Jeremy Hogue

    Pensacola, FL

25. Travis Gill

    Pensacola, FL

26. Any witnesses listed by Petitioner

27. Any witness who has been deposed, or who is to be deposed before trial

28. Any witness whose name surfaces or is revealed in any documents not yet produced.

**Skanska**

**Fact Witnesses**

1. Rob Rodgers c/o Chaffe McCall, LLP
   1100 Poydras Street, Suite 2300
   New Orleans, LA 70163

2. Tom Fulton
   c/o Chaffe McCall, LLP
   1100 Poydras Street, Suite 2300
   New Orleans, LA 70163

3. Tom DeMarco

c/o Chaffe McCall, LLP
1100 Poydras Street, Suite 2300
New Orleans, LA 70163

4. Captain Robert Hill
c/o Chaffe McCall, LLP
1100 Poydras Street, Suite 2300
New Orleans, LA 70163

5. Captain Brad Thatch
c/o Chaffe McCall, LLP
1100 Poydras Street, Suite 2300
New Orleans, LA 70163

6. Nick Johnson
c/o Chaffe McCall, LLP
1100 Poydras Street, Suite 2300
New Orleans, LA 70163

7. Ronnie Benton
c/o Chaffe McCall, LLP
1100 Poydras Street, Suite 2300
New Orleans, LA 70163

8. Will Bender
c/o Chaffe McCall, LLP
1100 Poydras Street, Suite 2300
New Orleans, LA 70163

9. Alvaro Salamanca
c/o Chaffe McCall, LLP
1100 Poydras Street, Suite 2300
New Orleans, LA 70163

10. Ricardo Gonzalez
c/o Chaffe McCall, LLP
1100 Poydras Street, Suite 2300
New Orleans, LA 70163

11. Grant Walker

c/o Chaffe McCall, LLP
1100 Poydras Street, Suite 2300
New Orleans, LA 70163

12. Tyler Beddow
c/o Chaffe McCall, LLP
1100 Poydras Street, Suite 2300
New Orleans, LA 70163

13. Eduardo Rubio
c/o Chaffe McCall, LLP
1100 Poydras Street, Suite 2300
New Orleans, LA 70163

14. Daniel Francis
c/o Chaffe McCall, LLP
1100 Poydras Street, Suite 2300
New Orleans, LA 70163

15. Ben Birch
c/o Chaffe McCall, LLP
1100 Poydras Street, Suite 2300
New Orleans, LA 70163

16. Michael McEntee
DLS Marine
3017 Lime Street
Metairie, LA 70006

17. Brett Pielstick
Eisman & Russo, Inc.
6455 Powers Avenue
Jacksonville, FL 32217

18. John Baggs
Mott McDonald
1232 Jackson Avenue
Chipley, FL 32428

19. William Klepac

Halff Associates
1141 E. Jackson Avenue
Chipley, FL 32428

20. Commander Timothy Kinsella
Naval Air Station Pensacola
280 Taylor Road
Pensacola, FL 32508

21. Linh Tran
55 Narrow Lane Court
Pensacola, FL 32506

22. Brandon Smith
1238 Stow Avenue
Pensacola, FL 32503

23. Sheriff David Morgan (Ret.)
P.O. Box 30347
Pensacola, FL, 32503

24. Roger L. Towne
c/o Anthony Staines
Staines, Eppling, & Kenney
3500 North Causeway Boulevard, Suite 820
Metairie, LA 70002

**EXPERT WITNESSES:**

1. Captain Lincoln Stroh
27915 Rumson Drive
Katy, TX 77494

2. John Flory
Tension Technology International
4 Tower Lane
Morristown, NJ 07960

3. Keith Dean
3D Marine Consultants & Surveyors

12411 Donna Lane
Houston, TX 77067

4. Austin Dooley
Dooley Sea Weather Analysis, Inc.
P.O. Box 63
City Island, NY 10464

5. Don Barnes
Barnes Engineering Company, Inc.
119 Rosewood Drive
P.O. Box 55726
Metairie, LA 70055

**REBUTTAL WITNESSES:**

Rebuttal witnesses are unknown at this time but potentially could be everyone listed above.

