UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC. AS OWNERS OF THE BARGE KS 5331, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § § § ADMIRALTY RULE 9(H)  CIVIL ACTION NO. 3:20-CV-05980 – RV/MJF  SENIOR DISTRICT JUDGE LACEY A. COLLIER  MAGISTRATE JUDGE HOPE THAI CANNON |

**This Pleading Relates to Civil Action Nos.:**
3:20-CV-05980-RV/MJF
3:20-CV-05981-RV/MJF
3:20-CV-05982-RV/MJF
3:20-CV-05983-RV/MJF

**SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC.'S MOTION FOR CONTINUANCE AND MEMORANDUM IN SUPPORT**

Skanska USA Civil Southeast Inc. and Skanska USA, Inc. ("Skanska") file this Motion for Continuance and Memorandum in Support, and would show as follows:

As the Court was informed by letter dated August 30, 2021, the impact of Hurricane Ida on New Orleans created potential difficulties for Skanska's defense team in preparing for trial. It is now apparent that those difficulties will be insurmountable. Accordingly, Skanska moves the Court for a short continuance of the trial in this matter to allow the members of the defense team based in New

Page **1** of **10**

Orleans (which includes lead trial counsel and six other members of the team that will be conducting or assisting at trial) to obtain access to the facilities necessary to prepare for trial and properly represent Skanska's interests, and to deal with the personal and family issues resulting from the damage caused by Hurricane Ida.

As has been widely report by the media, Hurricane Ida knocked out all electrical power in New Orleans, and Entergy, the company that supplies electricity to the greater New Orleans area, has given no time estimate on when power will be restored. Reports in the media suggest a minimum of two to four weeks. Moreover, internet access is unavailable not only in New Orleans, but in Baton Rouge and Lake Charles where Chaffe McCall LLP has other offices.

Without internet access, it is impossible for Chaffe McCall's New Orleans lawyers to access the firm's servers, and thus to access any of the documents in the file, including pleadings, depositions, expert reports, etc. This lack of access is compounded by the fact that to gain remote access to the firm's servers, Chaffe McCall personnel must obtain security authorization via their mobile phones, and as will be discussed, the lack of power in New Orleans is making cell phone use extremely difficult.

This inability to review and generate documents will make it impossible to comply with the Court's order regarding preparation of proposed findings of fact and conclusions of law, trial briefs, any motions and all other matters necessary for

trial preparation. It will make it impossible to get access to depositions to mark deposition excerpts, and it will make it impossible for counsel to generate other documents necessary to competently present Skanska's case at trial, such as drafting questions to ask the witnesses. Importantly, New Orleans based secretarial staff do not have remote access to Chaffe McCall's systems and therefore cannot provide support for preparation of any documents necessary to present Skanska's defense.

Cell phone service in New Orleans is spotty at best. T-Mobile has reported that "Some customers in these areas may experience intermittent impacts to voice, data and text service. The situation is still very fluid as first responders and utilities assess the damage caused by the storm." Accordingly, it is very difficult for members of the defense team to communicate with each other to coordinate activities necessary to prepare for trial, and to communicate with opposing counsel and the Court. Moreover, as noted above, cell phone access will be necessary to access the firm's servers remotely once internet service is restored. Moreover, since New Orleans is totally without electric power for what is predicted to be 2-4 weeks, charging cell phones will be problematic.

The problem of charging phones is compounded by the fact that gasoline is difficult if not impossible to find in New Orleans. For example, Derek Walker, lead trial counsel for Skanska, has a gasoline powered generator that he has been

using to charge his phone, but has run out of gasoline, and has been unable to find gasoline. He also formerly had access to Tulane University, which previously had emergency power, but this generator has now failed and Tulane is shutting down the campus and evacuating all students to Houston. In the two week run-up to trial, there will have to be a great deal of communication between lead trial counsel and the rest of the defense team to coordinate the many tasks that must be done, and the unavailability of cell phone connections will make this extremely difficult.

In addition, the members of the defense team based in New Orleans are dealing with personal issues resulting from the damage caused by the storm. By way of example, lead trial counsel sustained physical damage to his house and resulting water damage that requires immediate attention to prevent further more serious damage. Secretaries are also without access to the internet, and are dealing with the personal impact of the storm.

All of this is compounded by the fact that this case was on a very accelerated schedule to begin with. The last fact witness deposition was taken on Friday, August 27, and so a great deal of work will by necessity have to take place in the last two weeks before September 13. Given the disruption resulting from Hurricane Ida, it will be impossible to accomplish everything that needs to be done.

And, of course, this is not merely a matter of inconvenience for Skanska's New Orleans based counsel, but a matter of due process and fairness to Skanska itself. As a result of an event beyond the control of Skanska or its lawyers, Skanska is faced with going to trial with lawyers who cannot under the circumstances adequately represent its interests.

