UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN THE MATTER OF IN RE SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC. AS OWNERS OF THE BARGE KS 5531 PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § ADMIRALTY RULE 9(H)<br><br>CIVIL ACTION NO.<br>3:20-CV-05980-LC/HTC |

### ORDER ON CLAIMANTS' SPOLIATION MOTION AND FOR SANCTIONS

On August 23, 2021, the undersigned found Defendant Skanska had spoiled certain cell phone data and awarded to Claimants the reasonable fees and costs associated with prosecuting their motion for sanctions. ECF Doc. 1265. Skanska objected to the undersigned's order, ECF Doc. 1269, and Senior District Judge Collier overruled the objection. ECF Doc. 1280. This matter is now before the Court on Claimants' request for $89,480.00 in fees and $32,629.96 in costs. ECF Doc. 1277 at 3. Skanska has filed an objection to the reasonableness of those fees and costs, ECF Doc. 1289, and Claimants have filed a reply, ECF Doc. 1294. Skanska seeks to reduce the fees to $32,465.00 and also objects to the amount of costs sought.

I.     **FEES**

As an initial matter, Skanska does not object to the hourly rate sought by Claimants for their counsel's services and the Court finds based on its own experience and knowledge that the hourly rates sought are reasonable and within the prevailing market rates.  Instead, with regard to fees, Skanska asserts the following objections: (1) Claimants should not be able to recover any fees incurred prior to June 16, 2021; (2) Claimants should not be able to recover fees which are excessive, (3) Claimants should not be able to recover fees which constitute block billing, involve vague entries, or clerical work; (4) Claimants should not be able to recover fees for work that was related to the oral motion for sanctions; and (5) Claimants should not be able to recover fees representing redundant work i.e., work done by more than one counsel.

In opposing a fee application, the objecting party's "objections and proof … concerning hours that should be excluded must be specific and 'reasonably precise.'" *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988)).  Skanska has identified its objections on an entry-by-entry basis and Claimants have replied to those objections – also on an entry-by-entry basis.  ECF Doc. 1294-1.  After reviewing each entry, the Court finds Skanska's objections should be sustained, in part.

**A. Fees Incurred Prior to June 16, 2021**

Skanska's objection to the recovery of fees incurred prior to June 16, 2021, is sustained. While cell phone data may have been briefly discussed prior to June 16, the issue of potential spoliation did not surface until June 16.

The undersigned conducted the first discovery status conference in this case on May 29, 2021. A second conference was held on June 2, 2021, during which Skanska represented it was working on getting cell phone data for thirteen (13) custodians. On June 9, 2021, a third conference was held. During that conference, Skanska represented it had completed downloading cell phone data for seven (7) custodians and that Rob Hill did not have a smart phone. There were no discussions about cell phone data being lost or destroyed for any of the custodians.

On June 16, 2021, a fourth conference was held and during that conference Skanska advised the Court and claimants for the first time that cell phone data for custodians Stevens, Bender, and Johnson may not be available, that Rubio's phone fell overboard, and that it did not have the password for McGlynn's phone. This was the first date on which the issue of potential spoliation surfaced. Up until that date, the parties', and the Court's, focus was simply on ensuring discovery issues did not hold up the parties' ability to get to the then-scheduled September trial date.

Even if Skanska referenced "issues" with a minority of cell phones prior to June 16, it was not clear whether such issues had anything to do with the loss of the data. Moreover, it was not until the Court's fifth scheduling order, held on June 23, 2021, that Skanska identified the dates on which the lost or destroyed phones became unavailable – raising the ire of the Court and the Claimants regarding why the phones were not collected or preserved pursuant to the October 2020 preservation letter. The work that occurred prior to June 16, while of use to Skanska's spoliation argument, would have been necessary regardless of whether spoliation became an issue.

Thus, the Court finds Claimants' fee request should be reduced by **$5,590.00**, representing the fees incurred from June 2, 2021 to June 15, 2021.

**B. Excessive Billing**

Skanska objects to the following categories of work performed as being excessive: (1) work related to the deposition of the 30(b)(6) ESI corporate representative and R. Hill; (2) work related to preparing and drafting the spoliation motion, reply and response to motion to strike; and (3) work related to preparing for the hearing on the spoliation motion.

