**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**
**Civil Hearing Minutes**
**Honorable Lacey A. Collier, Senior United States District Judge**

**Case Style:**   In Re: Skanska
**Case No.:**   3:20-cv-5980
**Date:**   October 6, 2021
**Hearing:**   Pretrial Conference

___

**Time Commenced:  9:00 a.m.**      **Time Concluded:  10:07 a.m.**
**Court Reporter:  Donna Boland**

**Attorneys presenting for Petitioner:**
Derek Walker, Harold Watson, Scott Remington

**Attorneys presenting for Claimants:**
Brian Barr, Sam Geisler, Tom Gonzalez, Nicole Guntner, Robert Kelly

**PROCEEDINGS:**

| Time | |
|---|---|
| 9:00 a.m. | **Pretrial Conference.** |
| | Trial daily schedule announced. |
| | Courtroom guidelines and similar matters announced. |
| | Court inquires of counsel as to exhibits and witnesses. |
| | Messrs. Walker, Barr, Watson, and Kelly respond. |
| 9:19 a.m. | Court makes inquiry as to the witness Captain LaDonn Allen, commanding officer of the United States Coast Guard. |
| | AUSA Robert Kelly responds. |
| 9:20 a.m. | Court makes inquiry as to witness Captain Timothy Kinsella, U.S. Naval Air Station Pensacola. |
| | Mr. Walker asks Mr. Remington to respond. |
| 9:21 a.m. | Mr. Remington responds. |
| 9:23 a.m. | Court inquires as to witness Captain Stroh. |
| | Mr. Walker responds. |
| 9:24 a.m. | Court inquires regarding Claimants' Motion to Take Deposition from Richard Henning [1299] and Skanska's Motion to Take Deposition from Lincoln Stroh [1300] |
| | Mr. Walker responds. |
| | Mr. Gonzalez responds. |
| 9:35 a.m. | From Mr. Barr: Counsel have worked out, agree each side will work on a 50/50 trial clock each day.  Both sides shall track time used. |

| | |
|---|---|
| 9:36 a.m. | Court inquires about the number of barges at issue.  27 or 28? |
| | Mr. Barr responds. |
| | Mr. Walker responds. |
| | Mr. Watson responds. |
| 9:37 a.m. | Court inquires about any anticipated *Daubert* challenges or motions in limine. |
| | Mr. Barr responds. |
| 9:38 a.m. | Court addresses time for trial. |
| | Mr. Barr responds. |
| | Court invites Mr. Walker to respond.  Mr. Walker confirms the agreement of 50/50 time and each side will track their usage. |
| 9:41 a.m. | Mr. Walker asks about opening statements. |
| | Court responds and indicates 30 minutes will be allowed for opening statements.  As to Closing arguments the Court indicates if time is available, closing arguments will be permitted.  Post-trial briefings are also a possibility. |
| | Mr. Barr says counsel will welcome the opportunity for closing arguments but will prepare to provide post trial briefing rather than closing arguments. |
| | Mr. Walker agrees. |
| 9:42 a.m. | Mr. Walker raises the issue of exhibits generically.  All exhibits have been accepted as authentic and admissible and he requests to move them in at the inception of the trial.  He indicates this is agreed upon by all counsel. |
| 9:43 a.m. | Court inquires of Mr. Walker. |
| | Mr. Walker indicates all exhibits have been accepted as to relevance. |
| | Mr. Barr indicates the agreement is both sides are agreeing to authenticity and both sides agree all exhibits are admissible.  However, Mr. Barr indicates both sides previously agree each are reserving the right to object to relevance.  Mr. Barr had no prior understanding the exhibits would be admitted in a "bulk move" at the beginning of trial. |
| 9:45 a.m. | Court inquires as to witness and deposition testimony presentations. |
| | Mr. Barr responds citing Rule 30(b)(6) designees, and Rule 32. |
| 9:50 a.m. | Mr. Walker responds. |
| 9:52 a.m. | Court instructs counsel to discuss these issues amongst themselves. |
| 9:54 a.m. | Mr. Remington inquires with some logistical questions, equipment needs, etc. |
| | The Court responds. |
| 9:57 a.m. | Mr. Remington inquires about potential COVID quarantines of witnesses and whether calling a witness to appear remotely is possible. |
| 9:58 a.m. | Court instructs as to a witness:  one attorney may direct examine; one attorney will cross.  Redirect can be a different attorney, but only one attorney. |
| 10:00 a.m. | Court calls for anything further. |
| | Mr. Barr indicates a stipulation will be filed on the exhibits and witnesses, demonstratives, etc. within a day or two.  Both sides agreed at the conclusion of the evidence for that day, within an hour or two, each side will provide to the other the witnesses who will be called the next day. |
| 10:01 a.m. | Mr. Geisler inquires of the Court as to exhibits for use at cross-examination. |
| 10:02 a.m. | Court responds.  Exhibits must be previously marked. |

| | |
|---|---|
| 10:03 a.m. | Mr. Watson on exhibits.<br>Court instructs counsel to work out an agreement as to exhibits presented wherein no relevance issue is raised and the mechanics of admitting that exhibits.<br>Mr. Barr responds and commits to working with counsel to the mechanics. |
| 10:03 a.m. | Mr. Kelly inquires of the court as to the duration of the trial so travel and hotel accommodations may be made. |
| 10:04 a.m. | Court responds.  The trial is scheduled for five days.  If additional time is needed, the Court will consider. |
| 10:05 a.m. | Ms. Guntner addresses the Court on the application of the spoliation presumptions ordered by Judge Cannon. |
| 10:06 a.m. | Court asks that this issue be addressed in post-trial briefing. |
| 10:07 a.m. | Court is adjourned. |

_____

Filed in Open Court
October 6, 2021
Deputy Clerk: kli