## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE SKANSKA USA CIVIL | § | |
| SOUTHEAST INC. AND | § | **ADMIRALTY RULE 9(H)** |
| SKANSKA USA, INC. AS | § | |
| OWNERS OF THE BARGE KS | § | **CIVIL ACTION NO.** |
| 5331, PRAYING FOR | § | **3:20-CV-05980 – RV/MJF** |
| EXONERATION | § | |
| FROM OR LIMITATION | § | **SENIOR DISTRICT JUDGE** |
| OF LIABILITY | § | **LACEY A. COLLIER** |
| | § | |
| | § | **MAGISTRATE JUDGE** |
| | § | **HOPE THAI CANNON** |

---

### SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC.'S MOTION TO DEFER PAYMENT OF MONETARY SANCTIONS UNTIL ISSUANCE OF INTERLOCUTORY DECREE ON LIABILITY, OR, IN THE ALTERNATIVE, MOTION TO APPROVE SUPERSEDEAS BOND TO STAY EXECUTION OF MONETARY SANCTIONS ORDER PENDING APPEAL AND MEMORANDUM OF LAW

---

Skanska USA Civil Southeast Inc. and Skanska USA, Inc. (collectively, "Skanska") file this Motion to Defer Payment of Monetary Sanctions Until Issuance of Interlocutory Decree on Liability or, in the Alternative, Motion to Approve Supersedeas Bond to Stay Execution of Monetary Sanctions Order Pending Appeal and Memorandum of Law, and in support state as follows:

On October 1, 2021, Magistrate Judge Hope Thai Cannon issued an Order on Claimants' Spoliation Motion and for Sanctions (Doc. #1298) (the "Order"). The

4501832-1

Order held that Claimants are entitled to a sanctions award of fees in the amount of $59,780 and costs in the amount of $32,629.96.  The Order requires payment within thirty (30) days, which expires on November 1, 2021.

Skanska respectfully asks that the Court defer payment of the sanctions award of costs and fees until the time to appeal the forthcoming interlocutory decree on liability by the Honorable Judge Collier following the bench trial held in this case on October 18, 2021 through October 22, 2021.  In addition, Skanska respectfully requests that the Court incorporate the sanctions award in that interlocutory decree, or direct the clerk to do so. Other courts issuing sanctions awards in similar contexts have permitted parties to defer payment of costs and fees until final judgment is entered in the case. S*ee Peter Kiewit Sons', Inc. v. Wall St. Equity Group, Inc.*, 2012 U.S. Dist. LEXIS 135218 at *17 (D. Neb. 2012) (Where court awarded sanctions, order deferred payment until final judgment: "The clerk shall enter this award as part of the judgment eventually entered in this case, unless at or before the time judgment is entered, the clerk is notified by the defendant that the award has been paid.").

Skanska intends to seek appellate review of the Order (Doc. # 1298) and the underlying orders (Doc. # 1265, 1280, 1310). Payment of the award could potentially moot the appeal.  *See, e.g.*, *RES-GA Cobblestone, LLC v. Blake Const. & Dev., LLC*, 718 F.3d 1308, 1315 (11th Cir. 2013) (payment of a civil fine imposed under the

2

court's "authority to sanction a litigant's bad-faith actions renders moot any appeal of the sanction, at least where there is no objective manifestation it is conditional").

By this motion to defer payment, Skanska seeks to avoid piecemeal appeal, as granting the relief requested would avoid the need to immediately appeal the sanctions award and would make the sanctions award appealable at the same time with the interlocutory decree on liability, which would be appealable under 28 U.S.C. § 1292 (a)(3). Alternatively, Skanska respectfully requests, pursuant to Rule 62(b) of the Federal Rules of Civil Procedure and Rule E of the Local Admiralty and Maritime Rules for U.S. District Court for the Northern District of Florida, that the Court approve supersedeas bond pending appeal.

Federal Rule of Civil Procedure 62(b) provides as follows:

> (b) Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b).

"The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986) (citing *Poplar Grove Planting and Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir.

1979)).[1]  Pursuant to Rule 62(b) and Rule E (4) and (15) of the Local Admiralty and Maritime Rules, Skanska moves for approval of a bond in the amount of the fees and costs awarded in the Order totaling $92,409.96 plus 10% to provide security for interest, costs, and any award of damages for delay, pending its appeal from the Order and a potential appeal from the interlocutory decree on liability and for a stay of the enforcement of the Order pending the resolution of the appellate proceedings. A copy of the proposed form of the Bond is attached hereto as Exhibit "A."

