UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE SKANSKA USA CIVIL SOUTHEAST INC. AND SKANSKA USA, INC. AS OWNERS OF THE BARGE KS 5331, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § § | ADMIRALTY RULE 9(H)  CIVIL ACTION NO. 3:20-CV-05980 – RV/MJF  SENIOR DISTRICT JUDGE LACEY A. COLLIER  MAGISTRATE JUDGE HOPE THAI CANNON |

**SKANSKA USA CIVIL SOUTHEAST INC. AND
SKANSKA USA, INC.'S MOTION FOR NEW TRIAL**

Skanska USA Civil Southeast Inc. and Skanska USA, Inc. (collectively, "Skanska") files this Motion for a New Trial pursuant to Fed. R. Civ. P. 59(a)(1)(B) and (a)(2), and respectfully states as follows:

1.  Under the rule of *The Louisiana*, 70 U.S. (3 Wall.) 164 (1865), when a vessel breaks her moorings and strikes a fixed object or stationary vessel, the moving vessel is presumed to be at fault. The moving vessel can overcome this presumption by proving either that "[1] that the allision was the fault of the stationary object[;] [2] that the moving vessel acted with reasonable care[;] or [3] that the allision was an unavoidable accident." *Bunge Corp. v. Freeport Marine Repair, Inc.*, 240 F.3d 919, 923 (11th Cir. 2001).

1

2. The test for whether the moving vessel acted with reasonable care is accurately set forth in the 1970 case of *Petition of the United States of America*, 425 F.2d. 991 (5th Cir. 1970):

> The test for determining whether [Skanska] is free from fault is whether [it] took reasonable precautions ***under the circumstances as known or reasonably anticipated.*** If those responsible for [Skanska's] barges were ***reasonable in their anticipation of the severity of the impending storm*** and undertook reasonable preparations in light of such anticipation, then they are relieved of liability. The standard of reasonableness is that of a prudent man familiar with the ways and vagaries of the sea.

*Id.* at 995. (Emphasis added). Accordingly, this defense has two components: (1) Was Skanska "reasonable in [its] anticipation of the severity of the impending storm"? and (2) did Skanska undertake reasonable precautions in light of the reasonably anticipated conditions?

3. In analyzing whether a vessel owner has acted reasonably, the courts have consistently considered evidence of how similarly situated entities have acted. In *The T.J. Hooper*, 60 F.2d 737 (2d Cir. 1932), defendant's tugs lost two barges en route from Norfolk to New York City when caught in a gale. Another tow proceeding on the same route put into a port of refuge before the storm struck, and three other tows followed suit. In determining whether the defendant had acted negligently in continuing with the voyage, the court, speaking through Judge Learned Hand, stated "Courts have not often such evidence of the opinion of

impartial experts, formed in the very circumstances and confirmed by their own conduct at the time." *Id.* at 739.

4. Similarly, in *Buntin v. Fletchas*, 257 F.2d 512 (5th Cir. 1958), the court looked to actions of third parties to determine whether the defendant had acted reasonably, stating that "The houseboat was secured in the same manner as other boats that survived the hurricane at the shipyard." *Id.* at 514. *See also Hatt 65, LLC v. Kreitzberg*, 2009 U.S. Dist. LEXIS 95332 at *7, Case No. 3:06cv332-MCR/EMT (N.D. Fla., Sept. 30, 2009), *affirmed*, 658 F.3d 1243 (11th Cir. 2011) ("[M]ost, if not all, persons in the area were still expecting the storm to make landfall near Mobile Bay to the west in accordance with the NHC's 4:00 forecast.").

5. Skanska had indications from newspaper reports that the United States Navy and Escambia County, both sophisticated entities with a duty to the public to monitor Sally, had similarly concluded that Sally was unlikely to have a significant impact on Pensacola. *See* **Exhibits A and B**.

6. Accordingly, Skanska propounded the following interrogatories to the government:

> INTERROGATORY NO. 15: DIRECTED TO THE UNITED STATES OF AMERICA
>
> Please identify each and every log, record, report, planning document, after-action reporting document, or data compilation of any kind, including text messages, Naval messages, or emails, kept or maintained by NASP, other Independent Commands, Sub-

>Regional Command Centers, and Regional Commanders for September 10-30, 2020, whether handwritten or recorded by electronic or mechanical equipment, and which relates to the preparations for and responses to Hurricane Sally.
>
>INTERROGATORY NO. 16: DIRECTED TO THE UNITED STATES OF AMERICA
>
>Describe in detail and particularity the meteorological data and interpretation of the same that NASP, other Independent Commands, Sub-Regional Command Centers, and Regional Commanders utilized and relied on in order to make decisions to protect property and personnel from the impacts of Hurricane Sally.

