## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF IN RE | § | |
| SKANSKA USA CIVIL | § | |
| SOUTHEAST INC. AND | § | |
| SKANSKA USA, INC. AS | § | **ADMIRALTY RULE 9(H)** |
| OWNERS OF THE BARGE KS | § | |
| 5531 PRAYING FOR | § | |
| EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |
| | § | **CIVIL ACTION NO.** |
| | § | **3:20-CV-05980-LC/HTC** |

## ORDER ON CLAIMANTS' BILL OF COSTS

This matter is before the Court on Claimants' Bill of Costs, ECF Doc. 1353, the United States' Amended Bill of Costs, ECF Doc. 1365, Skanska's response in opposition, ECF Doc. 1364, Claimants' reply, ECF Doc. 1374, and Skanska's Sur-Reply, ECF Doc. 1381.  Upon consideration, the Court finds Claimants should be awarded $100,476.37 in taxable costs.[1]

### I.    Background

Skanska brought this admiralty action seeking a declaration from the Court limiting its liability to hundreds of Claimants for property and economic damages

---

[1] This matter was referred to the undersigned for disposition by Senior District Judge Collier.

allegedly suffered by the Claimants as a result of Skanska's negligence in failing to secure numerous barges during Hurricane Sally.

After a one-week bench trial held in October 2021, the Court entered an Order and Final Judgment in favor of Claimants.  ECF Doc. 1352.  Skanska appealed the Judgment and, on August 2, 2023, the Eleventh Circuit affirmed the Judgment.  ECF Docs. 1385, 1386.

## II.    Legal Standard

Under the Federal Rules of Civil Procedure, a prevailing party may recover the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.  28 U.S.C. § 1920; *see also* Fed R. Civ P. 54(d)(1).

While courts are "accorded great latitude in ascertaining taxable costs," *Habersham Plantation Corp. v. Art & Frame Direct, Inc.*, 2011 WL 6138740, at *1 (S.D. Fla. Dec. 9, 2011), their discretion is limited to only those costs specifically set out in § 1920, *Crawford Fitting Co*., *v. J.T. Gibbons, Inc.,* 482 U.S. 437, 440–44

(1987). Courts may not tax as costs any items not authorized by statute. *See e.g. U.S. EEOC v. W & O, Inc*., 213 F.3d 600, 620 (11th Cir. 2000). When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party. *See Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005); *Desisto College, Inc. v. Town of Howey-in-the-Hills,* 718 F. Supp. 906, 910 n.1 (M.D. Fla. 1989), aff'd, 914 F.2d 267 (11th Cir. 1990).

### III. Discussion

Claimants seek a total of $230,855.54 in costs, broken down as follows: $9,725.13 is sought by Beggs & Lane, RLLP; $31,852.41 is sought by Levin Papantonio Rafferty; and $157,171.31 is sought by Alystock Witkin Kries & Overholtz. Additionally, the United States, which was also one of the Claimants, and was separately represented, seeks $32,106.69.

Skanska has filed an opposition to the Claimants' and the United States' Bills of Costs. ECF Doc. 1364. Based on the opposition, Skanska does not object to the service of process fees or expert witness appearance fees. Thus, Claimants should be awarded $250.00 for service of process (as sought on the Aylstock Bill of Costs), $48.06 for witness fees (as sought on the Aylstock Bill of Costs), and $1852.69 for

witness fees (as sought by Beggs & Lane).[2]  Skanska, however, objects in whole or in part to the other costs sought by Claimants.  Each category of disputed costs is discussed below.

A. Trial Technology

Claimants seek $39,200 for the services of trial technology vendor Courtcom. On Aylstock's breakdown, the firm identifies these costs as being for transcripts – preparing video depositions; exemplifications – preparing trial exhibits; and printing. ECF Doc. 1353-1 at 3.  While acknowledging § 1920 does not explicitly provide for trial technology costs, Claimants argue they should be able to recover these costs here because the Court wanted a paperless trial.

Based on Courtcom's invoice, it appears the majority of Courtcom's work was devoted to cutting and working with video depositions, rather than converting hard copy exhibits to electronic exhibits.[3]  *See* ECF Doc. 1353-1 at 8-11.  As discussed below, while the costs for video depositions are recoverable, the costs of preparing them for trial are not.  *See Jo Ann Howard & Assoc., P.C. v. Cassity*, 146 F. Supp. 3d

---

[2] Beggs & Lane requested witness fees for Richard DiNapoli totaling $1,497.55.  ECF Doc. 1353-2 at 2.  Of this amount, Beggs & Lane has since learned that $842.39 was for first class airfare. ECF Doc. 1354.  Mr. DiNapoli does not know how much an unrestricted coach fare would have been at that time.  *Id.*  Claimants thus concede the airfare should be reduced by 50% to $421.19, *id.*, making the total taxable costs for Mr. DiNapoli's attendance at trial $1,076.36, and the total witness fees being sought by Beggs & Lane, $1,852.69 (rather than $2,273.88).
[3] The costs included are also for "emails, phone calls, and texts," which are not taxable even if they relate to copying costs or exemplifications.  *See CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1331 (D.C. Cir. 2013).