**E. The Parties' concise statement of admitted facts which will require no proof at trial is as follows:**

1. Skanska USA Civil Southeast Inc. and/or Skanska USA, Inc. (collectively, "Skanska") were the owners or operators of all of the Vessels within the meaning of the Limitation of Liability Act. Through its wholly owned subsidiary Skanska USA Civil, Inc., Skanska USA owns 100% of the stock of Skanska Southeast, and is therefore an owner of the Vessels within the meaning of the Limitation of Liability Act.

2. Before, during, or after Hurricane Sally, some of Skanska's barges became unmoored and some of the barges that became unmoored struck property and structures owned by, or titled in the name of, individuals, governments, private

entities, and public entities. As a result, Skanska initiated 28 Limitation of Liability actions. A total of 61 additional claims have been filed against Skanska for property damages caused by the impact of its barges.

3. Skanska was the design-build firm hired by the Florida Department of Transportation to construct a replacement for the existing Pensacola Bay Bridge.

4. There was in existence a document entitled "Hurricane Preparedness Plan" dated August 20, 2020.

5. On September 12, 2020 Rob Rodgers sent a text message stating, "Tropical depression 19 warrants discussion. Could be impacted Monday morning. I'm setting up a WebEx invite for 1:00PM CST." (SKANSKA_00036469.)

6. On September 12, 2020 at 1:00pm CST a WebEx meeting was held with project management.

7. Tropical Depression 19 was upgraded to Tropical Storm Sally on September 12, 2020 at 5:00 p.m. EDT. (SKANSKA_00000531.)

8. Hurricane Sally made landfall at approximately 4:45 AM CDT on Wednesday, September 16, 2020 in Gulf Shores, Alabama, approximately 30 miles west of the Pensacola Bay Bridge.

9. On September 15-16, 27 or 28 of Skanska's barges broke loose from their moorings. (SKANSKA_00009062.) Some of these barges allided with and

damaged the Pensacola Bay Bridge, and other barges allided with and damaged or allegedly damaged other property.

**F. The Parties' concise statement of issues of law on which there is agreement is as follows:**

1. Title 46 U.S.C. § 30505 ("Limitation of Liability Act" or "LLA") provides: "the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b), shall not exceed the value of the vessel and pending freight ... (b) Claims subject to limitation.—Unless otherwise excluded by law, claims, debts, and liabilities subject to limitation under subsection (a) are those arising from any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner."

2. Generally, in a limitation of liability proceeding, the damage claimants bear the initial burden of establishing liability, and the shipowner then bears the burden of establishing the lack of privity or knowledge. *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1036 (11th Cir. 1996); *Hercules Carriers , Inc. v. Claimant State of Florida,* 768 F.2d 1558, 1564 (11th Cir.1985). But the initial burden to establish liability is shifted to the vessel owner under certain common law presumptions. The Louisiana Rule is one such presumption.

3. Under the rule of *The Louisiana*, 70 U.S. (3 Wall.) 164 (1865), when a vessel comes unmoored or is otherwise moving or drifting due to an external force such as wind or current strikes a fixed object or stationary vessel, the moving vessel is presumed to be at fault. *Bunge Corp. v. Freeport Marine Repair,* 240 F.3d 919, 923, 926 (11th Cir. 2001), upholding *Bunge Corp. v. Freeport Marine Repair Inc.,* 97-CV-240, Doc. No. 85 (N.D. Fla. Sept. 14, 1999), citing *The Louisiana*, 70 U.S. 164, 173 (1865); *Stuart Cay Marina v. M/V Special Delivery,* 510 F.Supp.2d 1063, 1069, 1071, 1074 (S.D. Fl. 2007); see also, Aug. 20, 2021 Order (J. Cannon) on Motion to Enforce Protective Order, Doc. No. 1264 at 3.

4. Skanska admits that some of its unmoored barges struck the Pensacola Bay Bridge, and thus the *Louisiana* Rule applies.