Hurricane Ida was a major storm, and courts have routinely continued cases in the aftermath of such storms. *See, e.g.*, *Bordelon v. Winn-Dixie Stores*, 97.0045, 1999 U.S. Dist. LEXIS 5987, at *6 (E.D. La. Apr. 21, 1999) (noting that trial was continued due to Hurricane Georges); *Williams Land Co., L.L.C. v. Bellsouth Telecomms., Inc.*, 02-1628, 2006 U.S. Dist. LEXIS 105149, at *3 (E.D. La. Nov. 1, 2006) (noting that trial was continued in the aftermath of Hurricane Katrina); *Kendrick v. Maersk Line, Ltd.*, 04-1147, 2006 U.S. Dist. LEXIS 65741, at *2 (E.D. La. Sept. 6, 2006) (noting that trial was continued after Hurricane Katrina).

The factors to be considered in granting a continuance include the length of delay; previous continuances; inconvenience to litigants, witnesses, counsel, and the court; whether the delay is purposeful or caused by the party seeking the continuance; the availability of other competent counsel; the complexity of the case; and whether denying the continuance will lead to identifiable prejudice. *Seaton v. Jabe*, 91-1903, 1993 U.S. App. LEXIS 336, at *14 (6th Cir. Jan. 5, 1993). All of these factors support granting a continuance here.

First, as discussed below, Skanska only seeks a short continuance of approximately one month, and there have been no previous continuances. Secondly, there is no discernable inconvenience to litigants, witnesses, counsel, or the court; as noted below, counsel for the vast majority of the claimants do not oppose a continuance. Needless to say, the reasons Skanska seeks a delay is not purposeful or caused by Skanska or its counsel. Third, Derek Walker, lead counsel for Skanska, is the only lawyer who has been involved in all aspects of this case, and the other lawyers involved are not in a position take over trial of a case of this complexity on less than two weeks' notice. Finally, denial of a continuance will lead to identifiable prejudice to Skanska.

Moreover, while every plaintiff always wants a prompt hearing of a claim, this case does not involve the sort of claimants who are normally given preferential treatment in terms of trial settings—there are no personal injury or death claims, only claims for property damage or economic loss. A short delay in the trial will not prejudice any of the claimants.

Skanska is not seeking to delay trial of this matter any longer than necessary to have the time that it would have had if its trial preparation had not been disrupted by Hurricane Ida. Accordingly, Skanska would ask that the trial be continued until a date to be determined sometime in mid-October.

Counsel for Skanska have conferred by phone with Brian Barr, Sam Geisler, Thomas Gonzales, and counsel for the U.S. Department of Justice, who collectively represent approximately 954 of the 994 claimants in this matter, and they have no opposition to a continuance in this matter. Jeffrey Gill, who represents one claimant, is opposed to a continuance. Counsel for Skanska has emailed counsel representing the other claimants asking if they have any opposition, but have not yet had a response.

## **CONCLUSION**

WHEREFORE, Skanska USA Civil Southeast Inc. and Skanska USA, Inc., respectfully request that the Trial be continued.

*[SIGNATURE FOLLOWS ON NEXT PAGE]*

Respectfully submitted:

*/s/ Scott A. Remington*
**DEREK A. WALKER**
**Admitted Pro Hac Vice**
**KENNETH H. TRIBUCH**
Florida Bar No. 986887
Harold. K. Watson, Esq.
Derek A. Walker, Esq.
Charles P. Blanchard, Esq.
Jon W. Wise, Esq.
**CHAFFE MCCALL, LLP**
801 Travis, Suite 1910
Houston, Texas 77002
Telephone:  (713) 546-9800
Facsimile:    (713) 546-9806

and

**SCOTT A. REMINGTON**
Florida Bar No. 122483
**JEREMY C. BRANNING**
Florida Bar No. 507016
**CLARK PARTINGTON**
P.O. Box 13010
Pensacola, FL  32591-3010
Telephone: (850) 434-9200
Facsimile: (850) 432-7340

*Attorneys for Skanska USA Civil Southeast Inc. and Skanska USA, Inc.*

## CERTIFICATE OF COUNSEL CONFERENCE

Counsel for Skanska certifies that they have conferred with counsel for Claimants in a good faith effort to resolve the issues raised in this motion as required by N.D. Fla. Loc. R. 7.1(B).  Counsel for Skanska conferred by phone with Brian Barr, Sam Geisler, Thomas Gonzales, and counsel for the U.S. Department of Justice, and they have no opposition to a continuance in this matter.  Jeffrey Gill, who represents one claimant, is opposed to a continuance.  Counsel for Skanska has emailed counsel representing the other claimants asking if they have any opposition, but have not yet had a response.

*/s/ Scott A. Remington*
**SCOTT A. REMINGTON**

## CERTIFICATE OF COMPLIANCE AS TO WORD COUNT

I hereby certify that, as required by Local Rule 7.1(F), this Motion for Continuance and Memorandum in Support contains 1,529 words, counted as provided in Local Rule 7.1(F).

*/s/ Scott A. Remington*
**SCOTT A. REMINGTON**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been filed with the Clerk of Court and furnished to all counsel of record through the Court's CM/ECF electronic filing system on this 31st day of August, 2021:

/s/ Scott A. Remington
**SCOTT A. REMINGTON**