A district court has discretion to exclude "excessive or unnecessary work on given tasks." *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997), *citing Norman*, 836 F.2d at 1299. The Court has reviewed the time entries submitted by the Claimants and finds some reduction is warranted.

1. Deposition Time

Skanska seeks a reduction of time spent preparing the 30(b)(6) ESI deposition notice from 10.2 hours to 2.5 hours and preparing for the deposition from 41.9 to 14 hours. Skanska argues the time spent is disproportionate to the length of the deposition of approximately 7.5 hours.

While the Court disagrees with discounting the time spent based on the length of the deposition; the Court does find the time spent on preparation to be excessive. Since DNG took the deposition, the Court finds 8.8 hours of ESG preparation time to be excessive. Similarly, the Court finds .9 hours of ESG time for attending the 30(b)(6) deposition during a lunch break of Walker's deposition to be unrecoverable. Thus, the Court will reduce the fees sought by **$3,395.00**.

Similarly, the Court finds the time spent preparing for R. Hill's deposition to be excessive given the limited number of text messages produced for Hill and the fact that many of the questions for each custodian were similar. Claimants seek 8.7 hours. The Court will reduce the time to 2.5 hours of DNG time resulting in a reduction of **$1,550.00**.

Skanska seeks to reduce the amount of time Claimants spent working on the spoliation memo from 50.7 hours[1] to 30 hours, the time spent on the reply from 27.9 hours to 15 hours, and the time spent on the opposition to motion to strike from 6

---

[1] In certain places Skanska references the total time spent Claimants seek for preparing the spoliation memo to be in excessive of 45.9 hours.

Case No. 3:20-cv-05980-LC/HTC

hours to 2.9 hours.[2] Based on the Court's experience and knowledge of this case and the issues presented during the status conferences, the Court finds some reduction is warranted. The Court will reduce DNG's time by 11.1 hours for the spoliation motion and reduce SHE's time and ESG's time by 1.2 hours,[3] resulting in a reduction of **$3,735.00**. The Court will also reduce DNG's time working on the reply brief by 4.4 hours and ESG's time by 2.4 hours, resulting in a reduction of **$1,940.00**.

The Court also finds the time spent on the spoliation hearing, which took 2 hours and 20 minutes, should be reduced. Claimants seek 35.3 hours of preparation time for 4 different timekeepers, including a mock session that involved multiple attorneys. Thus, the Court finds it reasonable to allow Claimants to recover 12.5 hours of DNG time and 4.4 hours of ESG time, resulting in a reduction of **$4,725.00**, related to other timekeepers and time for DNG and ESG in excess of the above hours.

**C. Unrelated Work**

Skanska takes issue with several entries on Claimants' time record, contending that the work performed was not related to the spoliation motion and instead, related to other matters, such as the Claimants' failed oral motion for sanctions, which was

---

[2] Excluded from the preparation time appears to be research time; some of which was objected to by Skanska as redundant where the entry appeared to indicate the same research was being performed by more than one timekeeper. Upon review and consideration of the Claimants' reply, the Court has not reduced any of the research time.

[3] These entries relate to internal conferences with multiple counsel, which the Court finds to be unnecessary.

based on Skanska's alleged intentional misrepresentations, Thomas DeMarco's deposition, and other general matters in the case.

Claimants do not contest the removal of time spent on DeMarco's deposition from their fee request. Thus, Claimants agree to omit the entry for DNG on 6/16/21, totaling $75.00, SHE on 6/17, totaling $225.00, and DNG on 6/18/2021 for $1,875.00. This results in a reduction of **$2,175.00** in fees.

Skanska's objection to time related to the oral motion for sanctions is sustained. The Court agrees that time is not recoverable and will reduce the fee award by **$5,200.00**.

Skanska's objections to time spent related to iPad use is overruled. That time is recoverable. Skanska's objections to time spent related to McGlynn's messages is also overruled.