The Order directs that "Claimants" are entitled to an award of fees and costs. In this case, there are over 1,000 Claimants.  Because of the large number of Claimants, Skanska would have no reassurance that it could recoup its payment from those Claimants.  *See Alabama Aircraft Indus., Inc. v. Boeing Co*., No. 2:11-CV-03577-RDP, 2018 WL 6220075, at *2 (N.D. Ala. June 15, 2018) ("On the other hand, there is a very real danger that the parties and the court will not be able to get the cow (or, in this case, the funds) back in the barn. Therefore, to accommodate each of these concerns, **while the court will delay actual payment, Boeing must post a bond**.") (emphasis added); *see also Harris v. Hobbs*, 2013 WL 12108607, at *1 (N.D. Fla. Feb. 11, 2013) ("I ordinarily defer determination of the amount of a fee award until after resolution of any appeal. This is good case management for

---

[1]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

4

several reasons" including that an "appellate decision sometimes affects a party's entitlement to a fee award."); *see also Painter v. Ju-Lin*, No. 1:08-CV-122, 2010 WL 1329742, at \*2 (E.D. Tenn. Mar. 29, 2010) (finding a sanction appropriate, but delaying "imposition of the sanction until a final resolution of the case").

The bond is necessary to ensure that Skanska's appellate rights are preserved, as payment of the sanctions award could potentially moot the appeal from the Order. *See, e.g.*, *RES-GA Cobblestone, LLC v. Blake Const. & Dev., LLC*, 718 F.3d 1308, 1315 (11th Cir. 2013).

## CONCLUSION

For the foregoing reasons, Skanska moves:

(1)  to defer the November 1, 2021 payment deadline set forth in the Order (Doc. #1298) to coincide with the deadline to appeal the upcoming interlocutory decree on liability following the bench trial held in this case on October 18, 2021 through October 22, 2021 and respectfully request that the Court include the award of fees and costs in that interlocutory decree, or direct the clerk to do so; or, in the alternative,

(2)  for approval of a bond in the form attached hereto as Exhibit "A," and to stay enforcement of the Order pending resolution of the appeal from the Order and the appeal from the interlocutory decree on liability.

*[SIGNATURE FOLLOWS ON NEXT PAGE]*

4501832-1

Respectfully submitted,

*/s/ Elizabeth C. Billhimer*
**SCOTT A. REMINGTON**
Florida Bar No. 122483
**JEREMY C. BRANNING**
Florida Bar No. 507016
**ELIZABETH C. BILLHIMER**
Florida Bar No. 121986
**CLARK PARTINGTON**
P.O. Box 13010
Pensacola, FL  32591-3010
Telephone: (850) 434-9200
Facsimile: (850) 432-7340

Harold. K. Watson, Esq.
Derek A. Walker, Esq.
Charles P. Blanchard, Esq.
Jon W. Wise, Esq.
**CHAFFE MCCALL, LLP**
801 Travis, Suite 1910
Houston, Texas 77002
Telephone:  (713) 546-9800
Facsimile:    (713) 546-9806

*Attorneys for Skanska USA Civil Southeast Inc. and Skanska USA, Inc.*

6

**<u>CERTIFICATE OF COMPLIANCE AS TO WORD COUNT</u>**

I hereby certify that, as required by Local Rule 7.1(F), this Opposition contains _____ words, counted as provided in Local Rule 7.1(F).

*/s/ Elizabeth C. Billhimer*
**ELIZABETH C. BILLHIMER**

**<u>CERTIFICATE OF COUNSEL CONFERENCE</u>**

I hereby certify that in a good faith effort to resolve the issues raised in this motion as required by N.D. Fla. Loc. R. 7.1(B), the undersigned counsel for Skanska has communicated with counsel for Claimants by both telephone and by e-mails, exchanging proposed versions of a joint motion, over the past week. Agreement appeared to be within reach, but ultimately, on the date of the filing of this motion, negotiations reached an impasse. Counsel for Claimants have authorized the undersigned to represent to the Court that the Claimants do not consent to this motion and they do not agree to defer payment of the sanctions award; but they do not object to the filing of a supersedeas bond on the sanctions amount.

*/s/ Elizabeth C. Billhimer*
**ELIZABETH C. BILLHIMER**

4501832-1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has been filed with the Clerk of Court and furnished to all counsel of record through the Court's CM/ECF electronic filing system on this 29th day of October, 2021:


*/s/ Elizabeth C. Billhimer*
**ELIZABETH C. BILLHIMER**

4501832-1