Interrogatory No. 16 inquired directly into the U.S. government's interpretation of meteorological data, and thus is likely to elicit information relevant to whether Skanska's interpretation of that data was reasonable. Interrogatory No. 15 inquired into communications about hurricane preparations, which would likely include communications relating to the expected weather conditions.

7. In Discovery Order No. 2, ECF No. 1192, Magistrate Judge Cannon held that what the Navy had done to prepare for Sally was irrelevant, in that the Navy did not have any barges.

8. Skanska filed an objection to Magistrate Judge Cannon's ruling, pointing out that while what the Navy did to physically prepare for Sally might not be relevant with regard to the manner in which Skanska had secured its barges, evidence of what sources the Navy relied upon to evaluate the potential impact of Sally and how it had evaluated that information was relevant to whether Skanska

4

was reasonable in relying on the sources it relied upon, and whether Skanska's evaluation of the information obtained from those sources was reasonable. ECF No. 1201. This Court denied the objection. ECF No. 1205. Magistrate Judge Cannon then also granted the United States a protective order prohibiting Skanska from taking depositions of Navy personnel. ECF No. 1226.

9. A denial of discovery is based on an abuse of discretion standard, but "[a] district court by definition abuses its discretion when it makes an error of law." *Arthur v. Allen*, 452 F.3d 1234, 1243, *modified on rehearing on other grounds*, 459 F.3d 1310 (11th Cir. 2006), *cert. den.* 127 S. Ct. 2003 (2007) (quoting *Koon v. United States*, 518 U.S. 81, 100 (1996). The Court's ruling that evidence of how sophisticated entities evaluated the potential impact of Sally was irrelevant is in conflict with the cases cited above, including *Buntin v. Fletchas*, 257 F.2d 512 (5th Cir. 1958), an "old Fifth Circuit" case binding in the Eleventh Circuit. Accordingly, denial of discovery was an error of law.

10. "Erroneous denial of discovery is ordinarily prejudicial in the absence of circumstances showing that it is harmless." *Weahkee v. Norton*, 621 F.2d 1080, 1083 (10th Cir. 1980); *Shaklee Corp. v. Gunnell*, 748 F.2d 548, 550 (10th Cir. 1984).

11. Accordingly, Skanska is entitled to a new trial after being allowed to conduct the discovery previously disallowed.

WHEREFORE, PREMISES CONSIDERRED, Skanska hereby moves the Court to order a new trial, allow the discovery prohibited by the Court's orders, take additional testimony and issue amended findings of fact and conclusions of law based upon that additional evidence.

*{signature on following page}*

Respectfully submitted,

*/s/ Harold K. Watson*
**DEREK A. WALKER**
Admitted *Pro Hac Vice*
**KENNETH H. TRIBUCH**
Florida Bar No. 986887
Harold K. Watson, Esq.
Derek A. Walker, Esq.
Charles P. Blanchard, Esq.
Jon W. Wise, Esq.
**CHAFFE MCCALL, LLP**
801 Travis, Suite 1910
Houston, Texas 77002
Telephone:  (713) 546-9800
Facsimile:   (713) 546-9806

**ANTHONY J. RUSSO, ESQ.**
Florida Bar No.: 508608
arusso@butler.legal
**MIHAELA CABULEA, ESQ.**
Florida Bar No.: 71586
mcabulea@butler.legal
rburnison@butler.legal
**BUTLER WEIHMULLER KATZ CRAIG LLP**
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (713) 546-9800
Facsimile: (713) 546-9806

**SCOTT A. REMINGTON**
Florida Bar  No. 122483
**JEREMY C. BRANNING**
Florida Bar No. 507016
**ANDREW M. SPENCER**
Florida Bar No. 0119966
**CLARK PARTINGTON**
P.O. Box 13010
Pensacola, FL  32591-3010
Telephone: (850) 434-92000
Facsimile: 9850) 432-7340

*Attorneys for Skanska USA Civil Southeast, Inc. and Skanska USA, Inc.*

## CERTIFICATE OF COMPLIANCE AS TO WORD COUNT

I hereby certify that, as required by Local Rule 7.1(F), this Motion contains 1,128 words, counted as provided in Local Rule 7.1(F).

                                          */s/ Andrew M. Spencer*
                                          **ANDREW M. SPENCER**

## CERTIFICATE OF COUNSEL CONFERENCE

Although N.D. Fla. Loc. R. 7.1 does not appear to require conferral on this Motion due to the relief requested, I hereby certify that, in an abundance of caution, undersigned counsel for Skanska conferred with counsel for Claimants by telephone and email. Counsel for Claimants represented to undersigned counsel that Claimants object to the relief requested in this Motion.

                                          */s/ Jeremy C. Branning*
                                          **JEREMY C. BRANNING**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been filed with the Clerk of Court and furnished to all counsel of record through the Court's CM/ECF electronic filing system on this 18th day of January, 2022.

                                          */s/ Andrew M. Spencer*
                                          **ANDREW M. SPENCER**