1071, 1088 (E.D. Mo. 2015) ("video editing does not constitute 'exemplification' under § 1920(4)"); *Hughes v. Priderock Capital Partners, LLC*, 2020 WL 6491003, at *4 (S.D. Fla. Sept. 17, 2020) (noting § 1920 does not explicitly provide for trial technology fees and courts in this Circuit have held such expenses incurred in connection with the presentation of evidence are not taxable); *Akanthos Capital Mgmt., LLC v. CompuCredit Holdings Corp.*, 2 F. Supp. 3d 1306, 1309 (N.D. Ga. 2014) (while recognizing the Eleventh Circuit has not spoken on the issue of whether electronic exhibits are taxable and thus such costs *may* be taxable, the court denied recovery given the "general preference for narrow construction of the statute"); *Zendejas v. Redman*, 2018 WL 7892097, at *5-6 (S.D. Fla. Dec. 14, 2018) (noting party could not recover costs for company which "edited objections and unnecessary pauses from video depositions, combined all of the parties' video deposition clips, and played back relevant portions at trial"), *report and recommendation adopted*, 2019 WL 1434602 (S.D. Fla. Mar. 25, 2019).

Claimants argue the costs for Courtcom's services are recoverable as they relate to exhibit formatting. However, even if formatting costs were recoverable, Claimants are already seeking ESI costs for converting hard copy documents produced in this litigation to electronic form. Also, the descriptions provided by Claimants for the "exemplification" are too vague for this Court to determine what "trial exhibits" (other than videos) were prepared, what was done to "prepare" them,

or whether such exhibits were necessary.  Regardless, the Court does not find authority supporting an award of these costs for trial technology under § 1920.  *See e.g., Mitchell-Proffitt Co. v. Eagle Crest, Inc.*, 2005 WL 8159671, at *6 (M.D. Fla. Nov. 28, 2005) (scanning and computer imaging of exhibits are not covered); *Amgen, Inc. v. Apotex Inc.,* 2017 WL 11680186, at *5 (S.D. Fla. Jan. 31, 2017) (denying costs for tutorials, animated trial demonstratives, exhibits, visual aids, and presentations for use during trial), *report and recommendation adopted,* 2017 WL 11680184 (S.D. Fla. Feb. 15, 2017); *Powell v. The Home Depot, USA, Inc.*, 2010 WL 4116488, at *21 (S.D. Fla. Sept. 14, 2010) (denying costs for multi-media/Powerpoint presentation); *Battenfield of America Holding Co., Inc. v. Baird, Kurtz & Dobson*, 196 F.R.D. 613, 615 (D. Kan. 2000) (declining costs for technical support for operation of video deposition system at trial); *Yale Mortg. Corp. v. Wells Fargo Bank, N.A.*, 2012 WL 3597438, at *6 (S.D. Fla. Aug. 20, 2012) ("Technological support expenses are not included within these listed costs.").[4]  Thus, the Court does not find any of the $39,200[5] sought by Claimants for Courtcom's services to be taxable under § 1920.

---

[4] The Court notes that while Claimants argue the court in *Rosenfeld v. Oceania Cruises* found certain trial technology services to be recoverable, the *Rosenfeld* court actually denied recovery of an on-site trial tech.  *See Rosenfeld v. Oceania Cruises*, 2014 WL 1283361, at * 4 (S.D. Fla. Mar. 18, 2014).

[5] In its breakdown, Aylstock seeks $39,200 for Courtcom.  However, Courtcom's invoices total only $39,175.39, including hotel expenses and "TimeCoder Pro Sync Charges," ECF Doc. 1353-1 at 11, which are clearly not taxable.

B. Trial Daily Transcripts and Transcripts for Discovery Conferences

Claimants seek recovery of the costs of daily transcripts for the trial and the weekly discovery conferences that were held before the undersigned. While not necessarily objecting to the need for trial transcripts, Skanska objects to the cost for daily transcripts. Skanska also argues transcripts for the weekly discovery conferences were not necessary.