**G. The Parties' concise statement of issues to fact which remain to be litigated is as follows:**

1. Whether Skanska's storm preparation was reasonable, from September 11-13, 2020, in light of the publicly available and weather conditions and forecasts.

2. If the storm preparation was not reasonable, whether the allisions would have occurred even if Skanska had taken every reasonable precaution (*e.g.* whether the allisions would have occurred even if barges were moored elsewhere in the bay).

3. Whether Skanska had privity or knowledge of any negligent actions of its employees or of any defective, unsafe or inadequate conditions pertaining to the mooring of its barges ahead of Hurricane Sally.

**H. The Parties' concise statement of issues of law which remain to determination by the court is as follows:**

1. Whether Skanska has overcome the presumption of fault for its vessels allisions with stationary objects by demonstrating, by a preponderance of evidence, that the owner, the vessel, the managers, and the crew are free from any contributory fault, by demonstrating: "[1] that the allision was the fault of the stationary object[;] [2] that the moving vessel acted with reasonable care[;] or [3] that the allision was an unavoidable accident." *Bunge Corp. v. Freeport Marine Repair, Inc.*, 240 F.3d 919, 923 (11th Cir. 2001).

2. If the Court finds Skanska was at fault (precluding exoneration), the Court will need to determine whether Skanska has met its burden of proving absence of privity or knowledge of the negligent acts, to decide the petition for limitation of liability. The vessel owner must prove lack of privity or knowledge with respect to the acts of negligence that the claimants established caused the accident, or, in a case where the *Louisiana* rule applies, those acts contributing to the accident with respect to which the vessel owners failed to prove it was not at fault. *Farrell Lines, Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir. 1976); *Amer. Dredging*

*Co. v. Lambert,* 81 F.3d 127, 130 (11th Cir.1996). (The parties' dispute on this issue is the subject of Claimants' pending summary judgment motion).

3. The application of the adverse inferences ordered in the Order on Claimants' Spoliation Motion and for Sanctions (ECF No. 1265).

**I. Claimants and Petitioner agree to the application of rules of evidence and the Federal Rules of Civil Procedure.**

**J. A list of motions or other matters that require action by the court are as follows:**

1. Claimants' Motion for Partial Summary Judgment;
2. Petitioners' Motion for Reconsideration of Deferring Ruling on Motion to Dismiss; and
3. Claimants do not anticipate any Motions in Limine or challenges to the qualifications of expert witnesses but may make *Daubert* challenges.
4. To the extent necessary, Claimants may invoke the court's enforcement authority to require Petitioners to answer Claimants' Third Master Request for Production and Request for Interrogatories if not timely answered by September 6.
5. Whether the following are issues of law that require determination by this Court:

    i. Whether Skanska owed a duty to parties making claims for economic loss arising out of damage to the Pensacola Bay Bridge who did not have a pecuniary interest in the bridge.[3]

[3] Claimants do not agree that this is an issue of law for determination by the Court at this stage of the litigation.

ii. Admissibility of evidence of how other parties evaluated the risks posed by what became Hurricane Sally and what steps other parties took to prepare for what became Hurricane Sally.[4]

iii. Admissibility of evidence of what steps Skanska took to prepare for prior storms.[5]

**K. Counsel for claimants estimate the length of trial to be no less than five trial days.**

Counsel for both sides believe that it will not be possible to try the case in three days, and request five days for trial.

While not directly related to the length of the trial, counsel for both sides believe that the potential impact of COVID-19 on the trial should be discussed at the pretrial conference, including whether witnesses will be allowed to testify remotely, and use of masks and social distancing.

The parties also believe that the manner of handling deposition designations and use of video depositions should be handled should be discussed at the pretrial conference.