**D. Block Billing, Vague Entries, and Clerical Work**

"'Block billing' occurs when an attorney lists all the day's tasks on a case in a single entry, without separately identifying the time spent on each task." *Ceres Envtl. Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012). In *Barnes,* the Eleventh Circuit noted that block billing results in "imprecision" in an attorney's records and described it as a "problem" for which the opponent should not be "penalized." *Barnes*, 168 F.3d at 429. Thus, the court approved the opponent's solution of dividing each day's hours by the number of tasks

listed and assigning the quotient to each task.  *See id.*  Courts have also approved across-the-board reductions in block-billed hours to offset the effects of block billing.  *See, e.g., Kearney v. Auto–Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1377–78 (M.D. Fla. 2010); *Lil' Joe Wein Music, Inc. v. Jackson*, 2008 WL 2688117 at *13 (S.D. Fla. 2008).

While block billing does make it more difficult for the Court to apportion the amount of time spent on tasks that are compensable versus those that are not, the undersigned does not find any reduction necessary because the block billing entries include only compensable time.  *See EEOC v. West Customer Mgmnt. Group, LLC, Mortgage Now, Inc.,* 310cv378MCR/CJK, 2015 WL 3750138, at *2 (N.D. Fla. June 15, 2015) ("The Court rejects as lacking merit the EEOC's objection to Attorney Weisbart's 13 hours of 'block billing,' and finds it was not unreasonable to categorize trial preparation as a single task in this manner."); *see also, Williams v. R.W. Cannon, Inc.,* 657 F. Supp. 2d 1302, 1312 (S.D. Fla. 2009) (rejecting reduction of fee based on block billing where "vast majority of entries encompass small increments of time and each of those entries describes a single, discrete task; and where there are multiple entries, those entries are not so vague or confusing that it makes it impossible to determine how the time was spent").  Moreover, the use of block billing in this case was limited.

### E. Redundant Work

Skanska takes issue with several entries on the grounds that they include what appears to be the same work performed by multiple attorneys. Work performed by multiple attorneys is not subject to reduction where the attorneys were not unreasonably doing the same work. *Jones v. Central Soya Co.*, 748 F.2d 586, 594 (11th Cir. 1984); *Johnson v. University College*, 706 F.2d 1205, 1208 (11th Cir. 1983). As the Eleventh Circuit has recognized, "[t]here is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contributions of each lawyer." *See Norman*, 836 F.2d at 1302.

In this case, the involvement of multiple attorneys is inherently necessary given the number of claimants and law firms involved. The Court notes, however, that the majority of timekeepers involved with the spoliation issue were from the same firm. Thus, the Court finds it appropriate to reduce the fee award by **$1,390.00** based on redundant entries, consisting primarily of internal conferences involving 3 or more attorneys.

Secretarial work is not recoverable under an attorney's fee application. *See Williams v. R.W. Cannon, Inc.,* 657 F. Supp. 2d 1302, 1310 (S.D. Fla. 2009). Similarly, "clerical work, compilation of facts and statistics and other work which

can often be accomplished by non-lawyers" are also not recoverable. *Id.* at 1310-11. The Court, however, does not find the entries identified by Skanska to be improper clerical work and thus no reduction is warranted.

## II. COSTS

Skanska also opposes the costs sought by the Claimants. They object to the lack of invoice documentation, to status conference transcripts for June 2 and June 9, for expedited or rough transcripts, and to the recovery of expert fees. Because the expert fees, which total $18,600 is by far the largest of the costs, the Court will address that objection first.

### A. ILS Fees

As Claimants correctly point out, the cases cited by Skanska prohibiting the taxation of expert witness fees do not deal with costs that are recoverable in a Rule 37 sanctions motion and, thus, are not applicable. Rule 37(e)(1) specifically allows the Court to order measures "necessary to cure the prejudice" suffered as a result of the failure to preserve electronic information. Fed. R. Civ. P. 37(e)(1). Courts have interpreted that rule as allowing for the recovery of expert costs. *See e.g., 4DD Holdings, LLC v. United States*, 153 Fed. Cl. 371, 375 (2021) ("If plaintiffs tie the expert and consulting expenses to the government's failure to preserve and produce the electronic information, then fees are awardable under the rule."); *Integrated Direct Mktg., LLC v. May*, 129 F. Supp. 3d 336, 376 (E.D. Va. 2015), *aff'd*, 690 F.