For Claimants to recover these transcript costs, the Court must find they were "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), and also that daily transcripts were necessary, rather than merely convenient. *See King Cole Condominium Assoc., Inc. v. QBE Ins. Corp.*, 2010 WL 11505154, at *8 (S.D. Fla. Sept. 29, 2010). "The question of whether the expense of a daily transcript is to be taxed in favor of the prevailing party is a matter resting largely in the discretion of the trial court." *Syracuse Broadcasting Corp. v. Newhouse*, 319 F.2d 683, 690 (2d Cir. 1963).

Claimants explain that daily transcripts were needed because the parties were not provided with a deadline prior to trial for post-trial briefs, and because they had gotten daily transcripts they were ready to submit those briefs by October 29, 2021. The Court finds this cost to be taxable. First, there is no dispute the transcripts were used extensively in the post-trial briefs. Second, even though the parties agreed to submit post-trial briefs on November 8, rather than October 29 – that date was still

only 17 days after the trial concluded.  Thus, the Court finds daily transcripts were necessary to comport with the Court's deadlines and Claimants are entitled to recover $12,431.90 for daily trial transcripts.[6]  *See Zweizig v. Nw. Direct Teleservices, Inc.*, 2019 WL 5889296, at *9 (D. Ore. Nov. 11, 2019) (awarding costs of transcripts which were reasonably necessary to the motions filed after trial); *Currie v. Chevron U.S.A., Inc.,* 2007 WL 9747456, at *4 (N.D. Ga. Jan. 30, 2007) (courts should consider (1) the complexity of the trial; (2) the length of the trial; and (3) whether the parties are required to submit post-trial briefs or proposed findings to the court).

The Court also finds the costs of daily transcripts for the discovery hearings before the undersigned to be necessary, rather than a convenience to counsel.  As Claimants point out, the undersigned was tasked with ensuring the parties stayed on track for trial with their discovery and that discovery disputes were handled expeditiously.  The undersigned thus had weekly conferences with the parties, during which significant issues were raised and discussed.  Because of the speed at which the Court was trying to resolve discovery disputes and requiring written submissions by the parties, only daily transcripts would have sufficed.  Moreover, it cannot be disputed that these discovery hearings were necessary to the trial.  Indeed, many of

---

[6] With regard to the trial transcripts, Skanska also argues that Claimants are seeking more than the actual cost for the transcripts because in addition to the Aylstock firm claiming the entire $12,431.90 on their Bill of Costs, ECF Doc. 1353-1 at 4, the other firms are also seeking recovery of 1/3 of the that amount.  Skanska appears to be correct; thus, the Aylstock Bill of Costs will be reduced by $8,287.92.

the discovery issues the undersigned addressed, including whether certain depositions could be taken, were issues at the trial as well. *See In Re Fundamental Long Term Care, Inc.*, 753 F. App'x 878, 883-84 (11th Cir. 2019) (taxing costs of hearing transcripts, including those from other actions, as necessary for use in the case). Claimants are entitled to recover $17,096.07 in daily transcript costs for the discovery hearings[7] (all of which are contained on Aylstock's Bill of Costs). However, this amount will be reduced by $2,368.29, since those costs were awarded to Claimants as sanctions. Thus, the total taxable costs for the daily hearing transcripts are $14,727.78.

C. <u>ESI Document Production Consultant's Fees</u>

Claimants seek $5,380.18 of costs paid to ESI Vendor, International Litigation Services, Inc. ("ILS"), ECF Doc. 1353-1 at 4, for formatting documents for production and the creation of load files. In Aylstock's breakdown, the firm identifies these costs as "exemplification" costs and describes it as relating to "preparation of outgoing production." ECF Doc. 1353-1 at 4. The breakdown also refers to the ILS invoice entries, which appear to be for (1) "checking/grooming/loading of data files from production" with the "charges based on total data size loaded on the Review Platform"; (2) "data intake – validation, inventory, assignment of evidence ID, and

---

[7] From the total of $17,839.07, the Court does not find the transcript cost or court reporter fee for the March status conference ($239.75), the canceled May 18 hearing ($95), the May 19 status conference ($218.25+$95), or the June 21 hearing ($95) to be necessary to the case.

data encryption"; and (3) "preparing documents for production including imaging, insertion of placeholders, performing quality control, and packaging for FTP." *Id.* at 38-62.