[4] Claimants do not agree that this is an issue of law for determination by the Court.
[5] Claimants do not agree that this is an issue of law for determination by the Court

**L. Signature of counsel for Claimants:**

*/s/ E. Samuel Geisler*
E. SAMUEL GEISLER, FBN 83817
D. NICOLE GUNTNER, FBN 1028925
STEPHEN H. ECHSNER, FBN 304719
BRYAN F. AYLSTOCK, FBN 78263
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Second floor
Pensacola, Florida 32502
Office: (850) 202-1010
Fax: (850) 916-7449
sgeisler@awkolaw.com
nguntner@awkolaw.com
sechsner@awkolaw.com
baylstock@awkolaw.com
sallyteam@awkolaw.com

*/s/ Thomas F. Gonzalez*
THOMAS F. GONZALEZ, FL Bar #173878
CHARLES T. WIGGINS, FL Bar # 48021
Beggs & Lane, RLLP
501 Commendencia Street
Pensacola, Florida 32502
Office: (850) 432-2451
tfg@beggslane.com
jnd@beggslane.com

*/s/ Brian H. Barr*
BRIAN H. BARR, FL Bar 493041
EMMANUELLA J. PAULOS, FL Bar 99010
Levin Papantonio Rafferty Proctor
Buchanan O'Brien Barr & Mougey, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Office: (850) 435-7000
bbarr@levinlaw.com
epaulos@levinlaw.com

***Attorneys for Claimants***

*/s/ Robert Kelly*
ROBERT KELLY
SAM ESCHER
THOMAS BRIGHT
ROBB HYDE
Trial Attorneys
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC 20044-4271
(202) 616-4031
Sam.W.Escher@usdoj.gov
Thomas.J.Bright@usdoj.gov
Robb.Hyde@usdoj.gov
Robert.Kelly@usdoj.gov

***Attorneys for Claimant***
***UNITED STATES OF AMERICA***

The following Counsel for Claimants hereby join in the filing of these papers:

*/s/ Jeffrey Paul Gill*
JEFFREY PAUL GILL
VERNIS & BOWLING OF NW FL
PA - PENSACOLA FL
315 S PALAFOX ST
PENSACOLA, FL 32502
850-433-5461
Fax: 850-432-0166
Email: jgill@florida-law.com

*/s/ Eric D. Stevenson*
ERIC D. STEVENSON
FL Bar #144495
STEVENSON KLOTZ, LLP
510 E. Zaragoza St.
Pensacola, FL 32502
(850) 444-0000
(866) 251-7888 – Facsimile
eric@stevensonklotz.com
serviceeds@stevensonklotz.com

*/s/ T. Shane Rowe*
T. SHANE ROWE
Florida Bar Number 279160
EMMANUEL, SHEPPARD &
CONDON
30 South Spring Street
Pensacola, Florida 32502
Telephone: (850) 433-6581
Facsimile: (850) 434-5856
tsr@esclaw.com
ndc@esclaw.com

*/s/ Joseph A. Zarzaur, Jr.*
JOSEPH A ZARZAUR, JR.
Florida Bar No. 96806
joe@zarzaurlaw.com
service@zarzaurlaw.com
ZARZAURLAW, P.A.
P.O. Box 12305
Pensacola, FL 32591
(850) 444-9299
(850) 696-1060- Facsimile

*/s/ Daniel M. Ewert*
DANIEL M. EWERT
Florida Bar Number 0658146
Moore, Hill & Westmoreland, P.A.
Maritime Place | Suite 100
350 West Cedar Street (32502)
Post Office Box 13290
Pensacola, Florida 32591-3290
Telephone: (850) 434-3541
dewert@mhw-law.com
kgraham@mhw-law.com

**Signature of counsel for petitioners**

*/s/ Harold K. Watson*
**HAROLD K. WATSON**
Harold. K. Watson, Esq.
Derek A. Walker, Esq.
Charles P. Blanchard, Esq.
Jon W. Wise, Esq.
**CHAFFE MCCALL, LLP**
801 Travis, Suite 1910
Houston, Texas 77002
Telephone: (713) 546-9800
Facsimile: (713) 546-9806

and

**SCOTT A. REMINGTON**
Florida Bar No. 122483
**JEREMY C. BRANNING**
Florida Bar No. 507016
**CLARK PARTINGTON**
P.O. Box 13010
Pensacola, FL 32591-3010
Telephone: (850) 434-9200
Facsimile: (850) 432-7340

***Attorneys for Skanska USA Civil Southeast Inc. and Skanska USA, Inc.***