App'x 822 (4th Cir. 2017) ("Accordingly, IDM will be awarded the costs associated with hiring its forensic computer expert, as well as its reasonable attorneys' fees and costs in preparing and prosecuting its Motion for Sanctions."). Thus, the Court finds ILS's fees to be recoverable.

Skanska argues ILS's fees are excessive because it includes work related to the determination of " 'deleted' text messages unrelated to the five unavailable cell phones" and for which "the Court did not grant relief." ECF Doc. 1289 at 13. This statement misrepresents the Court's ruling. To the contrary, while certainly not dispositive of the issue, the Court referenced the deleted messages in the Court's order as one piece of evidence to be considered along with the lost cell phone data. Thus, the Court finds no reduction of ILS's time is warranted on that ground.

Skanska also takes issue with the reasonableness of the ILS's costs. Skanska, however, does not state what hourly rate would be reasonable. It does not, for example, compare ILS's costs with those it has paid to its own ESI expert. Regardless, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303-04. Based on the undersigned's experience and knowledge, having practiced in the area of complex civil litigation for more than twenty (20) years, the undersigned finds ILS's costs to be reasonable.

## B. Other Costs

As stated above, Skanska takes issue with the lack of actual invoices to support the costs sought by Claimants and, in support, cite Local Rule 54.1. Local Rule 54.1 applies to the application for a bill of costs after a successful judgment under Federal Rule of Civil Procedure 54. It does not apply to a sanctions motion under Rule 37. Thus, the requirements set forth in Local Rule 54.1 are not applicable. Likewise, the inability to recover Westlaw as part of a bill of costs does not preclude recovery of those expenses here.

The Court also finds Skanska's opposition to the recovery of hearing transcripts predating June 16, 2021, to be without merit. The fact that spoliation did not become an issue until June 16, does not mean that there was nothing that Skanska said during any of the prior status conferences would be relevant to Claimants' spoliation motion. Claimants referenced these hearing transcripts in their motion and attached them to the motion.

The Court has also considered Claimants' other arguments in favor of a reduction of the cost of deposition transcripts and expedited transcripts and does not find a reduction of those costs to be appropriate on those grounds. The Court also finds the cost of the August 17, 2021 transcript to be appropriate because, after the hearing, the parties submitted additional materials to the Court on the spoliation issue.

### III. CONCLUSION

Based on the above, the Court finds Claimant is entitled to **$59,780.00** in fees and **$32,629.96** in costs. The Court finds the reduced amount to be reasonable and appropriate.

This Court held weekly and, sometimes, bi-weekly status conferences with the parties for two months. The issue of spoliation played a prominent role in those conferences. Understanding what had been spoliated and whether information was available elsewhere was not a simple exercise. Skanska's representations regarding the cell phone data changed or was clarified over time. The parties could not even agree as to the number of messages from the spoliated cell phones that were contained elsewhere. Claimants argued the spoliated evidence contained some of the most crucial communications relating to Skanska's decisions on how to handle the barges in the days leading up to Hurricane Sally. The sanction Claimants sought included dismissal of the action. Thus, this issue was not just another discovery dispute or an ancillary issue. Instead, it was seminal issue in this case and the time spent is reflective of the seriousness of the issue.

Moreover, the time awarded is proportional to the significance of Skanska's limitations action and the financial stakes in play. If Skanska is successful in obtaining exoneration, it could insulate itself from compensatory and punitive damages claimed by hundreds of individuals and businesses impacted by the damage

to the Pensacola Bay Bridge or who suffered property damage from one of Skanska's barges. Even without exoneration, Skanska may be able to limit its liability to $7,920,000.00, the sum of all values set forth in Skanska's limitation actions.

Accordingly, IT IS ORDERED:

1. Claimants are entitled to a sanctions award of fees of $59,780.00 and costs of $32,629.96.

2. Skanska must pay the award within thirty (30) days.

DONE and ORDERED this 1st day of October 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**