The Eleventh Circuit has not directly addressed whether costs related to ESI are taxable under § 1920; however, the Federal Circuit has considered the issue and determined that the statute allows for "only limited recovery of costs of electronic [discovery]." *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1325 (Fed. Cir. 2013) (noting that in 2008, the statue was amended to omit the reference to "copies of paper"). According to the Federal Circuit, the costs to make duplicates in electronic format are recoverable under § 1920(4) as part of the "costs of making copies." *Id.* at 1328. However, the "preparatory or ancillary costs commonly incurred leading up to, in conjunction with, or after duplication" are not recoverable. *Id.*

In determining what those nonrecoverable costs are, the Federal Circuit discussed the stages of electronic discovery and defined them as follows: at stage one, the ESI vendor makes an image of the "source media" containing the requested documents; at stage two, the extracted documents are organized into a database and indexed, decrypted, de-duplicated, filtered, analyzed, searched, and reviewed to identify responsive documents and privileged information; and at stage three, the documents selected for production are copied onto a memory media. *Id.* at 1328-29.

While the Federal Circuit recognized that whether the costs associated with the tasks performed at stage one are taxable will depend on the circumstances of the case – for example, whether the production was subject to specific formatting or production requirements – and stage three costs are recoverable, the court found the costs associated with the tasks at stage 2 are not generally taxable. *Id.* at 1330-31. Those nonrecoverable tasks include: keyword searching, auditing and logging of files, extraction of proprietary data, acquiring, installing, and configuring a new data hosting server, litigation support tasks, decrypting, and deduplication. *Id.* at 1331-32.

This Court finds the Federal Circuit's analysis to be persuasive and, thus, finds that only the costs for loading the data files and preparing the documents for copying and production are taxable. *See e.g., Country Vintner of North Carolina, LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 262 (4th Cir. 2013) (rejecting argument that ESI costs were for exemplification and taxing only the costs for "conversion of native files to TIFF and PDF formats, and the transfer onto CDs"); *Akanthos Capital Mgmt., LLC*, 2 F. Supp. 3d 1306, 1312 (N.D. Ga. 2014) (denying recovery of costs for ESI vendor to process data, de-duplicate the data, index, search and review the data, data storage, and technical support); *Performance Pricing, Inc. v. Google, Inc.*, 2010 WL 1153061, at *5 (E.D. Tex. June 29, 2010) ("'techniques of processing records, extracting data, and converting files, which served to create searchable documents,

rather than merely reproduce paper documents in electronic form' are not electronic equivalents of exemplification and copying") (internal citations omitted); *Bark v. United States Forest Svc.,* 2014 WL 12768161 at *5 (D.D.C. Dec. 31, 2014) ("production of an index for improving organization or access to the copied materials is not itself the act of 'making copies'").  Based on the unredacted portions of the invoices provided by ILS, the Court calculates the taxable costs to be $4,606.85.

    D. <u>Deposition Costs</u>

Although § 1920 does not specifically mention depositions, taxation of deposition costs is authorized by § 1920(2).  *See e.g., U.S. EEOC*, 213 F.3d at 620. However, where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable.  *Id*.  Whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially "necessarily obtained for use in the case."  *Id.* at 620-21 (citing *Newman v A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. 1981).  The deposition need not be used at trial but must appear reasonably necessary at the time it is taken.  *Allen v. United States Steel Corp*., 665 F.2d 689 (11th Cir. 1982).  The court may tax costs for the attendance of the court reporter and for the transcript.  Other costs such as mini-transcripts, CDs, word index, postage, and delivery are not taxable as they are for the convenience of counsel.  *See George v. Fla. Dep't of Corr.*, 2008 WL 2571348 at *5 (S.D. Fla. May 23, 2008).

Here, Claimants seek to recover deposition costs, consisting of the costs of the transcripts (including expedited transcripts and rough drafts) and for the video recordings of those same depositions.[8]  While Skanska acknowledges that deposition costs are, generally, recoverable, they object to all the depositions taken as being reasonably necessary to the case, to the recovery of both video costs and transcript costs, and to the recovery of costs for expedited transcripts.  Skanska also argues the Aylstock firm already recovered $10,478.78 as sanctions and, thus, those deposition costs cannot be recovered again.

As an initial matter, although Skanska argues not all the depositions were reasonably necessary, Skanska does not identify those unnecessary depositions.  Also, Skanska does not dispute the witnesses deposed were identified by Skanska on its witness list.  The Eleventh Circuit has upheld the taxation of a deposition where the losing party listed the deponent on its witness list.  *See e.g., U.S. EEOC*, 213 F.3d at 621; *New Hampshire Ins. Co. v. Blue Water Off Shore, LLC*, 2009 WL 2762814, at *2 (S.D. Ala. Aug. 28, 2009) (awarding costs for all depositions where all but 2 were on plaintiff's witness list and defendant relied on others in summary judgment motion).  "Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine the witnesses, and that 'the

---

[8] By the Court's count the deposition costs relate to the depositions of at least 19 witnesses.

information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery.'" *U.S. EEOC*, 213 F.3d at 621 (citations omitted). Moreover, the Court notes that 11 of the 19 witnesses testified at trial, one deposition was admitted into evidence, and several other transcripts were relied upon by Claimants in their spoliation motion or motion for partial summary judgment. *Id.* ("A district court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'") (citing *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997)); *see also In re Fundamental Long Term Care, Inc.*, 753 F. App'x 878, 882 (11th Cir. 2019) (finding no abuse of discretion by court in including $58,650.19 in deposition transcript and video costs even though not all depositions were used in dispositive motion). Thus, the Court finds the deposition costs for all the deponents are recoverable. *Id.*

With regard to which costs are taxable, the Court finds the Claimants are entitled to recover both the stenographic costs and the video costs for these depositions. *See e.g., Trawick v. Carmike Cinemas, Inc.*, 430 F. Supp. 3d 1354, 1371 (M.D. Ga. 2019) (allowing recovery of both transcript fee and fee for videotaping deposition); *New Hampshire Ins. Co*, 2009 WL 2762814, at *2 (taxing costs for videos and transcripts); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1295 (S.D. Fla. 2015) (awarding costs for video deposition where defendant met burden of showing

it was reasonably necessary).  While Skanska argues it was not necessary to videotape the depositions, it does not dispute that many of the deponents were out of town, that this case was on an accelerated discovery and trial schedule, or that it did not object to notice of deposition by video recording.  *See e.g., Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) ("when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed"); *Trawick*, 430 F. Supp. 3d at 1371 (taxing costs for both video recording and stenographic transcript as necessary).

The Court agrees with Skanska, however, that Claimants are not entitled to the costs for expediting the transcripts.  Expedited costs may be recoverable if they were obtained out of necessity, rather than mere convenience.  *See George*, 2008 WL 2571348, at *6 (finding expedited and condensed transcripts, CD-ROMs, and expedited shipping not recoverable where claimant was unable to prove necessity, rather than mere convenience).  Here, it appears Claimants expedited all deposition transcripts.   Based on the undersigned's involvement with this action, the undersigned is aware it may have been necessary to obtain expedited transcripts to address various discovery issues that arose during the undersigned's weekly status

conferences with the parties prior to trial. However, it would not have been necessary to expedite all the transcripts, and Claimants do not explain in their motion or reply why it was necessary to expedite each of the transcripts at issue. *See id.* It is also not clear why Claimants needed a rough transcript as well as a 2-day expedited transcript. Thus, the Court does not find the costs of rough transcripts to be taxable. *See Kidd v. Mando Am. Corp.,* 870 F. Supp. 2d 1297, 1299 (M.D. Ala. 2012) (denying costs for rough drafts, condensed transcripts and a depo drive and stating "In the absence of a showing by the Defendant as to the necessity of what appear to be convenience costs included in its Bill of Costs, this court finds, as others have, that those costs are not taxable pursuant to 28 U.S.C. § 1920(2).").

The Court also agrees with Skanksa that the deposition costs should be reduced by the amount of those depositions costs Claimants recovered as part of the spoliation motion. The Court finds that amount to be $10,800.29 ($10,478.78 for Aylstock and $321.51 for Levin). *See* ECF Docs. 1277 at 3; 1277-11; 1364-3 at 2.

Finally, Skanksa objects to the Claimants' recovery of $22,065.00 in deposition costs for the services of Precision Trial Solutions. In the breakdown, Aylstock identifies these costs as being for "transcripts." ECF Doc. 1353-1 at 5. However, a review of the invoices for Precision Trial Solutions shows the services they provided were for deposition support, including general technology support during the depositions. The Court can find no authority to support the recovery of

such deposition technology costs. *See e.g., Oirya v. Mando Am. Corp.*, 2023 WL 4397711, at *3 (M.D. Ala. June 20, 2023) (finding no authority under § 1920 for taxing video conferencing because such service is a convenience for the parties).

Once expedited costs, rough drafts and the services of Precision Trial Solutions are excluded, the Court finds $52,851.98 to be taxable as deposition costs as follows:[9]

| Aylstock | $32,537.49 |
| Beggs | $1,991.94 |
| Levin | $18,322.55 |

This amount, however, will be further reduced by the sanctions recovery of $10,800.29, for a total of $42,051.69.

E.  Exemplification and Copying Costs

The "[f]ees for exemplification and the costs of making copies" are recoverable if the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Eleventh Circuit has defined an "exemplification" under § 1920(4) as "[a]n official transcript of a public record, authenticated as a true copy for use as evidence," and not the broader and common connotation that includes a "showing or illustrating by example." *Arcadian Fertilizer, L.P. v. MPW Indus. Srvcs., Inc.*, 249 F.3d 1293, 1297 (11th Cir. 2001) (finding error in award of costs for videotape exhibits and computer animation).

---

[9] See attached deposition breakdown chart.

Here, on behalf of the Claimants, the Aylstock firm seeks $3,435.05[10] for the creation of magnetic boards as "exemplification" costs and the Levin firm seeks $3,063.75 for trial demonstratives and copies, ECF Doc. 1353-3. The Pro Legal invoice submitted by the Levin firm appears to be for an enlargement of an exhibit mounted onto a foam board. The Court finds that $3,063.75 in costs to be recoverable. *See Arcadian*, 249 F.3d at 1297 (including the cost of oversize documents as taxable costs). The Aluma Designs LLC invoice submitted by the Aylstock firm appears to be for enlargements of exhibits placed on magnetic boards. The Court also finds this cost to be recoverable. *See Suppa v. Costa Crociere, S.p.A.*, 2008 WL 4629078, at *2 (S.D. Fla. Oct. 17, 2008) (taxing costs for trial boards containing multiple color photos of the accident scene, overall layouts of the decks of the boats, and layouts of the interior of the vessel under *Arcadian*); *Walsh v. Paccar, Inc.*, 2007 WL 9797532, at *3 (D. Mass. July 25, 2007) (interpreting exemplification to include charts, trial boards and photographic enlargements).

Claimants also seek $12,041.15 in "printing" costs charged by Pro Legal Copies, Inc. The Court finds the copying costs sought by Aylstock are not taxable. The invoices submitted do not identify what was copied. In Claimants' memorandum, Claimants explain that the costs were for "impeachment sets" –

---

[10] As discussed above, Aylstock also identifies certain costs for Courtcom and ILS as "exemplification costs," and those costs are discussed under trial technology costs.

copies of witnesses' depositions for the Court, the witness, and opposing counsel. ECF Doc. 1353-11. In Aylstock's breakdown of expenses, ECF Doc. 1353-1 at 5-6, the firm identifies $9,895.12 as being for "trial – labeled, foldered copies of parties' trial exhibits" and $2,146.03 as being for the impeachment copies. The Court does not find these costs to be taxable to Skanska.

First, the party moving for taxation of costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Ga. Dep't of Trans.,* 29 F.3d 1489, 1494 (11th Cir. 1994) (finding no error in court's denial of photocopying costs); *see also Helms v. Wal–Mart Stores, Inc.,* 808 F. Supp. 1568, 1570 (N.D. Ga. 1992) ("A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made"), *aff'd,* 998 F.2d 1023 (11th Cir. 1993). The Court agrees with Skanska that the invoices submitted by the Aylstock firm are insufficient for the Court to make a determination as to whether the copies were necessary, particularly here, when, as noted by Claimants, the Court wanted a paperless trial. *See, e.g., Johnson v. Mortham,* 173 F.R.D. 313, 319 (N.D. Fla. 1997) (denying photocopying costs because there was no breakdown of the nature of the copies or their use or intended use at trial); *Guetzloe Group, Inc.,* 2007 WL 2479335 at *4 (M.D. Fla. Aug. 28, 2007) ("while photocopies might be recoverable, Mask fails to itemize what the copies were for and fails to show that the copies were

necessary to the case as opposed to being for counsel's convenience"); *For Play Ltd. v. Bow to Stern Maintenance, Inc.,* 2006 WL 3662339, \*11 (S.D. Fla. Nov.6, 2006) ("Plaintiff has submitted no evidence from which the Court can determine that the photocopies at issue were necessarily obtained for use in the case, as opposed to, for example, copies that Plaintiff made merely for counsel's convenience. Those costs therefore are not recoverable.").

Second, even if the Court were to accept Claimants' representation that the costs were for impeachment sets of deposition transcripts, copies made for the convenience of counsel, including copies for witnesses, are not taxable. *See Amgen, Inc.*, 2017 WL 11680186, at \*4. Because it is unclear from the invoices which copies were made for the Court versus for counsel or the witnesses, the Court cannot say that the charges identified in the Pro Legal invoices submitted by the Aylstock firm were reasonably necessary for this case. *See Amgen, Inc.*, 2017 WL 11680186 at \*6 (finding binders of exhibits for witnesses are for the convenience of counsel and the parties and, therefore, those costs should not be taxed); *Bumpers v. Austal U.S.A., L.L.C.,* 2015 WL 6870122, at \*11 (S.D. Ala. Nov. 6, 2015) (extra copies of exhibits made for convenience of counsel are not taxable); *Desisto Coll., Inc. v. Town of Howey-In-The-Hills,* 718 F. Supp. 906, 914 (M.D. Fla. 1989), *aff'd sub nom. Desisto Coll., Inc. v. Line,* 914 F.2d 267 (11th Cir. 1990) ("The defendants have not itemized the copies they claim were necessarily obtained for use of the case and those that

were for their own convenience.  The Court will, therefore, not award the defendants

costs for photocopying.").  Moreover, the Court notes the costs included are not just

for making copies but for folders and redwells.  ECF Doc. 1353-1 at 103-04.

### F.  <u>The United States' Bill of Costs</u>

Included in the initial Bill of Costs submitted by Claimants was the United

States Bill of Costs, ECF Doc. 1353-4 at 1-18, seeking $25,742.89 in deposition

transcript costs.  Skanska objected to these costs on several grounds, including that

the invoices included by the United States only equaled $18,859.74.  ECF Doc. 1364

at 25.  Skanska also argued the deposition costs should be reduced by the amount of

expedited charges, limited to either stenographic or video costs, and, in any event, to

the extent transcripts or videos were obtained by the other Claimants, are duplicative.

In response, the United States amended its Bill of Costs, ECF Doc. 1365, explaining

it inadvertently omitted some invoices *and* that in re-reviewing all of its invoices, the

United States discovered additional costs which had not been included.  *Id.*  Thus, in

its Amended Bill of Costs, the United States seeks $32,106.69 in costs.

As an initial matter, the undersigned will consider the United States' Amended

Bill of Costs, as courts are permitted to consider amendments to timely-filed bills of

costs.  *See Smith v. R.J. Reynolds Tobacco Co.*, 369 F. Supp. 3d 1269, 1273-74 (M.D.

Fla. 2019) (noting courts have permitted "parties to file an amended bill of costs after

the deadline for doing so has passed, where the amended bill corrects an error or

technical deficiency in an original, timely-filed bill of costs"). Furthermore, Skanska has not been prejudiced by the submission of the Amended Bill of Costs, as both the original and amended bills only seek costs for deposition transcripts, and Skanska's arguments against taxing those deposition costs apply equally to both submissions.

Skanska also argues the United States should not be able to recover the deposition costs because they are duplicative of the costs that are being taxed against Skanska in favor of one of the other Claimants. Skanska, however, does not cite any authority (and the Court did not locate any) that would prevent one prevailing party from recovering its costs simply because another prevailing party incurred similar costs. As stated above, under Rule 54(d)(1) costs should be allowed to the prevailing party. It is undisputed that the United States is one of the prevailing parties in this case. It is further undisputed that the United States was separately represented and that the costs incurred by the United States were actually paid by the United States.

Thus, the undersigned finds the United States is entitled to recover its deposition costs, but not the costs related to expedited processing. Because $14,098.09 of the $32,106.69 in deposition costs the United States seeks is for expedited processing, ECF Doc. 1365-1, the undersigned finds the United States is entitled to $18,008.60 in costs.

Accordingly, it is ORDERED:

The clerk is directed to tax costs in favor of the Claimants and against Skanska

in the total amount of $100,476.37.[11]

At Pensacola, Florida, this 27th day of October, 2023.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] The Court calculated the costs as follows:  Aylstock - $49,270.43, Beggs & Lane - $7,988.59,
Levin - $25,208.75, and United States - $18,008.60.

| Invoice | AWKO Cost | AWKO Rough | AWKO Expedited | AWKO Tech | AWKO Taxable | Levin Cost | Levin Rough | Levin Expedited | Levin Taxable | Beggs Cost | Beggs Rough | Beggs Expedited | Beggs Taxable | US Cost | US Expedited | US Taxable |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| D. Francis | 2964.65 | 405.95 | 988.40 | | 1570.30 | | | | | | | | | 2356.35 | 1164.90 | 1191.45 |
| D. Francis 2 | 1512.50 | | | | 1512.50 | | | | | | | | | 1441.20 | 644.00 | 797.20 |
| D. Francis 3 | 2040.20 | | 644.00 | | 1396.20 | | | | | | | | | | | |
| D. Francis 4 | 1225.00 | | | | 1225.00 | | | | | | | | | | | |
| G. Walker | 1897.30 | 243.80 | 498.20 | | 1155.30 | | | | | | | | | 1212.70 | 498.20 | 714.50 |
| G. Walker 2 | 1105.00 | | | | 1105.00 | | | | | | | | | | | |
| R. Hill | 3263.94 | 377.20 | 918.40 | | 1968.34 | | | | | | | | | 2173.70 | 1082.40 | 1091.30 |
| R. Hill 2 | 945.00 | | | | 945.00 | | | | | | | | | | | |
| N. Johnson | 2664.15 | 311.65 | 758.80 | | 1593.70 | | | | | | | | | 1653.20 | 758.80 | 894.40 |
| N. Johnson 2 | 1320.00 | | | | 1320.00 | | | | | | | | | | | |
| C. Burgess | | | | | | 1674.30 | | 641.20 | 1033.10 | | | | | 1535.60 | 755.70 | 779.90 |
| W. Bender | 1642.60 | | 523.60 | | 1119.00 | | | | | | | | | 1142.50 | 523.60 | 618.90 |
| W. Bender 2 | 1080.00 | | | | 1080.00 | | | | | | | | | | | |
| E. Rubio | 1219.70 | | 453.60 | | 766.10 | | | | | | | | | 1117.05 | 534.60 | 582.45 |
| E. Rubio 2 | 1080.00 | | | | 1080.00 | | | | | | | | | | | |
| P. McGlynn | 1397.55 | 157.55 | 383.60 | | 856.40 | | | | | | | | | 854.90 | 383.60 | 471.30 |
| P. McGlynn 2 | 1475.00 | | | 585.00 | 890.00 | | | | | | | | | 1091.00 | 495.60 | 595.40 |
| P. McGlynn 3 | 1771.65 | 203.55 | 495.60 | | 1072.50 | | | | | | | | | | | |
| P. McGlynn 4 | 1261.25 | | | 633.75 | 627.50 | | | | | | | | | | | |
| S. Stephens | | | | | | 3068.10 | 354.20 | 862.40 | 1851.50 | | | | | 1935.50 | 862.40 | 1073.10 |
| S. Stephens 2 | | | | | | 1225.00 | | | 1225.00 | | | | | | | |
| R. Benton | 2227.20 | 243.80 | 593.60 | | 1389.80 | | | | | | | | | 1504.20 | 731.40 | 772.80 |
| R. Benton 2 | 1105.00 | | | | 1105.00 | | | | | | | | | | | |
| R. Gonzalez | 1385.60 | | 436.80 | | 948.80 | 985.00 | | | 985.00 | | | | | 1037.40 | 514.80 | 522.60 |
| T. Fulton | | | | | | 3197.70 | | 1220.80 | 1976.90 | | | | | 2735.30 | 1220.80 | 1514.50 |
| T. Fulton 2 | | | | | | 1655.00 | | | 1655.00 | | | | | | | |
| N. Bishop | 1891.25 | 251.85 | 613.20 | | 1026.20 | | | | | | | | | 1481.80 | 722.70 | 759.10 |
| N. Bishop | 1180.00 | | | | 1180.00 | | | | | | | | | | | |
| R. Rodgers | | | | | | 2650.60 | 305.90 | 744.80 | 1599.90 | | | | | 1795.90 | 877.80 | 918.10 |
| R. Rodgers 2 | | | | | | 1345.00 | | | 1345.00 | | | | | | | |
| T. DeMarco | 2555.60 | | 784.00 | | 1771.60 | 1320.00 | | | 1320.00 | | | | | 1008.90 | 0.00 | 1008.90 |
| T. DeMarco 2 | 1290.00 | | | | 1290.00 | | | | | | | | | | | |
| T. DeMarco 3 | 2591.91 | | 885.36 | 50.00 | 1656.55 | | | | | | | | | | | |
| Cpt. L. Allen | 1607.60 | 307.05 | 413.85 | | 886.70 | | | | | | | | | 1620.55 | 691.00 | 929.55 |
| J. Rogier | | | | | | 1897.80 | 204.70 | 498.40 | 1194.70 | | | | | 1197.70 | 587.40 | 610.30 |
| J. Rogier 2 | | | | | | 555.00 | | | 555.00 | | | | | | | |
| B. Thach | | | | | | 850.00 | | | 850.00 | 3307.29 | 382.95 | 932.40 | 1991.94 | 1134.04 | 30.64 | 1103.40 |
| T. Beddow | | | | | | 1105.00 | | | 1105.00 | | | | | 2077.20 | 1017.75 | 1059.45 |
| T. Beddow 2 | | | | | | 3116.20 | | 1489.75 | 1626.45 | | | | | | | |
| | | | | | | | | | | | | | | | | |
| Totals | 45699.65 | 2502.40 | 9391.01 | 1268.75 | **32537.49** | 24644.70 | 864.80 | 5457.35 | **18322.55** | 3307.29 | 382.95 | 932.40 | **1991.94** | 32106.69 | 14098.09 | **18008.60** |